UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br>Plaintiff,<br>vs.<br>INNOVAGE, INC. and WALGREEN CO.,<br>Defendants. | : | CA 06 401S<br>C.A. NO. |

**COMPLAINT**

Plaintiff, Emissive Energy Corporation ("Emissive"), brings this action against defendants, Innovage, Inc. ("Innovage") and Walgreen Co. d/b/a Walgreens ("Walgreen"), for trademark infringement, false designation of origin and unfair competition in violation of federal and state statutory and common law. By this Complaint, Emissive seeks injunctive relief and monetary damages and alleges as follows:

**PARTIES**

1. Emissive is a Delaware corporation with its principal place of business located at 135 Circuit Drive, North Kingstown, Rhode Island. Emissive designs and sells high performance flashlights and other handheld lighting equipment from its headquarters in Rhode Island. Its products are sold through several channels, such as retailers, distributors, Internet sales and mail order catalogs.

2. Upon information and belief, Innovage is a California corporation with its principal place of business located at 19511 Pauling, Foothill Ranch, California. Upon information and belief, Innovage designs, manufactures, distributes and sells LED

flashlights, including the so-called INNOVAGE flashlight (the "INNOVAGE"). Innovage has sold and continues to sells its products, including the INNOVAGE, in Rhode Island and throughout the United States. It sells these products through several channels, such as retailers, distributors, and mail order catalogs.

3. Upon information and belief, Walgreen is an Illinois corporation with its principal place of business located at 200 Wilmot Road, Deerfield, Illinois. Walgreen is the nation's largest retail drug store chain with approximately 5,461 stores throughout the United States, including several in Rhode Island.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

5. This Court has jurisdiction over Innovage and venue is properly laid in this Court under 28 U.S.C. §1391 (b) and (c) inasmuch as Innovage distributes and sells its products to customers in this jurisdiction.

6. This Court has jurisdiction over Walgreen and venue is properly laid in this Court under 28 U.S.C. §1391 (b) and (c) inasmuch as Walgreen operates numerous retail stores in this jurisdiction.

## FACTS

### Emissive, Its Products and Trademark

7. Since its founding in 1991, Emissive has gained worldwide recognition for its industry-leading light emitting diode (LED) lighting solutions.

8. Emissive develops and manufactures high-quality INOVA® brand LED lighting equipment.

9. The INOVA® brand encompasses several handheld flashlights, including the X5®, the Microlight, the 24/7®, the X1®, the XO™, and the XO3™.

10. Emissive distinguishes its INOVA® brand in the marketplace by offering flashlights with superior design, performance, functionality and durability.

11. In addition to producing outstanding lighting products, Emissive provides industry-leading customer service by offering, *inter alia*, a lifetime limited warranty on its product line.

12. Emissive first used the word mark INOVA® in commerce on July 31, 2000 in connection with LED illuminated flashlights and has been using it in commerce continuously since then.

13. During its long, widespread and continuous use of the INOVA® mark, Emissive has expended considerable sums of money to advertise and promote the INOVA® mark and its associated products and services. Emissive has prominently featured the INOVA® mark throughout the United States and the world in brochures, industry publications, press releases, and national and international advertising campaigns in a variety of media and on its website.

14. Through its promotion, advertising and quality of products and services, Emissive has developed considerable goodwill in its INOVA® brand, which is widely recognized by consumers as LED flashlights.

15. To protect the substantial goodwill associated with its products, Emissive applied for and received a registration from the United States Patent and Trademark

Office (the "PTO") for its INOVA® trademark (Reg. No. 2575157, granted June 4, 2002, reflecting first-use in commerce on July 31, 2000). A copy of the Registration is attached as Exhibit A. Emissive's INOVA® trademark registration is valid and subsisting.

16. The INOVA® mark is recognized and relied on as identifying Emissive as the sole source of goods designated with the INOVA® mark and has become widely known amongst consumers and in the handheld lighting industry as identifying high quality LED flashlights originating from Plaintiff. Accordingly, the INOVA® mark is an extremely valuable commercial asset.

**Innovage's Business**

17. Upon information and belief, Innovage manufactures and sells discount consumer goods across dozens of product lines, including, without limitation, electronics, leather goods, children's items, and household goods.

18. Upon information and belief, Innovage is also a reseller of nationally-recognized brand name merchandise in similar product categories.

19. Upon information and belief, Innovage does not sell items directly to consumers, but rather, Innovage supplies fungible goods to retailers, including, without limitation, Walgreen.

20. In or about May of 2006, Emissive learned that Innovage is manufacturing, marketing and selling an LED flashlight set bearing the label "INNOVAGE ™".

21. Emissive also learned that Innovage has filed applications with the PTO to register INNOVAGE in connection with a wide variety of products, including flashlights.

22. On May 24, 2006, Emissive sent a letter to Innovage demanding that Innovage immediately cease and desist its use of INNOVAGE in connection with flashlights and file an express abandonment of its trademark applications. Innovage continues its use of INNOVAGE in connection with flashlights.

23. Innovage's use of INNOVAGE in connection with flashlights is calculated to deceive consumers into believing that Innovage's flashlights are provided by or associated with the INOVA® brand.

24. Innovage's use of INNOVAGE in connection with flashlights is likely to cause confusion with consumers and customers within the handheld lighting industry.

25. Further, upon information and belief, Innovage is using INNOVAGE in connection with flashlights for the express purpose of trading on Emissive's well-known and respected INOVA® mark.

26. Walgreen has sold and/or is selling and/or offering to sell an LED flashlight set bearing the label "INNOVAGE ™" throughout its chain of retail stores.

27. On June 23, 2006, Emissive sent a letter to Walgreen demanding that Walgreen immediately cease and desist its sale of flashlights bearing the INNOVAGE name. Walgreen continues its sale of INNOVAGE flashlights.

28. Walgreen's sale of INNOVAGE flashlights is calculated to deceive consumers into believing that the INNOVAGE flashlights are provided by or associated with the INOVA® brand.

29. Walgreen's sale of INNOVAGE flashlights is likely to cause confusion with consumers and customers within the handheld lighting industry.

30. Further, upon information and belief, Walgreen is selling INNOVAGE flashlights for the express purpose of trading on Emissive's well-known and respected INOVA® mark.

**COUNT I**
**Federal Trademark Infringement—Innovage**
**(Violation of 15 U.S.C. § 1114)**

31. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Innovage, without the consent of Emissive, has used in commerce marks confusingly similar and/or identical to Emissive's registered trademark in connection with the sale and offering for sale of flashlights, which use is likely to cause confusion, or to cause mistake or to deceive.

33. Innovage's acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

34. Innovage's acts are intentional, willful and in bad faith.

35. The aforesaid acts of Innovage have caused, and are causing, great and irreparable harm and damage to Emissive, and unless permanently restrained by this Court, said irreparable injury will continue.

36. Emissive has no adequate remedy at law.

**COUNT II**
**Federal Trademark Infringement—Walgreen**
**(Violation of 15 U.S.C. § 1114)**

37. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Walgreen, without the consent of Emissive, has used in commerce marks confusingly similar and/or identical to Emissive's registered trademark in connection with the sale and offering for sale of flashlights, which use is likely to cause confusion, or to cause mistake or to deceive.

39. Walgreen's acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

40. Walgreen's acts are intentional, willful and in bad faith.

41. The aforesaid acts of Walgreen have caused, and are causing, great and irreparable harm and damage to Emissive, and unless permanently restrained by this Court, said irreparable injury will continue.

42. Emissive has no adequate remedy at law.

**COUNT III**

**Federal Unfair Competition and False Designation of Origin—Innovage**

**(Violation of 15 U.S.C. § 1125(a))**

43. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. The aforesaid acts of Innovage constitute the intentional use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Innovage with Emissive, or as to the origin, sponsorship or approval of Innovage's products or other commercial activities by Innovage.

45. The aforesaid acts of Innovage constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and

misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Innovage's products or other commercial activities.

46. The aforesaid acts of Innovage constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. The aforesaid acts of Innovage have caused, and are causing, great and irreparable harm and damage to Emissive, and unless permanently restrained by this Court, said irreparable injury will continue.

48. Emissive has no adequate remedy at law.

## COUNT IV

## Federal Unfair Competition and False Designation of Origin—Walgreen (Violation of 15 U.S.C. § 1125(a))

49. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. The aforesaid acts of Walgreen constitute the intentional use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Walgreen with Emissive, or as to the origin, sponsorship or approval of Walgreen's products or other commercial activities by Walgreen.

51. The aforesaid acts of Walgreen constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion,

misrepresent the nature, characteristics or qualities of Walgreen's products or other commercial activities.

52. The aforesaid acts of Walgreen constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. The aforesaid acts of Walgreen have caused, and are causing, great and irreparable harm and damage to Emissive, and unless permanently restrained by this Court, said irreparable injury will continue.

54. Emissive has no adequate remedy at law.

**COUNT V**
**(Common Law Unfair Competition—Innovage)**

55. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. Innovage's aforesaid acts are a violation and derogation of Emissive's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of Innovage's products, and Innovage's aforesaid acts are likely to cause confusion, mistake and deception among consumers and the public as to Innovage's affiliation with or sponsorship by Emissive of Innovage's aforesaid acts.

57. Innovage's aforesaid acts are causing loss, damage and injury to Emissive and to the purchasing public.

58. Innovage knows, or in the exercise of reasonable care should know, that its conduct is likely to so mislead the public.

59. The foregoing conduct by Innovage has been knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Emissive's rights.

60. Innovage's wrongful acts, as alleged above, have permitted or will permit it to make substantial sales and profits on the strength of Emissive's nationwide and international marketing, advertising, sales and consumer recognition.

61. As a direct and proximate result of Innovage's wrongful conduct, as alleged above, Emissive has been and will be deprived of substantial sales of products and services in an amount as yet unknown but to be proved at trial, and has been and will be deprived of the value of its INOVA® brand in an amount as yet unknown but to be determined at trial.

62. The aforesaid acts of Innovage constitute unfair competition in violation of common law.

63. The aforesaid acts of Innovage have caused and are causing great and irreparable harm and damage to Emissive, and unless permanently restrained by this Court, said irreparable injury will continue.

64. Emissive has no adequate remedy at law.

**COUNT VI**

**(Common Law Unfair Competition—Walgreen)**

65. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. Walgreen's aforesaid acts are a violation and derogation of Emissive's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of Walgreen's products, and Walgreen's aforesaid acts are likely to cause confusion, mistake and

deception among consumers and the public as to Walgreen's affiliation with or sponsorship by Emissive of Walgreen's aforesaid acts.

67. Walgreen's aforesaid acts are causing loss, damage and injury to Emissive and to the purchasing public.

68. Walgreen knows, or in the exercise of reasonable care should know, that its conduct is likely to so mislead the public.

69. The foregoing conduct by Walgreen has been knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Emissive's rights.

70. Walgreen's wrongful acts, as alleged above, have permitted or will permit it to make substantial sales and profits on the strength of Emissive's nationwide and international marketing, advertising, sales and consumer recognition.

71. As a direct and proximate result of Walgreen's wrongful conduct, as alleged above, Emissive has been and will be deprived of substantial sales of products and services in an amount as yet unknown but to be proved at trial, and has been and will be deprived of the value of its INOVA® brand in an amount as yet unknown but to be determined at trial.

72. The aforesaid acts of Walgreen constitute unfair competition in violation of common law.

73. The aforesaid acts of Walgreen have caused and are causing great and irreparable harm and damage to Emissive, and unless permanently restrained by this Court, said irreparable injury will continue.

74. Emissive has no adequate remedy at law.

**RELIEF REQUESTED**

WHEREFORE, plaintiff Emissive prays for a judgment in its favor and against defendants Innovage and Walgreen ordering:

A. That Innovage, and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be temporarily, preliminarily and permanently enjoined and restrained from:

(1) using on or in connection with the advertising, promotion, offering for sale, sales or distribution of LED flashlights, the designation "INNOVAGE" or any variations thereof or anything confusingly similar thereto or to Plaintiff's INOVA® mark, or any variations thereof or anything confusingly similar thereto;

(2) representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that Innovage's LED flashlights are those of Emissive, or that there is any affiliation or connection between Emissive or its products and Innovage or its products, and from otherwise unfairly competing with Plaintiff;

(3) causing to be advertised, published or disseminated by any means any false or misleading representations as to the existence of any relationship between Innovage and Emissive or between any products of Innovage and any products and services of Emissive.

B. That Emissive recover its damages sustained as a result of Innovage's infringement, unfair competition and false designation of origin under federal, state and common law, together with an accounting of Innovage's profits arising from such activities, and that the Court exercise its discretion and enter a judgment for such additional sums as the Court shall find to be just, according to the egregious, willful and intentional nature of the acts of Innovage;

C. That Innovage be required to recall from any and all channels of trade, any and all advertising or promotional materials using the designation "INNOVAGE" in connection with flashlights or any variations thereof or anything confusingly similar thereto or to the INOVA® mark, and to take affirmative steps to dispel any false suggestion of a connection to Emissive by virtue of its activities, including, but not limited to, all necessary and appropriate corrective advertising measures;

D. That Walgreen, and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be temporarily, preliminarily and permanently enjoined and restrained from:

(1) using on or in connection with the advertising, promotion, offering for sale, sales or distribution of LED flashlights, the designation "INNOVAGE" or any variations thereof or anything confusingly similar thereto or to Plaintiff's INOVA® mark, or any variations thereof or anything confusingly similar thereto;

(2) representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that INNOVAGE designated LED flashlights are those of Emissive, or that there is any affiliation or connection between Emissive or its products and INNOVAGE flashlights, and from otherwise unfairly competing with Plaintiff;

(3) causing to be advertised, published or disseminated by any means any false or misleading representations as to the existence of any relationship between Walgreen and Emissive or between INNOVAGE flashlights and any products and services of Emissive.

E. That Emissive recover its damages sustained as a result of Walgreen's infringement, unfair competition and false designation of origin under federal, state and common law, together with an accounting of Walgreen's profits arising from such activities, and that the Court exercise its discretion and enter a judgment for such additional sums as the Court shall find to be just, according to the egregious, willful and intentional nature of the acts of Walgreen;

F. That Walgreen be required to recall from any and all channels of trade, any and all advertising or promotional materials using the designation "INNOVAGE" in connection with flashlights or any variations thereof or anything confusingly similar thereto or to the INOVA® mark, and to take affirmative steps to dispel any false suggestion of a connection to Emissive by virtue of its activities, including, but not limited to, all necessary and appropriate corrective advertising measures;

G. That Emissive has and recovers treble damages under 15 U.S.C. § 1117;

H. That Emissive has and recovers its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

I. That Emissive has and recovers its costs and disbursements herein; and

J. That Emissive be awarded such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: September 6, 2006

Emissive Energy\Innovage\Pleadings\Complaint.doc