UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC. d/b/a/ GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | C.A. NO. 06-401S |

**FIRST AMENDED COMPLAINT**

Plaintiff, Emissive Energy Corporation ("Emissive"), brings this action against defendants, Innovage, Inc. ("Innovage"), Walgreen Co. d/b/a Walgreens ("Walgreen"), Overstock.com, Inc. ("Overstock"), Harrison Brothers, Inc. d/b/a Good Buy Guys ("Harrison"), Denrig, Inc. ("Denrig"), Mary Sedivy d/b/a Aspen Country Store ("Sedivy"), Merchandise For You ("Merchandise"), Northern Mountain Supply ("Northern"), Philip Franken d/b/a Auctionatic Store ("Franken"), and MerchSafari, LLC ("MerchSafari") for trademark infringement, false designation of origin and unfair competition in violation of federal and state statutory and common law. By this First Amended Complaint, Emissive seeks injunctive relief and monetary damages and alleges as follows:

**PARTIES**

1. Emissive is a Delaware corporation with its principal place of business located at 135 Circuit Drive, North Kingstown, Rhode Island. Emissive designs and sells high performance flashlights and other handheld lighting equipment from its headquarters in Rhode Island. Its products are sold through several channels, such as retailers, distributors, Internet sales and mail order catalogs.

2. Upon information and belief, Innovage is a California corporation with its principal place of business located at 19511 Pauling, Foothill Ranch, California. Upon information and belief, Innovage designs, manufactures, distributes and sells lighting products bearing the INNOVAGE label (the "Accused Mark"). Innovage has sold and continues to sells its products, including those bearing the Accused Mark, in Rhode Island and throughout the United States. It sells these products through several channels, such as retailers, distributors, mail order catalogs and over the Internet.

3. Upon information and belief, Walgreen is an Illinois corporation with its principal place of business located at 200 Wilmot Road, Deerfield, Illinois. Walgreen is the nation's largest retail drug store chain with approximately 5,461 stores throughout the United States, including several in Rhode Island.

4. Upon information and belief, Overstock is a Utah corporation with its principal place of business located at 6350 South 3000 East, Salt Lake City, Utah. Overstock owns and operates the interactive web site, www.overstock.com, and is an Internet retailer of "closeout" merchandise selling across several product categories.

5. Upon information and belief, Harrison is a North Carolina corporation with its principal place of business located at 47 North Chatham Parkway, Chapel Hill, North

Carolina. Upon information and belief, Harrison owns and operates the interactive web site, www.goodbuyguys.com, and is an Internet retailer of audiovisual products.

6. Upon information and belief, Denrig is a Florida corporation with its principal place of business located at 18581 South River Road, Alva, Florida. Upon information and belief, Denrig owns and operates the interactive web site, www.denrig.com, and is an Internet retailer of general merchandise.

7. Upon information and belief, Sedivy is an individual with a business address of 4267 East Easter Place, Littleton, Colorado. Upon information and belief, Sedivy owns and operates the interactive web site, www.aspencountry.com, and is an Internet retailer of a wide assortment of consumer goods.

8. Upon information and belief, Merchandise is an unincorporated association with its principal place of business located at 100 Plum, Healdton, Oklahoma. Upon information and belief, Merchandise owns and operates the interactive web site, www.merchandiseforyou.com, and is an Internet retailer of consumer goods.

9. Upon information and belief, Northern is an unincorporated association with its principal place of business located at 125 West Fifth Street, Eureka, California. Upon information and belief, Northern owns and operates the interactive web site, www.northernmountain.com, and is an Internet retailer of camping and outdoor products.

10. Upon information and belief, Franken is an individual with a business address of 335 Bismark Road, Jackson, New Jersey. Upon information and belief, Franken owns and operates the interactive web site, www.auctionaticstore.com, and is an Internet retailer of consumer goods.

11. Upon information and belief, MerchSafari is an Illinois limited liability company with its principal place of business located at 2531 East Devon Avenue, Elk Grove Village, Illinois. Upon information and belief, MerchSafari owns and operates the interactive web site, www.merchsafari.com, and is an Internet wholesaler of general merchandise.

**JURISDICTION AND VENUE**

12. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

13. This Court has jurisdiction over Innovage and venue is properly laid in this Court under 28 U.S.C. §1391 (b) and (c) inasmuch as Innovage distributes and sells its products, including those bearing the Accused Mark, to customers in this jurisdiction.

14. This Court has jurisdiction over Walgreen and venue is properly laid in this Court under 28 U.S.C. §1391 (b) and (c) inasmuch as Walgreen operates numerous retail stores and sells and/or offers for sale products bearing the Accused Mark in this jurisdiction.

15. This Court has jurisdiction over Overstock, Harrison, Denrig and MerchSafari and venue is properly laid in this Court under 28 U.S.C. §1391 (b) and (c) inasmuch as Overstock, Harrison, Denrig and MerchSafari offer products for sale on their interactive Internet web sites, including those bearing the Accused Mark, that are directed to consumers and retailers in this judicial district and are readily accessible to Internet users in this judicial district.

16. This Court has jurisdiction over Sedivy, Merchandise, Northern and Franken and venue is properly laid in this Court under 28 U.S.C. §1391 (b) inasmuch as Sedivy, Merchandise, Northern and Franken offer products for sale on their interactive Internet web sites, including those bearing the Accused Mark, that are directed to consumers and retailers in this judicial district and are readily accessible to Internet users in this judicial district.

## FACTS

### Emissive, Its Products and Trademark

17. Since its founding in 1991, Emissive has gained worldwide recognition for its industry-leading light emitting diode (LED) lighting solutions.

18. Emissive develops and manufactures high-quality INOVA® brand LED lighting equipment.

19. The INOVA® brand encompasses several handheld flashlights, including the X5®, the Microlight, the 24/7®, the X1®, the XO™, and the XO3™.

20. Emissive distinguishes its INOVA® brand in the marketplace by offering flashlights with superior design, performance, functionality and durability.

21. In addition to producing outstanding lighting products, Emissive provides industry-leading customer service by offering, *inter alia*, a lifetime limited warranty on its product line.

22. Emissive first used the word mark INOVA® in commerce on July 31, 2000 in connection with LED illuminated flashlights and has been using it in commerce continuously since then.

23. During its long, widespread and continuous use of the INOVA® mark, Emissive has expended considerable sums of money to advertise and promote the INOVA® mark and its associated products and services. Emissive has prominently featured the INOVA® mark throughout the United States and the world in brochures, industry publications, press releases, and national and international advertising campaigns in a variety of media and on its web site.

24. Through its promotion, advertising and quality of products and services, Emissive has developed considerable goodwill in its INOVA® brand, which is widely recognized by consumers as LED flashlights.

25. To protect the substantial goodwill associated with its products, Emissive applied for and received a registration from the United States Patent and Trademark Office (the "PTO") for its INOVA® trademark (Reg. No. 2575157, granted June 4, 2002, reflecting first-use in commerce on July 31, 2000). A copy of the Registration is attached as Exhibit A. Emissive's INOVA® trademark registration is valid and subsisting.

26. The INOVA® mark is recognized and relied on as identifying Emissive as the sole source of goods designated with the INOVA® mark and has become widely known amongst consumers and in the handheld lighting industry as identifying high quality LED flashlights originating from Plaintiff. Accordingly, the INOVA® mark is an extremely valuable commercial asset.

**Innovage's Business**

27. Upon information and belief, Innovage imports and/or manufactures and sells discount consumer goods across dozens of product lines, including, without limitation, electronics, leather goods, children's items, and household goods.

28. Upon information and belief, Innovage is also a reseller of nationally-recognized brand name merchandise in similar product categories.

29. Upon information and belief, Innovage does not sell items directly to consumers, but rather, Innovage supplies fungible goods to retailers and wholesalers, including, without limitation, Walgreen, Overstock, Harrison, Denrig, Sedivy, Merchandise, Northern, Franken, and MerchSafari.

30. In or about May of 2006, Emissive learned that Innovage is manufacturing, marketing and selling an LED flashlight set bearing the Accused Mark.

31. Emissive also learned that Innovage has filed applications with the PTO to register the Accused Mark in connection with a wide variety of products, including flashlights.

32. On May 24, 2006, Emissive sent a letter to Innovage demanding that Innovage immediately cease and desist its use of the Accused Mark in connection with flashlights and file an express abandonment of its trademark applications. Innovage continues its use of the Accused Mark in connection with flashlights.

33. Innovage's use of the Accused Mark in connection with lighting products is calculated to deceive consumers into believing that Innovage's lighting products are provided by or associated with the INOVA® brand.

34. Innovage's use of the Accused Mark in connection with lighting products is likely to cause confusion with consumers and customers within the lighting industry.

35. Further, upon information and belief, Innovage is using the Accused Mark in connection with lighting products for the express purpose of trading on Emissive's well-known and respected INOVA® mark.

36. Walgreen has sold and/or is selling and/or offering to sell an LED flashlight set bearing the Accused Mark throughout its chain of retail stores.

37. On June 23, 2006, Emissive sent a letter to Walgreen demanding that Walgreen immediately cease and desist its sale of flashlights bearing the Accused Mark. Walgreen continues its sale of flashlights bearing the Accused Mark.

38. Walgreen's sale of lighting products bearing the Accused Mark is calculated to deceive consumers into believing that lighting products bearing the Accused Mark are provided by or associated with the INOVA® brand.

39. Walgreen's sale of lighting products bearing the Accused Mark is likely to cause confusion with consumers and customers within the handheld lighting industry.

40. Further, upon information and belief, Walgreen is selling lighting products bearing the Accused Mark for the express purpose of trading on Emissive's well-known and respected INOVA® mark.

**Innovage Sales on the Internet**

41. In or about September of 2006, Emissive learned that lighting products bearing the Accused Mark are being sold and/or offered for sale at several Internet web sites, including, without limitation, the interactive web sites owned and operated by Overstock, Harrison, Denrig, Sedivy, Merchandise, Northern, Franken, and MerchSafari (collectively, the "Internet Defendants").

42. The Internet Defendants have sold and/or are selling and/or offering to sell on their interactive web sites lighting products bearing the Accused Mark. Consumers and retailers residing in and/or doing business in Rhode Island can order and send

payment for lighting products bearing the Accused Mark via an automated, interactive form on the Internet Defendants' web sites or via telephone.

43. The Internet Defendants' sale of lighting products bearing the Accused Mark is calculated to deceive consumers into believing that the lighting products bearing the Accused Mark are provided by or associated with the INOVA® brand.

44. The Internet Defendants' sale of lighting products bearing the Accused Mark is likely to cause confusion with consumers and customers within the handheld lighting industry.

45. Further, upon information and belief, the Internet Defendants are selling lighting products bearing the Accused Mark for the express purpose of trading on Emissive's well-known and respected INOVA® mark.

**COUNT I**
**Federal Trademark Infringement—All Defendants**
**(Violation of 15 U.S.C. § 1114)**

46. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 45 of this First Amended Complaint as if fully set forth herein.

47. Defendants, without the consent of Emissive, have used in commerce marks confusingly similar and/or identical to Emissive's registered trademark in connection with the sale and offering for sale of lighting products, which use is likely to cause confusion, or to cause mistake or to deceive.

48. Defendants' acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

49. Defendants' acts are intentional, willful and in bad faith.

50. The aforesaid acts of Defendants have caused, and are causing, great and irreparable harm and damage to Emissive, and unless preliminarily and permanently restrained by this Court, said irreparable injury will continue.

51. Emissive has no adequate remedy at law.

**COUNT II**
**Federal Unfair Competition and False Designation of Origin—All Defendants**
**(Violation of 15 U.S.C. § 1125(a))**

52. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 51 of this First Amended Complaint as if fully set forth herein.

53. The aforesaid acts of Defendants constitute the intentional use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Emissive, or as to the origin, sponsorship or approval of Defendants' products or other commercial activities by Defendants.

54. The aforesaid acts of Defendants constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Defendants' products or other commercial activities.

55. The aforesaid acts of Defendants constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. The aforesaid acts of Defendants have caused, and are causing, great and irreparable harm and damage to Emissive, and unless permanently restrained by this Court, said irreparable injury will continue.

57. Emissive has no adequate remedy at law.

**COUNT III**
**(Common Law Unfair Competition—All Defendants)**

58. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 57 of this First Amended Complaint as if fully set forth herein.

59. Defendants' aforesaid acts are a violation and derogation of Emissive's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of Defendants' products, and Defendants' aforesaid acts are likely to cause confusion, mistake and deception among consumers and the public as to Defendants' affiliation with or sponsorship by Emissive of Defendants' aforesaid acts.

60. Defendants' aforesaid acts are causing loss, damage and injury to Emissive and to the purchasing public.

61. Defendants know, or in the exercise of reasonable care should know, that their conduct is likely to so mislead the public.

62. The foregoing conduct by Defendants has been knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Emissive's rights.

63. Defendants' wrongful acts, as alleged above, have permitted or will permit them to make substantial sales and profits on the strength of Emissive's nationwide and international marketing, advertising, sales and consumer recognition.

64. As a direct and proximate result of Defendants' wrongful conduct, as alleged above, Emissive has been and will be deprived of substantial sales of products and services in an amount as yet unknown but to be proved at trial, and has been and will be deprived of the value of its INOVA® brand in an amount as yet unknown but to be determined at trial.

65. The aforesaid acts of Defendants constitute unfair competition in violation of common law.

66. The aforesaid acts of Defendants have caused and are causing great and irreparable harm and damage to Emissive, and unless permanently restrained by this Court, said irreparable injury will continue.

67. Emissive has no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, plaintiff Emissive prays for a judgment in its favor and against defendants Innovage, Walgreen, Overstock, Harrison, Denrig, Sedivy, Merchandise, Northern, Franken, and MerchSafari ordering:

A. That Defendants, and each of their officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be temporarily, preliminarily and permanently enjoined and restrained from:

(1) using on or in connection with the advertising, promotion, offering for sale, sales or distribution of lighting products, the Accused Mark or any variations thereof that are confusingly similar to Plaintiff's INOVA® mark;

(2) representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that Defendants' lighting products are those of Emissive, or that there is any affiliation or connection between Emissive or its products and Defendants or their products, and from otherwise unfairly competing with Plaintiff;

(3) causing to be advertised, published or disseminated by any means any false or misleading representations as to the existence of any relationship between Defendants and Emissive or between any products of Defendants and any products and services of Emissive.

B. That Emissive recover its damages sustained as a result of Defendants' infringement, unfair competition and false designation of origin under federal, state and common law, together with an accounting of Defendants' profits arising from such activities, and that the Court exercise its discretion and enter a judgment for such additional sums as the Court shall find to be just, according to the egregious, willful and intentional nature of the acts of Defendants;

C. That Defendants be required to recall from any and all channels of trade, any and all advertising or promotional materials using the Accused Mark in connection with lighting products or any variations thereof that are confusingly similar to Plaintiff's INOVA® mark, and to take affirmative steps to dispel any false suggestion of a connection to Emissive by virtue of its activities, including, but not limited to, all necessary and appropriate corrective advertising measures;

D. That Emissive recovers treble damages under 15 U.S.C. § 1117;

E. That Emissive recovers its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

F. That Emissive recovers its costs and disbursements herein; and

G. That Emissive be awarded such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its Attorneys

/s/ Craig M. Scott

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: December 11, 2006

**CERTIFICATE OF SERVICE**

To:

Michael H. Feldhuhn, Esq.
56 Pine Street
Suite 200
Providence, RI 02903

I hereby certify that the within *First Amended Complaint* was filed through the ECF system on the 11th day of December, 2006, and will be sent electronically to the above named counsel, who is a registered participant identified on the Notice of Electronic Filing.

/s/ Craig M. Scott

H:\Clients\Emissive Energy\Innovage - RI\Pleadings\First Amended Complaint.doc