**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | : | |
| v. | : | Civil Action No.: 06-CV-401-S (LDA) |
| INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC., d/b/a GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC, Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS INNOVAGE, INC.'S AND WALGREEN CO.'S MOTION TO TRANSFER OR STAY PURSUANT TO 28 U.S.C. §§1404, 1406 AND/OR 1412**

Defendants Innovage, Inc. ("Innovage") and asserted customers of Innovage (hereinafter collectively "Defendants") by their attorneys, submit herewith a memorandum of law in support of Innovage's and Walgreen Co.'s ("Walgreen")[1] Motion to Transfer or Stay Pursuant to 28 U.S.C. §§1404, 1406 and/or 1412. Filed in support of this motion are the Declarations of Sharon Celis ("Celis Decl."), Michael Meryash ("Meryash Decl.") and Howard C. Miskin ("Miskin Decl.") with exhibits.

---

[1] Only Defendants Innovage and Walgreen make this motion because, on information and belief, the remaining Defendants have not been served with process. As explained herein, Innovage suspects that eight more defendants were recently added to this case in an effort by Emissive to create the appearance of a difference between this action and the earlier-filed action pending between the parties in California.

## PRELIMINARY STATEMENT

On July 19, 2006, Defendant Innovage filed a civil action in the Central District of California, seeking a declaratory judgment of non-infringement of the registered trademark INOVA (Reg. No. 2,575,157), allegedly owned by Plaintiff ("California Action").

On September 7, 2006, almost two (2) months later, Plaintiff, Emissive Energy Corp. ("Emissive") filed this action for trademark infringement, unfair competition and false designation of origin, alleging infringement by Innovage's use of its tradename and mark, INNOVAGE, on Defendants' flashlight products ("Rhode Island Action").

Other than a cease and letter from Emissive to Innovage on or about May 26, 2006, there was no other contact between Innovage and Emissive until after July 19, 2006. Emissive could not rely on any statement of Innovage to delay filing its suit, since there was no contact between them.

On November 27, 2006, in response to the Complaint in the California Action, Emissive filed a Motion to Dismiss, Transfer or Stay. The Court in the California Action has scheduled a hearing on Emissive's motion on January 29, 2007.

Even though there are two (2) actions pending involving the primary parties to the dispute, on December 11, 2006, Plaintiff filed an Amended Complaint adding eight other Defendants, allegedly customers of Defendant Innovage. Although Plaintiff already had sued the supplier of these newly added alleged customers, Plaintiff added these eight Defendants in an apparent effort to create the appearance of a difference between the two actions and thereby bolster its arguments that this case should remain in Rhode Island. These newly added defendants have offices all over the United States and apparently their only contact with Rhode Island is allegedly via the internet. There is a serious question on venue. The real case is

between the supplier, Innovage, and the registrant, Emissive. Whatever the resolution between these two parties will determine all of the issues raised in the Amended Complaint. Forum shopping should not be rewarded.

**FACTS**

1. Since at least as early as July 2001, Defendant Innovage has offered and continues to offer for sale a variety of products bearing its tradename and house mark "INNOVAGE," including flashlights. See, Celis Decl. ¶3. Innovage's products are sold to various retailers throughout North America. Miskin Decl. ¶2.

2. Innovage's single office is and its employees of this office are, all located in California and located within the jurisdiction of the United States District Court, Central District of California. See, Meryash Decl. ¶1; Celis Decl. ¶¶1 & 2.

3. On information and belief, Plaintiff Emissive is the registrant of the trademark Registration No. 2,575,157 for the mark INOVA ("trademark in suit") for "flashlights, namely LED illuminated flashlights" with a registration date of June 4, 2002. On information and belief, Emissive is located in Rhode Island, but does business within the Central District of California.

4. Defendant Innovage sells various types of products, including flashlights using regular incandescent bulbs, and some with LEDs, a common type of light source. Innovage coined the INNOVAGE mark independently, and has filed applications for two United States trademark registrations with the U.S. Patent and Trademark Office, under Serial Nos. 78/596,872 and 78/596,801, for its Innovage mark.

5. In a letter dated May 24, 2006, Plaintiff charged Defendant Innovage with infringement of the INOVA mark by Innovage's use of the trade name and mark INNOVAGE

on LED flashlights. Miskin Decl. ¶3. Defendant Innovage began investigating this charge and turned the matter over to its outside counsel. Id.

6. Upon information and belief, before Innovage's investigation was completed, Plaintiff subsequently contacted Innovage's customers charging them with trademark infringement of the trademark in suit by the sale of Defendant Innovage's product. Miskin Decl. ¶4 & Exhibit A.

7. On or about June 23, 2006, one of Innovage's customers, Defendant Walgreens, Co. ("Walgreens"), received a letter from Plaintiff's counsel threatening a lawsuit unless the customer ceased all sales of Innovage's products and paid unspecified damages to Plaintiff. Plaintiff claimed that Emissive is the registered owner of a trademark listed with the U.S. Patent and Trademark Office for INOVA. Plaintiff's counsel claimed that the "sale of flashlights bearing the INNOVAGE mark suggests that it is attempting to trade off the goodwill that Emissive has developed in the INOVA mark." A true copy of the letter is attached as Exhibit A to the Miskin Decl.

8. On July 19, 2006, having been threatened directly and through its customer Walgreen with a lawsuit on what Innovage's attorneys believed to be an unfounded claim and to stop threats against its customers, Innovage filed a Declaratory Judgment action against Emissive in the United States District Court, Central District of California, case no. 06-4516, seeking judgment of non-infringement by its use of Innovage and invalidity of the trademark INOVA ("California Action"). See, Miskin Decl. ¶7 & Exhibit B. Innovage has its office and employees within that district. Meryash Decl. ¶1; Celis Decl. ¶1.

9. In the belief the matter could be resolved amicably and not wanting the filing of the suit to become an issue in settlement negotiations, notice of the suit and service of summons

and complaint was delayed, while Defendant Innovage proposed settlement to Emissive's counsel. Miskin Decl. ¶7. Plaintiff's counsel was advised of the Declaratory Judgment action during a telephone conversation on or about August 25, 2006, between Plaintiff's and Defendant's counsels, when settlement proceedings were failing. Id. ¶8.

10. On September 7, 2006, Emissive filed this action against Innovage and Walgreen, one of Innovage's customers, in the District Court of Rhode Island, claiming federal trademark infringement and additionally, federal unfair competition, and common law unfair competition, all involving the trademarks INNOVAGE and INOVA ("Rhode Island Action").

11. Without knowledge of Emissive's action on September 7, 2006, Defendant unsuccessfully called Emissive's counsel on September 7 and 8, and left voice mail messages requesting a return call. Miskin Decl. ¶9. None came. Id. Then, on September 8, 2006, Innovage sent Emissive's attorney a faxed letter on its pending suit in California but still seeking settlement. A copy of which is annexed as Exhibit D to Miskin Decl.

12. On the same day, September 8, 2006, Emissive mailed to Innovage and Walgreens a copy of the Complaint in the Rhode Island Action, which was not received by Innovage until September 13 and Walgreens until September 12. Miskin Decl. ¶11.

13. Unsuccessful in trying to reach Emissive's counsel by telephone and voicemail on September 7, and on September 8, 2006, prior to notice or receipt of the Complaint filed by Emissive, which was served by U.S. mail dated September 8, 2006, but received on September 13, Innovage concluded that the settlement efforts were futile and formally notified Emissive about the Summons and Complaint of the California Action. See, Miskin Decl. ¶¶9-11.

14. On November 27, 2006, in response to the prior Complaint of the California Action served on Emissive, Emissive filed a Motion to Dismiss, Transfer or Stay. A hearing on

this pending Motion is scheduled for January 29, 2007, and a decision is expected shortly thereafter, if not at the hearing. Miskin Decl. ¶13.

15. On December 11, 2006, Plaintiff, through its attorneys, amended its Rhode Island Complaint, to add eight (8) additional Defendants, all of whom are alleged to be selling over the internet, Innovage's flashlights bearing its trade name and mark INNOVAGE. The Amended Complaint charged Innovage and nine other Defendants with trademark infringement and unfair competition.

16. On information and belief, at least two (2) of the newly added Defendants have their offices in or around California. See, Meryash Decl. ¶2. The offices of the rest are scattered around the United States.

17. At this time, Defendant Innovage plans to use at least four (4) witnesses residing in or around the Central District of California, Sharon Celis, Michael Meryash and at least two customers, who will have difficulty attending trial in Rhode Island, but close enough to Los Angeles to attend the entire trial, if necessary. See, Meryash Decl. ¶¶2 & 3. Having the suit in Rhode Island will restrict witnesses of Innovage willing or able to travel to Rhode Island to attend trial and they are out of the subpoena power of the Rhode Island Court. Id.; Celis Decl. ¶2.

18. Defendant Innovage is a small company with few employees so it would be a major disruption of its business if any of these employees have to travel to Rhode Island for trial. Id.

19. On information and belief, Emissive is a larger company, able to spare employees to testify in California, without causing a major disruption of its business.

## ARGUMENTS

### I. Emissive Energy Corporation's Complaint Should be Transferred to the Venue Where a Duplicative Action Was First Filed and Where Innovage's and Third Parties' Witnesses Reside and Work.

A. Almost Two (2) Months After Innovage's Suit was Filed in California, Emissive Filed This Duplicative Case in Rhode Island

The first-filed rule generally gives precedence to the first of two duplicative actions filed in different federal courts. "Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice of venue decision." Clanbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). Also, see, TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996) ("Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer.")

On July 19, 2006, Innovage first filed an action involving the trademarks of the primary parties, Innovage and Emissive, in the Central District Court of California. See, Complaint, attached as Exhibit B to Miskin Decl. In its California Action against Emissive, Innovage seeks declaratory judgment on whether Innovage's trademark on its flashlights infringe Emissive's trademark on flashlights. Although Innovage's California Action against Emissive is for declaratory relief, it does not bar the application of the first-filed presumption. See, GSI Lumonics v. BioDiscovery, 112 F. Supp. 2d 99 at 104 (D. Mass. 2000). "The general rule favors the forum of the first-filed action, whether or not is a declaratory action." Id, quoting, Genentech, Inc. v. Eli Lilly, 998 F.2d 931, 937-938 (Fed. Cir. 1993).

The precise trademark issue raised in the California Action lies at the heart of this Rhode Island Action, filed by Emissive, one and a half months after the filing of Innovage's California

Action. Emissive has alleged infringement of its trademark INOVA by Innovage's use of INNOVAGE on all types of flashlights. These lawsuits are duplicative and fully overlap, so both should not proceed. "Duplicative lawsuits are those in which the issues have such an identity that a determination in one action leaves little or nothing to be determined in the other." Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 688 (D. Tenn. 2005).

As noted, Emissive has just amended its original complaint adding eight (8) new defendants, apparently seeking to create a "difference" in scope of the two litigations. All of these defendants are asserted to be selling Innovage's flashlights at their online retail websites. The wide diversity of places of business of these newly added Defendants will create a much more difficult and costly discovery. A number of these added Defendants have their offices located in California or close to it. The addition of these new defendants does not change or alter the thrust of the case, i.e. whether Innovage has infringed Emissive's trademark. See, California Co-op v. Multimedia Cablevision, 897 F. Supp. 316 (D. Tex. 1995) ("Where two pending federal district courts entertained theft of intellectual property suits involved substantially similar issues, it was held under the first to file rule, the court in which the case was filed first was the proper venue. [E]ven though the second suit added two new defendants, plus antitrust claims, the thrust of the suits was the same." "The cases need not be identical to be duplicative.") In determining whether the cases involve the same issue, it is enough that the overall content of each suit is not very capable of independent development, and will be likely to overlap to a substantial degree. General Prods. Mach. Shop, Inc. v. Systematic, Inc., 2006 U.S. Dist. LEXIS 50514 (D. Idaho 2006).

The two actions (California and Rhode Island) involve the same subject matter between the main parties, the supplier of the asserted infringing flashlights and the owner of the

trademark alleged to be infringed. If Innovage, the supplier, prevails then all the other actions against its customers vanish. The overlap between the suits is nearly complete. There is no dispute as to which action was filed first. Innovage filed the California Action nearly two months prior to Emissive's action in Rhode Island. Clearly, the first to file rule favors Innovage, because both actions revolve around resolution of the issue of whether Innovage is liable for trademark infringement of Emissive's mark on its flashlights. Therefore, the second filed Rhode Island Action should be transferred to California, where the action was first filed, for adjudication.

Plaintiff was aware of Defendants Innovage having already filed its Declaratory Judgment action before Plaintiff filed its Action in Rhode Island. It filed it anyway.

B. The Exceptions to the First-Filed Rule Do Not Apply to This Action

There are two exceptions to the first-filed rule. The first is where there are "special circumstances" justifying a transfer, such as where the party bringing the first-filed action engaged in misleading conduct in order to prevail in a pre-emptive "race to the courthouse." TransCanada Power Marketing, Ltd. v. The Narragansett Electric Co., 402 F. Supp. 2d 343, 347 (D. Mass. 2005). The second is where the balance of convenience substantially favors the second-filed action. Id. Under both "exceptions" the California Action prevails.

1. The first exception does not apply to this action. Innovage did not at any time mislead Emissive into believing that no action would be filed. Although Innovage had filed an action against Emissive in California, in July 2006, it continued to seek amicable resolution of the issue. See, letter of Howard C. Miskin, Innovage's Attorney, to Emissive, dated July 21, 2006, attached as Exhibit C to Miskin Decl. An example of a "race to the courthouse" is where a

party reacts to the notice of imminent filing by literally sprinting to the courthouse the same day. See, Veryfine Products, Inc. v. Phlo Corp., 124 F. Supp. 2d 16, 22-25 (D. Mass. 2000).

Although Innovage waited to serve process in order to continue negotiations unencumbered by a civil action overhanging these negotiations, it does not indicate or suggest that Innovage made any representations that it would not sue during the intermittent negotiations. See, Miskin Decl. ¶¶7 & 8. Innovage's decision to file but not to serve its suit immediately manifested a desire on its part both to avoid litigation if at all possible and to attempt to clear the air of infringement if settlement could not be reached. Innovage, as it had every right to do, sought to secure the convenience of a California forum if litigation was required. See, Biogen, Inc. v. Schering AG, 954 F. Supp. 391, 397 (D. Mass. 1996).

In consideration of the fact that the lawsuits were filed nearly two months apart, there cannot be any implication of the exception to the first-filed rule, such as the special circumstance of a race to the courthouse. "There can be no race to the courthouse when only one party is running." TransCanada Power Marketing, at 348, quoting Learning Network, Inc. v. Discovery Communications, Inc., 11 Fed. App'x 297. 301 (4th Cir. 2001).

Upon it and its customers being threatened, Innovage had every right to file a Declaratory Judgment action of no infringement. It was first to file and did not prevent or mislead Emissive in not filing.

In TransCanada Power Marketing, Narragansett attempted to justify its claim that the situation amounted to a "special circumstance" based on the mere fact that negotiations were ongoing. Narragansett further alleged that TransCanada took advantage of this false sense of security. The Court disagreed, and stated that generally, "where two sophisticated parties are negotiating at arm's length, in the absence of any proof of misrepresentation or bad faith, the

Court finds it inappropriate to deny the … the first-filed rule." TransCanada Power Marketing, at 349. Therefore, Emissive cannot claim an exception to the first-filed rule, alleging that it was lured into a false sense of security, merely because Innovage continued its attempts to seek an amicable resolution. There is no evidence of bad faith or misrepresentation by Innovage.

2. The second exception is where the balance of convenience substantially favors the second-filed action. The party that first filed an action on the issues of this case is domiciled in California whereas the party that was the second to file is domiciled in Rhode Island. Neither venues are the site of the events which led to the commencement of the actions. The products of both parties are sold nationwide. Operative events giving rise to the instant action have occurred throughout the country, and do not favor one venue over another. Furthermore, the proper venue for this action is California, because most of the non-party witnesses reside in that state, and it is questionable whether they would travel to Rhode Island for testimony. These third party witnesses are beyond the subpoena range of the Rhode Island Court.

Emissive's choice of venue should not be afforded any greater weight than Innovage's choice of forum, especially because allowing the second-filed action to move forward simply shifts the burden of inconvenience to Innovage, the party who first filed the action. Transferring this case to California will not cause undue burden on Emissive, because Emissive clearly has retained counsel there, and is duly represented by Greenberg Taurig in the California Action. It is indisputable that the balance of convenience does not substantially favor the second-filed action.

As shown in the Declarations of Michael Meryash and Howard Miskin, INNOVAGE's third party witnesses reside in or near the Central District Court of California, beyond the reach of any subpoena issuing from the Rhode Island Court. INNOVAGE would be unable to secure

trial testimony from these third party witnesses if the case continues in Rhode Island. Also, INNOVAGE is a small company with six (6) employees and cannot spare even a few employees to attend the trial in Rhode Island. Celis Decl. ¶2.

In view of the fact that neither one of the exceptions to the first-filed rule applies, this action should be transferred to California, where a duplicative action was filed first.

**II. The Action Should be Stayed Pending the Ruling of California District Court on Venue, Because The Court in Which the First-Filed Case Was Brought Should Decide Whether Or Not the First-Filed Rule Applies**

It is well established that the Court in which the first-filed case was brought decides the question of whether or not the first-filed rule applies. Cruz v. Hartford Casualty Insurance, 2005 WL 1231965, at 3 (D.R.I. 2005), quoting, Ontel Products, Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150 n 9 (S.D.N.Y. 1995). Also, see, Aquakem Caribe Inc. v. Kemiron Atl., Inc. 218 F. Supp. 2d 199, 2002 U.S. Dist. LEXIS 16474 (D.P.R. 2002); SW Industries, Inc. v. Aetna Casualty & Surety Co., 653 F. Supp. 631, 639 (D.R.I. 1987). "Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996).

In Fredrick v. St. Matthew's Univ. Cayman Ltd., 2006 U.S. Dist. LEXIS 31184 (D. Me. 2006), the Court stated that "[t]he principle underlying the first-filed rule is that federal district courts -- sister courts of coordinate jurisdiction and equal rank -- should, in the interests of comity and sound judicial administration, normally dismiss or transfer the second-filed action when two identical actions are filed in courts of concurrent jurisdiction."

The first-filed action was in the Central District of California. As explained in the previous section, the two cases are nearly identical. A motion to dismiss, transfer or stay has

been filed in the California Action. Therefore, it is within the jurisdiction of the California District Court to decide whether or not the first-filed rule applies in this case. The Rhode Island case was filed nearly two months after the California case, and therefore the Rhode Island Court should defer to the California Court to determine whether the first-filed rule applies.

## III. The Central District of California is the Most Convenient Court to Conduct this Action

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where it may have been brought for the convenience of parties and witnesses, in the interest of justice. Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient. Brian Jackson & Co. v. Eximias Pharm. Corp., 248 F. Supp. 2d 31 (D.R.I. 2003). When considering a motion to transfer under Section 1404(a), the court will consider such factors as the "convenience of the parties and witnesses and the availability of documents needed for evidence." Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 439 (D.N.H. 1991). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. Whether a case should be transferred pursuant to § 1404(a) is a matter within the court's discretion and requires an individualized, case-by-case consideration of convenience and fairness. Elbalah v. Republic Ins. Co., 879 F. Supp. 3, at 4 (D.R.I.1995).

1. Proximity of the Parties

The starting point for analyzing the convenience of the parties is to consider their residence in relation to the district chosen by the plaintiff and the transferee venue proposed. The places of business of the various Defendants in this action are spread throughout the country. The primary Defendant and the manufacturer of the allegedly infringing product, Innovage, is located in California, as is another Defendant, Northern Mountains Supply. The other eight

Defendants are located in Illinois (Walgreen and MerchSafari), Colorado (Mary Sedivy), Florida (Denrig), New Jersey (Franken), Utah (Overstock), North Carolina (Harrison) and Oklahoma (Merchandise for You). None of the Defendants are located in Rhode Island. However, two of the Defendants are located in California, where the first filed action is currently pending.

The only party out of the total of eleven parties involved in this action residing in Rhode Island is the Plaintiff. The balance of convenience of the parties weighs heavily in favor of transferring the case to the Central District of California, because California is the residence of the two Defendants, as well as a more convenient venue for the Defendants who do not reside in that state. See, Transamerica Corp. v. Trans-American Leasing Corp., 670 F. Supp. 1089 (D. Mass. 1987) (Holding that a transfer would be proper since that was where the claim arose, and a transfer would promote the convenience of defendants and witnesses, who resided there).

2. Proximity of the Witnesses

The convenience of the witnesses is one of the most important factors in passing on a motion to transfer under § 1404(a). "It involves consideration of something more than the number of witnesses located in the respective forums. It requires an assessment of the nature and quality of their testimony in relationship to the issue in the case." Elbalah v. Republic Ins. Co., at 4, citing, Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 928 (W.D. Mo. 1985). It should be determined what witnesses are to be called and what the nature of their testimony and the extent of their inconvenience will be. Elbalah v. Republic Ins. Co., at 4 (citations omitted).

The primary Defendant in this case is Innovage. The residence of all witnesses employed by Innovage is California. Since as mentioned above, Innovage is small so it cannot spare witnesses to travel to Rhode Island for trial. Furthermore, nearly all of the non-party witnesses reside in California, or can conveniently travel to California. See, Miskin Decl. ¶¶14 & 15.

According to the Meryash Decl., a director of Innovage, the corporate defendant, all of the discussions regarding the original selection of the mark INNOVAGE were held in California, as are its yearly directors' meetings. See, Meryash Decl. ¶4. It is undisputed that witnesses with knowledge of the circumstances surrounding selection of Innovage's corporate name and trademark, including the Defendants themselves, are in California. See, Transamerica Corp. v. Trans-American Leasing Corp., 670 F. Supp. 1089, 1093 (D. Mass. 1987).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court to transfer this action to the Central District of California or stay this action pending resolution of the California Action.

Dated: January 3, 2007

Defendants,
INNOVAGE, INC. and WALGREEN CO.,
By Their Attorneys,

/s/ Michael H. Feldhuhn

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, RI 02903
Tel. (401) 331-6600
FAX (401) 274-2780
LOCAL COUNSEL

Howard C. Miskin, pro hac vice
Gloria Tsui-Yip, pro hac vice pending
STOLL, MISKIN & BADIE
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118
Tel. (212) 268-0900
FAX (212) 268-0904

**CERTIFICATION**

I hereby certify that on this 3rd day of January, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record:

Craig M. Scott, Esquire
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Michael H. Feldhuhn

Michael H. Feldhuhn