**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC., d/b/a GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | Civil Action No.: 06-CV-401-S (LDA) |

**DECLARATION OF HOWARD C. MISKIN**

I, HOWARD C. MISKIN, declare as follows:

1. I am a partner in the law firm, STOLL, MISKIN & BADIE ("SMB"), having offices at 350 Fifth Avenue, New York, New York, 10118. SMB is intellectual property counsel to Defendant Innovage, Inc., a California Corporation ("Innovage"). I have personal knowledge of the matters contained in this Declaration and if called to testify as a witness, could and would competently testify to such matters. Where I am not certain of the facts I will state "on information and belief."

2. Defendant Innovage is in the business of importing, selling and distributing within the United States, various items for household use bearing its trademark Innovage, which includes flashlights ("Innovage's Product").

3. On or about May 24, 2006, Plaintiff, through its attorneys, asserted that Innovage's Product infringes its trademark registration for INOVA, Reg. No. 2,575,157 and threatened an infringement action relating to Defendant's offer for sale and sales of Innovage's Product. The trademark registration covers "flashlights, namely LED illuminated flashlights," in Class 11, claiming a registration date of June 4, 2002, and a claimed date of first use of July 31, 2000.

4. While Innovage was investigating the claims made in the May 24 letter, one of Innovage's customers, Walgreen Co., received a similar letter on or about June 23, 2006. A true copy of this letter is annexed hereto as Exhibit A.

5. As a supplier to Walgreen, Innovage took over the defense and claims against its customer for selling its product.

6. Innovage investigated the claim of Emissive, including a trademark search on INOVA, Innovage and INOVO and found a large number of marks and marks with prefixes including INNOVA, INNOVO, INOVA, and INOVO. We have found nothing that turned up on Innovage but a large number of INOVA and INOVO marks and prefixes.

7. Among the matters considered and completed, before contacting Emissive, was preparing and filing a Declaratory Judgment action in California. A true copy of the Complaint filed in California is annexed hereto as Exhibit B. Innovage had every right to file such a Declaratory Judgment action in view of the threats made to it and to its customer if they continue to sell flashlights bearing the Innovage mark. Innovage intended to continue to use its tradename. A decision was made that there is no infringement between INOVA and Innovage, but if it could be settled, it would be easier than litigating. See, my letter to Plaintiff's counsel dated July 21, 2006, a true copy of which is annexed hereto as Exhibit C.

8. The parties were unsuccessful in reaching an amicable resolution. In one of the telephone calls with Plaintiff's counsel, Craig Scott, on or about August 25, I did mention that Innovage had filed a Declaratory Judgment action in California although it was seeking, if possible, to amicably resolve the controversy.

9. I attempted to call Mr. Scott on September 7, 8, and 11, leaving voicemails and was unsuccessful.

10. On September 8, 2006, I faxed Emissive's attorney a letter on the pending suit in California but still seeking settlement. A true copy of which is annexed hereto as Exhibit D.

11. On the same day, September 8, 2006, presumably after receiving my faxed letter, Emissive mailed to Innovage and Walgreens a copy of the Complaint in the Rhode Island Action, which I understood was not received by Innovage until September 13 and Walgreens until September 12.

12. Emissive filed its action in Rhode Island with knowledge that there was already a pending Declaratory Judgment action in California. It was advised that this was not being served while we were trying to resolve the matter amicably.

13. On November 27, 2006, Plaintiff filed a Motion to Dismiss, Transfer or Stay the corresponding California Action. A hearing is scheduled for January 29, 2007, at which time, or shortly thereafter, a decision is expected.

14. Innovage intends to use as witnesses the Human Resources Manager and a Director in the California office. Innovage only has six (6) employees in its only office. Having a Human Resources Manager and a Director testify in Rhode Island at trial would be a major hardship for its small staff.

15. Similarly, Innovage intends to use as witnesses several of its customers to show there was no confusion nor likelihood of confusion and in fact no knowledge of Emissive or its products. Since these offices are in and around Los Angeles, one in Utah, adjacent to the border of California, they may not want to spend a number of days to travel to and from Rhode Island to give testimony, whereas the short distance to the Los Angeles Court can be a day trip at most.

I declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the foregoing is true and accurate.

Dated: January 2, 2007
New York, New York

Howard C. Miskin