Alan M. Klein, State Bar No. 92785
LAW OFFICE OF ALAN M. KLEIN CORP.
5757 W. Century Boulevard, Suite 880
Los Angeles, California 90045-6407

Telephone: (310) 649-3141

Attorneys for Plaintiff INNOVAGE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVAGE, INC., a California Corporation, Plaintiff, v. EMISSIVE ENERGY CORPORATION, Defendants. | Case No. CV 06 4516 MMM PJWx<br>COMPLAINT |

Plaintiff INNOVAGE INC. ("INNOVAGE" or "Plaintiff"), by its attorneys, for its Complaint against Defendant EMISSIVE ENERGY CORPORATION ("Emissive" or "Defendant") alleges as follows:

NATURE OF THE ACTION

1. Plaintiff INNOVAGE is in the business of importing, selling and distributing within the United States, various items for household use bearing its trademark INNOVAGE, including flashlights ("Plaintiff's Product").

2. Upon information and belief, Emissive is the registrant of the a trademark Registration No. 2,575,157 for the mark INOVA for "flashlights, namely LED illuminated flashlights" with a registration date of June 4, 2002, a copy of which is attached hereto as Exhibit A ("trademark in suit" or "INOVA mark").

3. On or about June 23, 2006 , Defendant, through its attorneys, asserted that Plaintiff's Product infringes the trademark in suit, and has threatened an infringement action relating to Plaintiff's offer for sale and sales of Plaintiff's Product.

4. Plaintiff, through its attorneys, charged one of the Defendant's customers of its flashlight bearing its mark INNOVAGE with trademark infringement.

5. Plaintiff's INNOVAGE mark is sufficiently distinct from the INOVA mark, and therefore Plaintiff's Product does not infringe upon the INOVA mark.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court because this litigation arises under federal law, namely the Lanham Act, 17 U.S.C. § 1051et seq. The Court has jurisdiction over this action under 28 U.S.C. §1331, 28 U.S.C. §1338(a), and 28 U.S.C. §2001.

7. Venue is proper in this district under 28 U.S.C. §1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this district and Defendant corporation resides within this District.

8. This Court has personal jurisdiction and venue over Defendant because, on information and belief, Defendant is engaged in and knowingly solicits substantial business in this District.

9. An actual case or controversy has arisen between the parties. Defendant has threatened litigation against Innovage and its customer, and has asserted that the use of the mark INNOVAGE on flashlights constitutes trademark infringement. These statements threaten injury to Plaintiff and Defendant has threatened at least one of its customers for offering for sale Plaintiff's flashlights bearing its INNOVAGE trademark.

## THE PARTIES

10. INNOVAGE is a corporation organized and existing under the laws of the state of California , having its principal place of business at 19511 Pauling Foothill Ranch, California 92610.

11. Upon information and belief, Defendant is a corporation organized under the laws of the state of Delaware , having its principal place of business at 135 Circuit Drive , North Kingstown , Rhode Island 02852 .

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Since at least as early as July 2001, Plaintiff Innovage has offered and continues to offer for sale a flashlight product bearing its house mark INNOVAGE. Innovage is well known in the industry, which includes sales to various retailers throughout the North America .

13. Plaintiff has continuously used the trademark INNOVAGE on a wide variety of products, including flashlights, since at least as early as July 1, 2001. Innovage has coined the INNOVAGE mark independently, and has filed for a trademark registration with the U.S. Patent and Trademark Office under Serial Nos. 78/596,872 and 78/596,801.

///

///

14. Upon information and belief, Defendant contacted Plaintiff's customers charging them with trademark infringement of the trademark in suit by the sale of Plaintiff's Product.

15. On or about June 23, 2006 , one of Plaintiff's customer received a letter from Defendant's counsel threatening a lawsuit unless the customer ceases all sales of Plaintiffs' Products. Defendant claimed that Emissive is the registered owner of a trademark listed with the U.S. Patent and Trademark Office for INOVA. Defendant's counsel claimed that the "sale of flashlights bearing the INNOVAGE mark suggests that it is attempting to trade off the goodwill that Emissive has developed in the INOVA mark." A true copy of the letter is attached hereto as Exhibit B.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

16. Plaintiff hereby repeats and realleges the allegations set forth in paragraphs 1 through 15 above as if fully set forth herein.

17. This is a claim for declaratory relief arising under Title 28, United States Code, Sections 2201 and 2202 for a declaration that Plaintiff did not and does not infringe Defendant Emissive's trademark in suit.

18. Plaintiff denies that Plaintiff's Product, it has offered for sale and continues to offer for sale, infringes the trademark in suit.

19. At most, Defendant's mark is a weak mark of limited protection in view of the wide and common use of INOVA and INNOVO, standing alone or as a prefix of various marks.

20. Because of Defendant Emissive's request that Plaintiff and Plaintiff's customer cease its offer for sale of Plaintiff's Product and the threat of

litigation, Plaintiff desires a judicial determination of its rights and duties and a declaration that Plaintiff's Product does not infringe Defendant Emissive's trademark in suit.

21. A judicial determination is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and prevent threats of infringement.

22. An actual and justifiable controversy exists between the Plaintiff and Defendant Emissive with respect to the '157 trademark and the alleged infringement by Plaintiff.

**COUNT II**

**DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY**

23. Plaintiff hereby repeats and realleges the allegations set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. On information and belief, the '157 trademark is invalid in that the trademark is not distinctive and does not meet the requirements of U.S. Trademark Law.

WHEREFORE, Plaintiff INNOVAGE seeks judgment as follows:

A. For a declaration that Plaintiff's Product, which Plaintiff has offered and continues to offer for sale, does not infringe the '157 trademark;

B. For a declaration that the trademark in suit is invalid;

///

///

///

C. For the cost of the suit incurred herein;

D. For reasonable attorneys fees as permitted by law;

E. Granting INNOVAGE such other and further relief as this Court may deem just and proper.

Dated: July 19, 2006

LAW OFFICE OF ALAN M. KLEIN CORP.

Alan M. Klein, Attorney for Plaintiff, INNOVAGE, INC.

**Int. Cl.: 11**

**Prior U.S. Cls.: 13, 21, 23, 31 and 34**

**Reg. No. 2,575,157**
**Registered June 4, 2002**

**United States Patent and Trademark Office**

## TRADEMARK
## PRINCIPAL REGISTER

# INOVA

EMISSIVE ENERGY CORPORATION (DELAWARE CORPORATION)
5 DIVISION STREET
WARWICK, RI 02818

FOR: FLASHLIGHTS, NAMELY LED ILLUMINATED FLASHLIGHTS, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 7-31-2000; IN COMMERCE 7-31-2000.

SER. NO. 75-937,958, FILED 3-3-2000.

JANICE L. MCMORROW, EXAMINING ATTORNEY

EXHIBIT
A

PENGAD 800-631-6989

DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW & LITIGATION

*Craig M. Scott, Esq.*
*cscott@duffysweeney.com*

June 23, 2006

*Via Federal Express*

Dana L. Green, Esq.
Senior Vice President - General Counsel
Walgreen Company
200 Wilmot Road
Deerfield, IL 60015

Re: *Infringement of Emissive Energy Corp. Trademark*

Dear Ms. Green:

This firm represents Emissive Energy Corp. ("Emissive"). As you may be aware, Emissive manufactures high-quality INOVA® brand LED lighting equipment that delivers optimum performance, durability and design. Emissive uses the INOVA® mark in connection with a full line of flashlights. Emissive began using the INOVA® mark in commerce on July 31, 2000, and has used it continuously since then.

It has come to Emissive's attention that Walgreen Company and/or one or more of its subsidiaries ("Walgreens") has sold, is selling and/or is offering to sell an LED flashlight set bearing the label "INNOVAGE ™" throughout its chain of retail stores. The sale by Walgreens of flashlights bearing the INNOVAGE mark suggests that it is attempting to trade off the goodwill that Emissive has developed in the INOVA® mark. Walgreens' sale of INNOVAGE flashlights is likely to cause consumers to believe, falsely, that INNOVAGE branded products and services are authorized, sponsored or approved by Emissive. As such, the sale by Walgreens of INNOVAGE flashlights constitutes trademark infringement and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1051 et seq., as well as state statutory and common law.



EXHIBIT
B

We have written to the purported manufacturer of the INNOVAGE flashlight, Innovage, Inc. ("Innovage"), requesting, among other things, that it immediately cease and desist all current and planned use of INNOVAGE in connection with flashlights. We have not received a response from Innovage.

We are contacting you in an attempt to resolve this matter quickly and amicably. Accordingly, please provide us with your prompt written assurance (by return facsimile) that Walgreens will immediately:

1. cease and desist your marketing and sales of products designated "INNOVAGE" or any other mark similar to the INOVA® trademark;

2. identify (by name, address, telephone, and facsimile numbers) all suppliers of the infringing products and advertising materials;

3. cease and desist from using the "INNOVAGE" trademark in any advertising;

4. state the number of units of each type of product containing and/or bearing and/or advertised or promoted for sale by reference to the designation "INNOVAGE" which remain in your custody and control;

5. state the number of units of each type of product containing and/or bearing and/or advertised or promoted for sale by reference to the designation "INNOVAGE" sold by you to date;

6. state your gross revenues on all units sold to date containing and/or bearing and/or advertised or promoted for sale by reference to the designation "INNOVAGE";

7. deliver up for destruction all products, advertising or promotional materials which contain and/or bear the designation "INNOVAGE"; and

8. desist from any other unauthorized uses of the INOVA® trademark or variations thereon.

Our client has spent considerable sums of money and effort developing its valuable trademark rights and is committed to diligently protecting and enforcing those rights to the fullest extent of the law. Accordingly, if we do not receive your written response as denoted above, our client will take whatever further actions are necessary to protect its interests.

Walgreen Co.
June 23, 2006
Page 3

Nothing herein is intended by us, nor should it be construed by you as a waiver or relinquishment of any rights or remedies which our client may have in this matter, and all such rights and remedies are hereby specifically reserved.

I look forward to hearing from you.

Very truly yours,

Craig M. Scott

cc: Emissive Energy Corp

[illegible]