**STOLL, MISKIN, & BADIE**
ATTORNEYS AND COUNSELORS AT LAW
THE EMPIRE STATE BUILDING
SUITE 4710
350 FIFTH AVENUE
NEW YORK, NEW YORK 10118

HOWARD C. MISKIN
JAMES W. BADIE
ROBERT S. STOLL
GLORIA TSUI-YIP

SAMUEL J. STOLL (1947-2001)
DORIS S. HOFFMAN (1970-1997)

WENDI E. OPPER

OF COUNSEL
DAVID M. McCONOUGHEY
JOHN P. McMAHON

PATENT, TRADEMARK, COPYRIGHT,
INTELLECTUAL PROPERTY
UNFAIR COMPETITION

TELEPHONE: 212-268-0900
FAX: 212-268-0904
212-564-5131
e-mail: howard@smbtlaw.com
gloria@smbtlaw.com

September 8, 2006

**BY FAX (617) 261 9605**
Craig M. Scott, Esq.
Duffy, Sweeney & Scott, LTD.
265 Franklin Street
Boston, Ma 02110

**Re: INNOVAGE –Emissive Energy Corp. Alleged Trademark Infringement of INNOVAGE**

Dear Mr. Scott,

I tried unsuccessfully to speak with you several times by telephone. I am finally sending you a letter on this matter.

This firm has represented INNOVAGE, Inc. in connection with intellectual property matters.

In checking with my client, no one in authority was aware of Emissive Energy Corporation's brand of lighting equipment or even it's assertedly using "INOVA" as its identifying mark for flashlights.

INNOVAGE does not knowingly infringe anyone's mark. It takes pains to avoid just that as it wants others to respect its marks.

Based on the searches we performed before the client adopted INNOVAGE as its trade name and trademark, it was our opinion that INNOVAGE was a unique term. To our knowledge, there is only one other party using INNOVAGE and we are in litigation with that company and hopefully resolving it amicably.

The search for INNOVAGE uncovered a large number of federal registrations, applications and claimed uses of mark or marks or terms that include the prefixs "INOVA" and "INOVO" in some form. A search only of the Federal Trademark records on "INOVA". I feel sure I am telling you nothing new. The term "INNOVAGE", however, is unique and is pronounced differently from your client's mark and differs in appearance in sound and looks form "INOVA".

My client has no knowledge of any third party being confused or writing to it referring to you client's product. Does your client have any instances of confusion? If so, please forward it to me so we may review with my client who seeks to avoid problems not get into problems. It had selected its mark only after a full search from our firm and having been given an opinion that the search turned up no infringing mark. My client's product is normally sold on a blister wrap card where its full name and corporate address is provided as well as the trademark. Hence, there should be no confusion since my client's trademark is the same as its name, which of course differs from your client's use its mark "INOVA".

Also, while still seeking an amicable resolution, we have filed declaratory Judgment action in the Court in the Central District of Los Angeles.

After you review this matter, I would appreciate hearing from you.

Very truly yours,

Howard C. Miskin

Howard C. Miskin