UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC. d/b/a/ GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | : | C.A. NO. 06-401S |

**PLAINTIFF'S OBJECTION TO DEFENDANTS INNOVAGE, INC.'S AND WALGREEN CO.'S MOTION TO TRANSFER OR STAY PURSUANT TO 28 U.S.C. §§ 1404, 1406 AND/OR 1412**

Plaintiff, Emissive Energy Corporation ("Emissive"), hereby objects to defendants Innovage, Inc.'s and Walgreen Co.'s Motion to Transfer or Stay Pursuant to 28 U.S.C. §§ 1404, 1406 and/or 1412. In support of its Objection, Emissive relies on the Memorandum of Law filed herewith.

Respectfully submitted,
EMISSIVE ENERGY CORPORATION
By its Attorneys

/s/ Craig M. Scott

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: January 22, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within *Plaintiff's Objection to Defendants Innovage, Inc.'s and Walgreen Co.'s Motion to Transfer or Stay* was filed through the ECF system on the 22nd day of January, 2007, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

***Via Electronic Filing***
Michael H. Feldhuhn, Esq.
56 Pine Street, Suite 200
Providence, RI 02903

Howard Charles Miskin
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

Gloria Tsui-Yip, Esq.
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

Thomas C. Chase, P.A.
1404 Dean Street, Suite 200
P.O. Box 1508
Fort Myers, FL 33902

Brent Baker
Overstock.com, Inc.
6350 S. 3000 E
Salt Lake City, UT 841121

Harrison Bros. Inc. d/b/a
Good Buy Guys
c/o William Regan Burton
132 Willow Way
Chapel Hill, NC 27516-9305

Mary Sedivy d/b/a
Aspen Country Store.com
4267 E. Easter Place
Centennial, CO 80122

Merchandise for You
100 Plum
Healdton, OK 73438

Northern Mountain Supply
c/o Mark Caristrom
125 West Fifth Street
Eureka, CA 95501

Philip Franken d/b/a
Auctionatic Store
Online Corp.
335 Bismark Road
Jackson NNJ

Merchsafari, LLC
c/o Herman Bowman
2530 Autumn Grove Circle
Aurora, IL 60504

/s/ Craig M. Scott

Emissive Energy\Innovage - RI\Pleadings\Obj to Motion to Transfer or Stay.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EMISSIVE ENERGY CORPORATION,

Plaintiff,

vs.

INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC. d/b/a/ GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,

Defendants.

C.A. NO. 06-401S

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS INNOVAGE, INC.'S AND WALGREEN CO.'S MOTION TO TRANSFER OR STAY PURSUANT TO 28 U.S.C. §§ 1404, 1406 AND/OR 1412**

## I. INTRODUCTION

On May 24, 2006, Plaintiff Emissive Energy Corporation ("Emissive"), a Rhode Island-based manufacturer of LED flashlights branded with its registered trademark INOVA®, wrote to Innovage, Inc. ("Innovage") requesting that it cease its infringement of Emissive's INOVA® mark. Innovage ignored the letter. Emissive then contacted Walgreen Co. d/b/a Walgreens ("Walgreens"), the Rhode Island reseller of Innovage products, and requested that it stop selling Innovage's products that infringe Emissive's INOVA® mark. Walgreens replied that it would investigate the claim and respond. Walgreens never responded. Nearly two months after Emissive sent its cease and desist letter to Innovage, Innovage contacted Emissive and denied

infringement, but offered to resolve the dispute. Emissive and Innovage engaged in settlement discussions for approximately a month and a half; however, no agreement could be reached.

Emissive filed this infringement action (the "Rhode Island Action") against Innovage and several of its resellers, including Walgreens. Two days prior to responding to Emissive's cease and desist letter, however, Innovage filed a declaratory judgment action in the Central District of California (the "California Action"). Innovage's declaratory judgment action against Emissive is a classic anticipatory suit filed by an accused trademark infringer who was extended an opportunity to resolve amicably the parties' dispute and took advantage of that opportunity by racing to the courthouse and secretly filing a declaratory judgment action, thereby seizing the choice of forum from the true plaintiff. The true plaintiff and trademark holder is Emissive, and its action should proceed in the District of Rhode Island.

Innovage and Walgreens fail to meet their burden of proving that transfer to the Central District of California is necessary or, alternatively, that this action should be stayed. In its moving papers, Innovage[1] does not dispute that it filed its California Action for declaratory judgment of non-infringement in response to a cease and desist letter from Emissive. Innovage does not dispute that it failed to disclose for weeks that it had filed suit in the Central District of California, while Innovage and Emissive attempted to negotiate a settlement. Innovage does not dispute that it engaged in forum shopping when it filed the California Action. Indeed, Innovage admits that it "sought to secure the convenience of a California forum if litigation was required." (*See* Memorandum of Law in Support of Defendants' Motion to Transfer or Stay ("Memorandum") at 10.) Rather, Innovage contends that because it won the race to the

[1] Walgreens' participation in this Motion is curious. Walgreens is not a party to the California suit brought by Innovage, has no apparent interest in California over Rhode Island, and asserts no basis to transfer or stay this action. Accordingly, the Court should deny the Motion as to Walgreens. *Cf. Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988) (holding that a legal theory was not adequately placed in issue because the moving party failed to set forth its arguments "squarely and distinctly").

courthouse, it should be rewarded with its choice of forum. Innovage is wrong as a matter of law. This District is where the parties' dispute arose. This District is where products bearing Innovage's infringing mark were, and are being, sold. This District is where the relevant witnesses (including third party customer witnesses) and documents are located. This District is where Emissive has its office, and where Innovage and Walgreens conduct business. Accordingly, this action should not be stayed, and a transfer to the Central District of California is unwarranted.

## II. FACTS

### A. The INOVA® Trademark and Defendants' Infringement

The INOVA® brand encompasses the Microlight, the 24/7®, the X1®, the X5®, the XO™ and the XO3™ family of lighting products. (First Amended Complaint, ¶ 19.) Emissive first used the INOVA® brand in commerce on July 31, 2000 in connection with LED flashlights. (*Id.*, ¶ 22.) It owns a federal trademark registration from the United States Patent and Trademark Office (the "PTO") for its INOVA® brand. (Reg. No. 2575157, granted June 4, 2002.) (*Id.* ¶ 25.) The INOVA® trademark registration is valid and subsisting. (*Id.*) Emissive distinguishes the INOVA® brand in the marketplace by offering flashlights with superior design, performance, functionality and durability as well as industry-leading customer service. (*Id.* ¶ 20, 21.)

Innovage is selling LED flashlights at Walgreens retail drug stores in Rhode Island and on Internet web sites accessible in Rhode Island. (*Id.*, ¶¶ 2, 30, 41.) The Innovage flashlight is branded with the trademark INNOVAGE (the "Accused Mark"), which is confusingly similar to Emissive's federally registered INOVA® trademark. (*Id.*, ¶ 2.) Innovage also filed trademark applications with the PTO to register the mark, INNOVAGE, in connection with the sale of lighting products. (*Id.*, ¶ 31.)

By letter dated May 24, 2006, Emissive requested, among other things, that Innovage cease its infringement of Emissive's INOVA® mark at Walgreens and file express abandonments of its Innovage trademark applications for lighting products. (A true copy of the May 24, 2006 letter from Emissive to Innovage is attached hereto as Exh. A.) Innovage ignored Emissive's letter. (First Amended Complaint, ¶ 32.) Hearing nothing from Innovage, and in an effort to resolve this dispute short of litigation, by letter dated June 23, 2006, Emissive contacted Walgreens, the Rhode Island reseller of Innovage products, and requested that it stop selling Innovage's products bearing the Accused Mark. (*See* Exh. A to the Declaration of Howard C. Miskin filed in support of Defendants' Motion to Transfer or Stay ("Miskin Decl.").) On June 30, 2006, Walgreens responded that it would investigate Emissive's claim of infringement and would furnish Emissive with a response. (A true copy of Walgreens' June 30, 2006 letter to Emissive is attached hereto as Exh. B.) It never did.

**1. <u>The California Litigation</u>**

On July 19, 2006, Innovage filed the California Action. (Miskin Decl., Exh. B.) Walgreens is not a party to the California Action. (*See id.*) In its two-count Complaint, Innovage seeks a declaratory judgment of non-infringement of Emissive's registered trademark, INOVA®, and a declaratory judgment of trademark invalidity. (*Id.*) It does not assert a substantive cause of action against Emissive. Neither Innovage nor Walgreens notified Emissive of the filing of the California Action.

Two days later, by letter dated July 21, 2006, Innovage denied infringement of Emissive's registered trademark, INOVA®, and offered to resolve amicably the dispute between the parties. (Miskin Decl., Exh. C) In its letter, Innovage did not disclose to Emissive the filing of the California Action. (*See id.*) Rather, on September 8, 2006, Innovage first informed Emissive that

it had filed the California Action, approximately seven weeks after it sued Emissive, and a day *after* Emissive filed the Rhode Island Action against Innovage and Walgreens. (Miskin Decl., Exh. D.)[2]

On November 27, 2006, Emissive moved to dismiss the California Action. The motion has been fully briefed by the parties, and is scheduled for hearing on January 29, 2007.

### 2. **The Rhode Island Action**

On September 7, 2006, Emissive filed the Rhode Island Action against Innovage and Walgreens. The Complaint alleges federal trademark infringement, federal unfair competition and false designation of origin and common law unfair competition against both Innovage and Walgreens. (*See* First Amended Complaint.) After filing the Complaint, Emissive learned that additional companies are selling infringing products denominated with the Accused Mark, including additional products not addressed in Emissive's May 24, 2006 cease and desist letter, or disclosed by Innovage in any correspondence. (*See* Affidavit of Emissive's President, Robert Galli ("Galli Aff."), ¶ 5, attached hereto as Exh. C.) Accordingly, on December 11, 2006, Emissive filed its First Amended Complaint to add, as party defendants, Overstock.com, Inc., Harrison Brothers, Inc. d/b/a Good Buy Guys, Denrig, Inc. ("Denrig"), Mary Sedivy d/b/a Aspen Country Store, Merchandise For You, Northern Mountain Supply, Philip Franken d/b/a Auctionatic Store, and MerchSafari, LLC. (*Id.*)

---

[2] Innovage's New York counsel, Howard Miskin, avers in an affidavit that he notified Emissive's counsel of the California litigation on August 25, 2006, prior to Emissive's filing of the Rhode Island Action. (Miskin Decl., ¶ 8). This is untrue and at odds with Mr. Miskin's letter of September 8, 2006, in which he states, for the first time: "Also, while still seeking an amicable resolution, we have filed (sic) declaratory judgment action in the Court in the Central District of Los Angeles (sic)." (Miskin Decl., Exh. D.) It is also of no moment as it does not affect Innovage's impropriety in filing the California Action.

## III. ARGUMENT

### A. Innovage's Anticipatory Filing in California Does Not Compel Transfer.

There is a strong presumption in favor of Emissive's choice of forum. *See Paradis v. Dooley*, 774 F. Supp. 79, 82 (D.R.I. 1991) (denying motion to change venue) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") and *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S. Ct. 252, 265-66, 70 L. Ed. 2d 419 (1981) ("[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum"). This is especially so because Emissive is headquartered in Rhode Island. *See LaPlante v. Am. Honda Motor Co.*, C.A. No. 91-0015T, 1992 U.S. Dist. LEXIS 10180, *4 (D.R.I. 1992) ("[I]f the plaintiff is a resident of the district where the suit is brought, the plaintiff's choice of forum is given even greater deference"). Although a first-filed suit in another jurisdiction may override this presumption, it is well-settled that a party who institutes an anticipatory declaratory judgment action that is intended to preempt a later suit will not be granted its choice of forum. *Feinstein v. Brown,* 304 F. Supp. 2d 279, 283 (D.R.I. 2004) (citing *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987).

Innovage relies on the first-to-file rule, but completely ignores that Emissive is the registered trademark holder and the true plaintiff. As a matter of equity, Courts recognize that intellectual property owners should not be penalized for sending cease and desist letters to accused infringers in an effort to resolve disputes informally prior to filing suit. *See Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1194 (C.D. Cal. 2006) (dismissing an anticipatory

declaratory judgment action filed against the trademark holder and true plaintiff); *See also Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 666-67 (N.D. Cal. 2003) ("Potential plaintiffs should be encouraged to attempt settlement discussions…prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing before the plaintiff files a complaint"). Here, Emissive attempted to resolve this dispute with Innovage before filing suit. Innovage responded by secretly filing an anticipatory declaratory judgment action to seize a California forum. Moreover, Innovage waited many weeks before disclosing to Emissive that it had filed a complaint, all the while suggesting that it "would like to resolve this matter amicably . . ." (*See* Miskin Decl., Exh. D.) The California Action is a classic anticipatory lawsuit.

Innovage suggests, without legal support, that it did not act in bad faith because it did not communicate with Emissive after it received the cease and desist letter and before it filed the California Action. (*See* Memorandum at 9.) Absent any contact, Innovage claims that Emissive could not have relied on any statements made by Innovage, and Innovage could not have misled Emissive into believing that no action would be filed. Innovage is wrong. *See, e.g., Factors Etc., Inc. v. Pro Arts, Inc.*,, 579 F. 2d 215, 219 (2d. Cir. 1978), *overruled on other grounds*. First, where the declaratory judgment action is triggered by a cease and desist letter, equity favors the second filed action proceeding to judgment in the true plaintiff's chosen forum. *See id*. Second, Innovage's customer and co-movant herein, Walgreens, who also received a cease and desist letter, communicated with Emissive during this period and assured Emissive that it was investigating the infringement claims. (*See* Exh. B attached hereto.) Accordingly, Innovage's conduct is wrongful in the absence of any pre-suit communications.

Innovage also contends that it "waited to serve process [on Emissive] in order to continue negotiations." (*See* Memorandum at 10.) This statement is disingenuous. "Continue negotiations" implies that Innovage began settlement discussions prior to filing the California Action, which it did not do. Once it did initiate contact with Emissive, Innovage's delay in disclosing to Emissive that a Complaint had been filed in California smacks of bad faith and forestalled Emissive from filing suit in the District of Rhode Island. Moreover, Innovage concedes that it filed the California Action "to secure the convenience of a California forum . . . ." (Memorandum at 10.) Accordingly, Innovage's declaratory judgment action is anticipatory and filed in bad faith. *See Gribin v. Hammer Galleries*, 793 F. Supp. 233, 237 (C.D. Cal. 1992) (dismissing an anticipatory suit).

Innovage further claims that there was no "race to the courthouse" because Emissive filed the Rhode Island Action nearly two months after the California Action. This so-called delay resulted from the coordinated conduct of Walgreens and Innovage. Walgreens responded that it would investigate Emissive's claims, and Innovage ultimately undertook settlement discussions with Emissive. This Court has determined that seizing upon the knowledge that a party would not immediately file suit to initiate a declaratory judgment action constitutes an anticipatory filing. *See, e.g., Cruz v. Hartford Cas. Ins. Co.*, 2005 WL 1231965, *3 (D.R.I. 2005). Emissive could have simply filed this action rather than attempt to resolve this dispute with Innovage and Walgreens, which is what courts encourage potential litigants to do.

Finally, Innovage asserts that the balance of conveniences does not favor a Rhode Island forum. (*See* Memorandum at 11.) This is untrue. This dispute arose in Rhode Island. This dispute arose from Innovage's sale of products bearing the infringing mark at a Walgreens store in Rhode Island. Many of the relevant Walgreens witnesses (such as employees at the Rhode

Island Walgreens store), products and documents are located in Rhode Island. Although Innovage is located in California, it is undisputed that this action arose from Innovage's infringing activities in Rhode Island, where it conducts business, generates sales and contracts with companies such as Walgreens to promote and sell products bearing the Accused Mark. In addition, Emissive's witnesses are located in Rhode Island, as are documents and information regarding its trademarks, products, advertising, sales, and damages. (*See* Galli Aff., ¶¶ 3-4.) Rhode Island also has an interest in adjudicating a dispute that arose within this District. *See Paradis*, 774 F. Supp. at 82 (finding that Rhode Island has a "strong public interest" in seeing that a complaint by a resident corporation against a foreign party is adequately resolved). Accordingly, application of the first-to-file rule is inappropriate.

**B. <u>Innovage and Walgreens Ignore the Test for Transfer of Venue</u>.**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[3] Innovage and Walgreens bear a heavy burden of demonstrating the necessity of the transfer to the Central District of California. *Microfibres, Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 323 (D.R.I. 1998). While the decision to transfer is discretionary with the Court on a case-by-case basis, the Court recognizes a presumption in favor of the plaintiff's choice of its home forum. *Id.* When the balance of interests is equal or only slightly in favor of the moving party, the motion to transfer should be denied. *LaPlante*, at *4 (citation omitted). In other words, if the transfer would merely shift the inconvenience to

[3] Although Movants use the kitchen-sink argument by asserting that transfer is appropriate pursuant to 28 U.S.C. §§ 1404, 1406 and/or 1412, only Section 1404 is applicable. Section 1412 applies to bankruptcy cases, and Section 1406 applies where venue is improper. Movants cannot, and do not, claim improper venue. Accordingly, only Section 1404 will be discussed herein.

Emissive, § 1404(a) relief should not be granted to Innovage. *See Brian Jackson & Co. v. Eximias Pharm. Corp.*, 248 F. Supp. 2d 31, 38 (D.R.I. 2003).

To prevail on a motion to transfer under § 1404(a), the moving party must show that "private and public interest factors clearly point towards trial in the alternative forum." *Paradis*, 774 F. Supp. At 82. The private factors include: (1) the availability of compulsory process to compel attendance of unwilling witnesses; (2) the cost of attendance of willing witnesses; (3) the relative ease of access to sources of proof; (4) the ease of a view of premises, if such a view would be appropriate to the action; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Elbalah v. Republic Ins. Co.*, 879 F. Supp. 3, 5 (D.R.I. 1995) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947)); *see also McGlynn v. The Credit Store, Inc.*, 234 B.R. 576, 582 (D.R.I. 1999) (citations omitted). The public factors include: (1) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (2) the avoidance of unnecessary problems in conflict of law, or in the application of foreign law; (3) the local interest in having localized controversies decided at home; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) administrative difficulties flowing from court congestion. *Elbalah*, 879 F. Supp. at 5.

Here, Innovage and Walgreens fail to address <u>all</u> relevant factors governing transfer of venue, and the factors they address do not warrant transfer to the Central District of California. In particular, Innovage has not shown that the convenience of the parties or third party witnesses favors transfer of the case to California.

**1. Convenience of the Parties Does Not Favor Innovage.**

The "logical starting point" for analyzing the convenience of the parties is a consideration of their residences in relation to the district chosen by the plaintiff and the proposed transferee

district. *See U.S. Fid. & Guar. Co. v. Republic Drug Co.*, 800 F. Supp. 1076, 1080 (E.D.N.Y. 1992). A showing of inconvenience to the defendant is not sufficient to merit §1404(a) relief where the transfer would merely shift the inconvenience to the plaintiff. *Blinzler v. Marriott Int'l*, 857 F. Supp. 1, 3 (D.R.I. 1994). When a plaintiff resides in the chosen forum and the defendant resides in the proposed transferee district, one or the other will be inconvenienced regardless of whether the transfer motion is granted. *Levinger v. Matthew Stuart & Co.*, 676 F. Supp. 437, 441 (D.R.I. 1988) (to tear either party away from their enterprises will cause the parties some inconvenience and expense). In such a case, as here, the plaintiff's choice of forum is generally respected and the transfer request denied. *Id.* at 442.

Innovage's geographic balancing test does not favor transfer to California. Innovage asserts that since two defendants are located in Illinois, one in Colorado, one in Florida, one in New Jersey, one in Utah, one in North Carolina, one in Oklahoma, and two in California, the proper venue is California. (*See* Memorandum at 13-14.) The theory is that only one party is domiciled in Rhode Island but two are domiciled in California, so California is the appropriate forum. Notwithstanding the complete lack of support for such a test, Innovage ignores the remaining defendants. In fact, five of the ten defendants are located in states closer to Rhode Island than California.[4]

Moreover, Innovage's contention that it is a small company and cannot spare witnesses to travel to Rhode Island is unavailing. With advances in communications and travel, a party's claim of burden associated with litigating in a foreign forum is rarely persuasive. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) ("And

[4] Movants misconstrue *Transamerica Corp. v. Trans-American Leasing Corp.*, 670 F. Supp. 1089 (D.Mass. 1987), to support their proposition that California is a more convenient venue for Defendants who do not reside in California. The forum in which the claim arose did not inform the Court's opinion. Rather, transfer was appropriate because <u>all</u> defendants resided in the same district, a situation not present here.

because 'modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity,' it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity"). Under Innovage's untenable theory, small businesses would never have to litigate in a foreign forum.

**2. Convenience of the Witnesses Does Not Favor Innovage.**

A party seeking transfer for convenience of witnesses must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. *Brian Jackson & Co.*, 248 F. Supp. 2d at 38; *see also Elbalah*, 879 F. Supp. at 5. Innovage proffers no such evidence, and its conclusory statements about the location of witnesses are insufficient to support a transfer from this Court based on witness convenience. *See Levinger*, 676 F. Supp. at 441.

In his Declaration filed in support of Defendants' Motion to Transfer or Stay, Innovage's Director Michael Meryash suggests that Innovage may call two third party witnesses at trial, but fails to identify the names of these supposed witnesses. He merely refers to "a retail operation in California" and "a customer in Utah." (Declaration of Michael Meryash ("Meryash Decl."), ¶ 2.) Notwithstanding the fact that a California Court would not have subpoena power over a Utah resident, the proffered testimony of these two unidentified witnesses would not be relevant or admissible. According to Mr. Meryash, these witnesses would testify "to the lack of knowledge of Emissive selling its flashlights under the mark INOVA, they would state and testify that in their opinion there would be no likelihood of confusion between INOVA which is more of a common term, with Innovage, which is a unique term." (Meryash Decl., ¶ 3.) This smacks of being improper expert testimony. Moreover, if Innovage wants these witnesses merely to proclaim that they were not confused, then such evidence is not probative. *See, e.g., Daddy's*

*Junk Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 284 (6th Cir. 1997) (the absence of actual confusion is not relevant). In short, the testimony of Innovage's two undisclosed witnesses would not be admissible.

By contrast, the witnesses Emissive expects to call in this matter live and work in Rhode Island. At present, Emissive's witnesses likely will be: Robert Galli, Alan Jacobs, Peter Leon, and Jean Wolfe. (*See* Galli Aff. ¶ 4.) Mr. Galli is Emissive's co-founder and Chief Executive Officer. (*Id.*) The scope of his testimony may include the selection, adoption and use of the INOVA® trademark, its use in connection with lighting products, the marketing and promotion of INOVA®-branded products, the markets into which they are sold and the fame and distinctiveness the INOVA® brand has achieved since its introduction, the goodwill of the brand in the marketplace and the affect on that goodwill resulting from Innovage's sale of inferior products in conjunction with a confusingly similar trademark. (*Id.*) Mr. Jacobs is Emissive's Chief Financial Officer. (*Id.*) The scope of his expected testimony pertains to the damages suffered by Emissive. (*Id.*) Mr. Leon is Emissive's EVP Sales and Marketing. (*Id.*) He is expected to testify as to Emissive's customers and prospective customers and the channels of trade through which Emissive sells its INOVA®-branded products. (*Id.*) Jean Wolfe is the President of Emissive. She may testify as to Emissive's investment in its INOVA®-branded products, including trade shows and Internet advertising, and Emissive's sales to big box retailers. (*Id.*) Mssrs. Galli, Jacobs and Leon, and Ms. Wolfe all live in Rhode Island and work at Emissive's headquarters in North Kingstown, Rhode Island. (*Id.*) In addition to these Emissive employees who may testify, as the genesis of this dispute is the sale of Innovage-branded products at a Walgreens store just a few miles from Emissive's headquarters, we expect that one or more employees of Walgreens-Rhode Island may be called to testify. (*Id.*)

Innovage fails to address the aforementioned factors bearing on transfer of venue. Accordingly, Innovage cannot meet its heavy burden of establishing that transfer is necessary. Moreover, even if Innovage had done the analysis of the public and private factors, as required by the caselaw, the balance of the conveniences favors Emissive and the maintenance of the Rhode Island Action.

## C. The Balance of Conveniences Favors Emissive.

### 1. The Private Factors Do Not Favor Transfer.[5]

#### a. The Relative Ease of Access to Sources of Proof Favors Emissive, and Emissive's Premises Are Located in Rhode Island.

The genesis of the dispute is in Rhode Island. This case began with Innovage's sale of products bearing the Accused Mark at a Walgreens store in Rhode Island. Emissive is based in Rhode Island. Its witnesses are located in Rhode Island, as are documents and information regarding its trademarks, sales figures and damages. (*See* Galli Aff., ¶¶ 3-4.) Although Innovage is located in California, the cause of action arose from Innovage's infringing activities in Rhode Island, where it conducts business, generates sales and has contracted with companies such as Walgreens, to promote and sell products bearing the Accused Mark. These factors favor the maintenance of this action.

#### b. Transferring This Action Is Unfair to Emissive and the Non-moving Defendants.

Fairness dictates that this action not be transferred. The sale of the infringing products at Walgreens and on the Internet, and Emissive's pursuit of a remedy against Innovage and its co-defendants in the District of Rhode Island, results in a non-alignment of parties in these two pending actions. Walgreens is a party defendant only in the Rhode Island Action. The Internet

[5] The private factors not addressed herein are neutral. Compulsory process, for example, is equally available in Rhode Island and California to depose witnesses, and the cost of obtaining testimony should not be significantly different in either forum. Regardless of forum, the parties will be conducting discovery in more than one state.

Defendants are parties only in the Rhode Island Action.[6] Emissive intends to pursue a remedy against the Internet Defendants regardless of whether the claims against Innovage are transferred. Innovage likely will have a duty to defend and indemnify the defendants that are selling Innovage's products bearing the infringing mark. In other words, Emissive cannot simply litigate in California in lieu of pursuing the Rhode Island Action; however, Innovage can litigate in Rhode Island in lieu of pursuing the California action. Because this action arose in Rhode Island, the convenience of the parties, the convenience of third party witnesses, and the interests of justice favor this action remaining in Rhode Island.

**2. The Public Factors Do Not Favor Transfer.**

Rhode Island has a strong public interest in seeing that a complaint by a resident corporation against a foreign defendant is adequately resolved. *See Paradis*, 774 F. Supp. at 82. There are also no administrative reasons to transfer this case. This Court's calendar is current and sufficient local interests exist to justify conducting a trial in Rhode Island. *Id.*; *Ryan, Klimek, Ryan Partnership v. Royal Ins. Co. of America*, 695 F. Supp. 644, 648 (D.R.I. 1988).

**D. <u>This Action Should Not be Stayed Pending the Decision of the Central District of California on Dismissal of the California Action</u>**

Innovage and Walgreens request that this Court stay this action pending the decision of the Central District of California concerning Emissive's Motion to Dismiss, Transfer or Stay. Although Emissive does not oppose this Court *deferring* its decision on this Motion until the Central District of California decides Emissive's Motion to Dismiss, Transfer or Stay, a stay is not necessary. *See Cruz*, 2005 WL 1231965 at *3. The process and pleading stage should continue. Innovage asserts no basis to stay this action and its request should be denied.

---

[6] Innovage's and Walgreens' contention that Emissive added the retailers to bolster its transfer motion is false. Emissive added these defendants because it only recently learned that they are selling infringing goods that came to light after it filed the instant action, including products not addressed in Emissive's May 24, 2006 cease and desist letter. (*See* Galli Aff., ¶ 5.)

## IV. CONCLUSION

Innovage wrongfully seized a California forum by filing an anticipatory suit. Emissive is the natural plaintiff in this dispute, and its choice of Rhode Island as its forum is accorded deference under the law. Therefore, this case should be not be transferred or stayed, and Innovage's and Walgreens' Motion should be denied.

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its Attorneys

/s/ Craig M. Scott

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701

Dated: January 22, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the within *Memorandum of Law in Support of Plaintiff's Objection to Defendants Innovage, Inc.'s and Walgreen Co.'s Motion to Transfer or Stay* was filed through the ECF system on the 22nd day of January, 2007, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing:

***Via Electronic Filing***
Michael H. Feldhuhn, Esq.
56 Pine Street, Suite 200
Providence, RI 02903

Howard Charles Miskin
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

Gloria Tsui-Yip, Esq.
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

Thomas C. Chase, P.A.
1404 Dean Street, Suite 200
P.O. Box 1508
Fort Myers, FL 33902

Brent Baker
Overstock.com, Inc.
6350 S. 3000 E
Salt Lake City, UT 841121

Harrison Bros. Inc. d/b/a
Good Buy Guys
c/o William Regan Burton
132 Willow Way
Chapel Hill, NC 27516-9305

Mary Sedivy d/b/a
Aspen Country Store.com
4267 E. Easter Place
Centennial, CO 80122

Merchandise for You
100 Plum
Healdton, OK 73438

Northern Mountain Supply
c/o Mark Caristrom
125 West Fifth Street
Eureka, CA 95501

Philip Franken d/b/a
Auctionatic Store
Online Corp.
335 Bismark Road
Jackson NNJ

Merchsafari, LLC
c/o Herman Bowman
2530 Autumn Grove Circle
Aurora, IL 60504

/s/ Craig M. Scott

H:\Clients\Emissive Energy\Innovage - RI\Pleadings\Mem Obj to Motion to Transfer or Stay.doc