**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC., d/b/a GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | Civil Action No.: 06-CV-401-S (LDA)<br><br><u>JURY TRIAL DEMANDED ON COUNTERCLAIMS</u> |

**DEFENDANT INNOVAGE, INC.'S ANSWER & COUNTERCLAIM**

Defendant, Innovage, Inc. ("Innovage" or "Defendant") as for its answer to Plaintiff Emissive Energy Corporation's ("Emissive" or "Plaintiff") First Amended Complaint alleges as follows:

1. Answering each of ¶¶ 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 28, 30, 36, 37, 41, 42, 43 and 45 of the First Amended Complaint, Innovage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

2. Answering ¶ 2 of the First Amended Complaint, Innovage admits the allegations contained therein, except that Innovage denies that it manufactures lighting products bearing the Accused Mark and that it sells these products through mail order catalogs and over the internet.

3. Answering ¶¶ 12 of the First Amended Complaint, Innovage admits the allegations contained therein.

4. Answering ¶ 13 of the First Amended Complaint, Innovage admits that it supplies its goods, including those bearing its name and the Accused Mark, to customers in this jurisdiction, and denies the remaining allegations contained therein.

5. Answering ¶ 25 of the First Amended Complaint, Innovage admits that Exhibit A appears to be a copy of U.S. Trademark Registration No. 2,575,157 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

6. Answering ¶ 27 of the First Amended Complaint, Innovage admits that it imports and sells various consumer goods across dozens of product lines, including, without limitation, electronics, leather goods, children's items, and household goods, and denies the remaining allegations contained therein.

7. Answering ¶ 28 of the First Amended Complaint, Innovage admits that it sells nationally recognized brandname merchandise in similar product categories and denies the remaining allegations contained therein.

8. Answering ¶ 29 of the First Amended Complaint, Innovage admits that it supplies fungible goods to retailers and wholesalers, and denies the remaining allegations contained therein.

9. Answering ¶ 31 of the First Amended Complaint, Innovage admits that it had filed trademark applications for the mark INNOVAGE in connection with a wide variety of products, including flashlights, with the Patent and Trademark Office and is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

10. Answering each of ¶¶ 33, 34, 35, 38, 39, 40, 44, 51, 57 and 67 of the First Amended Complaint, Innovage denies the allegations contained therein.

11. Answering ¶ 32 of the First Amended Complaint, Innovage admits receiving a letter from Plaintiff dated May 24, 2006, demanding that Innovage immediately cease and desist its use of the Accused Mark in connection with flashlights and file an express abandonment of its trademark applications and further that it continues its use of the Accused Mark in connection with flashlights, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

12. Answering ¶ 46 of the First Amended Complaint, Innovage incorporates by reference its answers to each of the paragraphs 1 through 45, as if fully set forth herein.

13. Answering each of ¶¶ 47, 48, 49, 50, 53, 54, 55, 56, 59, 60, 61, 62, 63, 64, 65 and 66 of the First Amended Complaint, Innovage denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

14. Answering ¶ 52 of the First Amended Complaint, Innovage incorporates by reference its answers to each of the paragraphs 1 through 51, as if fully set forth herein.

15. Answering ¶ 58 of the First Amended Complaint, Innovage incorporates by reference its answers to each of the paragraphs 1 through 57, as if fully set forth herein.

16. Defendant denies each and every allegation contained in the First Amended Complaint not specifically admitted herein.

17. Defendant denies that Plaintiff is entitled to any of the relief sought in the First Amended Complaint including injunctive relief, damages or attorneys fees.

**FIRST AFFIRMATIVE DEFENSE**

18. Plaintiff's First Amended Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

19. Plaintiff's First Amended Complaint must be dismissed for lack of personal jurisdiction over Innovage.

**THIRD AFFIRMATIVE DEFENSE**

20. Plaintiff's First Amended Complaint must be dismissed for improper venue.

**FOURTH AFFIRMATIVE DEFENSE**

21. The trademark INNOVAGE does not infringe upon Plaintiff's INOVA mark.

**FIFTH AFFIRMATIVE DEFENSE**

22. Plaintiff's INOVA mark is a weak mark.

**SIXTH AFFIRMATIVE DEFENSE**

23. Plaintiff's INOVA mark is not capable of trademark protection under the laws of the United States and/or the common law.

**SEVENTH AFFIRMATIVE DEFENSE**

24. Defendant did not unfairly compete with Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

25. Plaintiff's INOVA mark is not inherently distinctive.

**NINTH AFFIRMATIVE DEFENSE**

26. Plaintiff's INOVA mark does not immediately identify the source of the product as Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

27. The First Amended Complaint is barred by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

28. The First Amended Complaint is barred by the doctrines of estoppel and waiver.

## COUNTER CLAIMS

Pursuant to Fed. R. Civ. P. 13, Defendant and Counterclaimant Innovage, Inc. ("Innovage" or "Counterclaimant") alleges the following as its counterclaims against Plaintiff and Counterdefendant Emissive Energy Corporation ("Emissive" or "Counterdefendant"):

## INTRODUCTION

29. Counterclaimant INNOVAGE is in the business of importing, selling and distributing within the United States, various items for household use bearing its trademark and tradename INNOVAGE, including flashlights ("Innovage's Product" or "Counterclaimant's Product").

30. Upon information and belief, Emissive is the registrant of a trademark Registration No. 2,575,157 for the mark INOVA ("trademark in suit" or "INOVA mark") which includes "flashlights, namely LED illuminated flashlights" with a registration date of June 4, 2002.

31. Counterclaimant's INNOVAGE mark is sufficiently distinct in sound and looks from the INOVA mark, and therefore Counterclaimant's Product does not infringe upon the INOVA mark.

## JURISDICTION AND VENUE

32. Jurisdiction is proper in this Court because this litigation arises under federal law, namely the Lanham Act, 17 U.S.C. § 1051 et seq. The Court has jurisdiction over this action under 28 U.S.C. §1331 and 28 U.S.C. §1338(a). This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. §1367(a).

33. Venue is proper in this Court because Counterdefendant instituted the instant action in this Court. Venue is also proper in this Court pursuant to 28 U.S.C. §1391.

34. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other relief as may be necessary.

## THE PARTIES

35. Innovage is a corporation organized and existing under the laws of the state of California, having its principal place of business at 19511 Pauling, Foothill Ranch, California 92610.

36. Upon information and belief, Emissive is a corporation organized under the laws of the state of Delaware, having its principal place of business at 135 Circuit Drive, North Kingstown, Rhode Island 02852.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

37. Since at least as early as July 2001, Counterclaimant Innovage has offered and continues to offer for sale a flashlight product bearing its tradename house mark INNOVAGE. Innovage is well known in the industry, which includes sales to various distributors of various products throughout North America.

38. Counterclaimant has been continuously using the trademark INNOVAGE on a wide variety of products, including flashlights, since at least as early as July 1, 2001. Innovage has coined the INNOVAGE mark independently, and has filed for a trademark registration with the U.S. Patent and Trademark Office under applications Serial Nos. 78/596,872 and 78/596,801.

39. On or about May 24, 2006, Counterclaimant received a letter from Counterdefendant demanding that Innovage immediately cease and desist its use of the INOVA mark in connection with flashlights, using LED's, and file an express abandonment of its trademark applications.

40. On or about June 23, 2006, one of Counterclaimant's customers received a letter from Counterdefendant's counsel threatening a lawsuit unless the customer ceases all sales of Innovage's Products. Counterdefendant claimed that Emissive is the registered owner of a trademark listed with the U.S. Patent and Trademark Office for INOVA. Counterdefendant's counsel claimed that the "sale of flashlights bearing the INNOVAGE mark suggests that it is attempting to trade off the goodwill that Emissive has developed in the INOVA mark." Since then Emissive has filed suit against nine (9) companies, alleging they are customers of Innovage.

## <u>COUNT I</u>

## <u>DECLARATORY JUDGMENT OF NON-INFRINGEMENT</u>

41. Counterplaintiff hereby repeats and realleges the allegations set forth in paragraphs 29 through 40 above as if fully set forth herein.

42. This is a claim for declaratory relief arising under Title 28, United States Code, Sections 2201 and 2202 for a declaration that Counterclaimant did not and does not infringe Counterdefendant Emissive's trademark in suit.

43. Counterclaimant denies that Counterclaimant's Product bearing the mark and its tradename INNOVAGE that it has offered for sale and continues to offer for sale, infringes the trademark in suit.

44. At most, Counterdefendant's mark is a weak mark of limited protection in view of the wide and common use of terms INOVA and INNOVO, and variations, standing alone or as a prefix of various marks.

45. Counterclaimant desires a judicial determination of its rights and duties and a declaration that Counterclaimant's Product does not infringe Counterdefendant Emissive's trademark in suit.

## COUNT II

## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY

46. Counterclaimant hereby repeats and realleges the allegations set forth in paragraphs 29 through 45 above as if fully set forth herein.

47. On information and belief, the trademark in suit is invalid in that the trademark is not distinctive and does not meet the requirements of U.S. Trademark Law.

48. On information and belief, the trademark in suit in not capable of trademark protection under U.S. Trademark Law.

## COUNT III

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS

49. Counterclaimant hereby repeats and realleges the allegations set forth in paragraphs 29 through 48 above as if fully set forth herein.

50. On or about June 23, 2006, Counterdefendant sent a letter to Counterclaimant's customer, Walgreen Co., demanding that Walgreen immediately cease and desist its sale of Counterclaimant's flashlight products.

51. By reason of Counterdefendant's acts, Innovage has sustained and will continue to sustain serious and irreparable injury to its business relationships and a loss of expected sales and profits which Innovage would have made but for said acts of Counterdefendants.

52. On information and belief, Counterdefendant's acts are deliberate and willful and, unless the Court enjoins Counterdefendant from further commission of said acts, there is a substantial possibility and threat of continued or additional interference of Counterclaimant's business relationships with its customers for which Counterclaimant is without an adequate remedy at law. Some of the added parties are not believed to be customers of Innovage, showing Emissive's lack of proper and due diligence.

53. The foregoing activities of Counterdefendants have damaged Counterclaimant in an amount yet unknown.

WHEREFORE, Defendant and Counterclaimant Innovage seeks judgment as follows:

A. For the First Amended Complaint be dismissed in its entirety with prejudice.

B. For a declaration that Innovage's Product, which Innovage has offered and continues to offer for sale, does not infringe the '157 trademark;

C. For a declaration that the trademark in suit is invalid;

D. For an injunction prohibiting Emissive from contacting Innovage's customers;

E. For the loss of profits due to Emissive's tortuous interference with Innovage's business relationships;

F. For the cost of the suit incurred herein;

G. For reasonable attorneys fees as permitted by law;

H. Granting Innovage such other and further relief as this Court may deem just and equitable.

**DEFENDANT/COUNTERCLAIMANT INNOVAGE, INC. HEREBY DEMANDS A TRIAL BY JURY ON ITS COUNTERCLAIMS.**

Dated: March 9, 2007

Defendant,
INNOVAGE, INC.
By Its Attorneys,

/s/ Michael H. Feldhuhn

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, RI 02903
Tel. (401) 331-6600
FAX (401) 274-2780
LOCAL COUNSEL

Howard C. Miskin, pro hac vice
Gloria Tsui-Yip, pro hac vice
STOLL, MISKIN & BADIE
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118
Tel. (212) 268-0900
FAX (212) 268-0904

**CERTIFICATION**

I hereby certify that on this 9th day of March, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record:

Craig M. Scott (#4237)
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Michael H. Feldhuhn
Michael H. Feldhuhn