**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION, Plaintiff, | Civil Action No.: 06-CV-401-S (LDA) |
| v. | |
| INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC., d/b/a GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC, Defendants. | |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MERCHSAFARI LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) and 12(b)(3)

Defendant MerchSafari, LLC ("MerchSafari") by its attorneys, submit herewith a memorandum of law in support of MerchSafari's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction) and 12(b)(3) (improper venue). Filed in support of this motion is the Declaration of Herman Bowman ("Bowman Decl.").

## PRELIMINARY STATEMENT

On September 7, 2006, Plaintiff Emissive Energy Corp. ("Emissive") filed an action against Innovage, Inc. ("Innovage") and Walgreen Co. ("Walgreen") for trademark infringement, unfair competition and false designation of origin, alleging infringement by Innovage's use on and Walgreen's sale of flashlight products with the trade name and mark INNOVAGE

("Accused Mark"). On December 11, 2006, Plaintiff filed an Amended Complaint adding eight (8) other Defendants, including MerchSafari, for selling allegedly infringing flashlight products of Innovage.

The only contact MerchSafari has with this forum is the availability of its website on the worldwide web, which is accessible by anyone in the world, including Rhode Island residents. MerchSafari does not have any physical or even meta physical presence in Rhode Island, has not sold any merchandise to any Rhode Island resident, and has no other contact with Rhode Island. 28 U.S.C. Sections 1391 (b) and (c) do not apply. Therefore, MerchSafari's motion to dismiss should be granted based on lack of jurisdiction or in the alternative, improper venue, pursuant Fed. R. Civ P. 12(b)(2) and 12(b)(3), respectively.

## FACTS

MerchSafari is a limited liability company with its principal and only place of business located in Elkgrove Village, Illinois. MerchSafari's business consists of operating a website, where customers may view and order various items, including products of Innovage. Bowman Decl. MerchSafari is a small company with essentially one employee. Id.

MerchSafari has not sold or shipped any product, including those bearing the Accused Mark, to any person or entity in Rhode Island. Id. Furthermore, MerchSafari does not have any office, employee, representative, agent or affiliate in Rhode Island. Id.

On information and belief, Plaintiff Emissive is the registrant of the trademark Registration No. 2,575,157 for the mark INOVA ("trademark in suit") for "flashlights, namely LED illuminated flashlights" with a registration date of June 4, 2002. On information and belief, Emissive is located in Rhode Island.

On December 11, 2006, Plaintiff, through its attorneys, amended its Rhode Island Complaint originally filed on September 7, 2006, to add eight additional Defendants, including MerchSafari, alleging infringement based on sales of the asserted infringing products in Rhode Island. The Amended Complaint charged Innovage and nine other Defendants with trademark infringement and unfair competition. MerchSafari was not aware of Plaintiff Emissive's claims against Defendant Innovage until served with Emissive's First Amended Complaint.

## ARGUMENTS

### I. Emissive's Amended Complaint Against MerchSafari Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2).

#### A. The Burden of Establishing Personal Jurisdiction Over MerchSafari Rests with Emissive

Generally, the burden of establishing personal jurisdiction over the defendant rests with the plaintiff. See, Brian Jackson & Company v. Eximias Pharm. Corp., 248 F. Supp. 2d 31, 34 (D.R.I. 2003). "Personal jurisdiction is established when (1) the forum state has a long-arm statute that purports to grant jurisdiction over the defendant and (2) exercising jurisdiction comports with the due process requirements of the Fourteenth Amendment to the United States Constitution." Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002).

#### B. Rhode Island's Long Arm Statute

Rhode Island's long-arm statute has been interpreted to be within the scope of the Fourteenth Amendment. See, Brian Jackson, 248 F. Supp. 2d at 34-35. The Rhode Island long arm statute provides:

> Every foreign corporation, every individual not a resident of this state and every partnership or association, composed of any person or persons not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island … in every case not contrary to the provisions of the constitution or laws of the United States.

R.I. Gen. Laws § 9-5-33.

C. General and Specific Jurisdiction

"A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). General jurisdiction exists when the litigation is does not arise directly out of the defendant's forum-based contacts, but the defendant has nevertheless engaged in "continuous and systematic activity unrelated to the suit in the forum state." See Id. "The assertion of general jurisdiction comports with due process when two criteria are met. First, there must be "continuous and systematic general business contacts" between the foreign defendant and the forum." Id, citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984). Second, the plaintiff must show that the exercise of jurisdiction would be reasonable. Id.

Therefore, in order to demonstrate this Court's general jurisdiction over MerchSafari, Emissive must first illustrate that MerchSafari has had "continuous and systematic general business contacts" with Rhode Island. Second, Emissive must also demonstrate that the exercise of jurisdiction would be reasonable. Emissive cannot meet this burden because MerchSafari has not had any business contacts with Rhode Island, neither general or specific. MerchSafari does

not have any offices, employees, representatives, agents or affiliates in Rhode Island. Furthermore, MerchSafari has not engaged in any business relationship or contract with any entity or individual within Rhode Island. Based on the nonexistence of the "minimum contact" required by the Rhode Island long arm statute, the exercise of general jurisdiction would not be reasonable.

"Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." United States v. Swiss Am. Bank, Ltd., 274 F.3d at 618. Therefore, the questions lies in whether MerchSafari's operation of its website, where it sells products bearing Innovage's trademark INNOVAGE, without more, is sufficient to support specific personal jurisdiction.

"It is well settled that the mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible." Subsalve USA Corp. v. Watson Manufacturing, Inc., 392 F. Supp. 2d 221, 223 (D.R.I. 2005). "Furthermore, given the omnipresence of internet websites today, allowing personal jurisdiction to be premised on such a contact alone would 'eviscerate' the limits on a state's jurisdiction over out-of-state or foreign defendants." Id, citing McBee v. Delica Co., Ltd., 417 F. 3d 107, 124 (1st Cir. 2005); also citing Swarovski, Optik North America Ltd. v. Euro optics, Inc., 2003 U.S. Dist. LEXIS 14881 (D.R.I. 2003) (holding that interactive website did not satisfy purposeful availment prong where defendant (1) did not specifically target Rhode Islanders or assert that it had unique connection with Rhode Island, (2) made no sales to Rhode Island residents, and (3) had no other contacts with Rhode Island).

Similar to the Swarovski case, MerchSafari's website, although accessible by Rhode Island residents, does not by itself provide the requisite contact and purposeful availment for this

Court to exercise specific personal jurisdiction over MerchSafari. First, MerchSafari's website is not directed toward Rhode Island residents. Only due to the nature of operation of the worldwide web is MerchSafari's website available in Rhode Island. MerchSafari does not advertise its website at all, let alone in Rhode Island. Second, MerchSafari has not sold any items or products to Rhode Island residents. Third, MerchSafari has no other contacts with Rhode Island. Lastly, MerchSafari's website does not target Rhode Island residents, such as solicitations or advertising.

It is evident that Emissive cannot meet its burden of establishing this Court's general or specific jurisdiction over MerchSafari. Therefore, the claims against MerchSafari must be dismissed based on lack of personal jurisdiction.

## II. This Court Should Dismiss this Action for Improper Venue Pursuant to Fed. R. Civ. Pro. Rule 12(b)(3) and 28 U.S.C. §1406(a)

28 U.S.C. §1406(a) directs the Court to dismiss an action where venue is wrong, or in the alternative, if in the interest of justice, transfer to another district in which the action could have been brought.

Plaintiff's Amended Complaint alleges venue in this action under the general venue statue, 28 U.S.C. §1391 (b) and (c).

### A. Venue Does Not Lie in this District Under 28 U.S.C. §1391

28 U.S.C. §1391(b) governs this action since it is not founded solely on diversity of citizenship. 28 U.S.C. §1391(b) provides that an action may be brought only in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …, or

(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Under the first prong of 28 U.S.C. §1391(b), the residence of Defendant must first be examined. 28 U.S.C. §1391(c) provides that a corporation resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

As set forth in §I, supra, this Court does not have personal jurisdiction, either specifically or generally, over MerchSafari under the first prong of 28 U.S.C. §1391(b). §I, supra, also shows that MerchSafari is a company based in and organized under the laws of Illinois, a substantial part of the events giving rise to Emissive's trademark infringement and unfair competition claims occurred in the State of Illinois. Since this action may be brought in the Northern District of Illinois, where Defendant resides, 28 U.S.C. §1391(b)(3) does not apply. Therefore, since the elements of the venue statute are absent, this action should be dismissed on that ground also.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests the Court to dismiss the claims against MerchSafari.

Dated: March 12, 2007

Defendant,
MERCHSAFARI,
By Its Attorneys,

/s/ Michael H. Feldhuhn

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, RI 02903
Tel. (401) 331-6600
FAX (401) 274-2780
LOCAL COUNSEL

Howard C. Miskin, pro hac vice
Gloria Tsui-Yip, pro hac vice
STOLL, MISKIN & BADIE
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118
Tel. (212) 268-0900
FAX (212) 268-0904

**CERTIFICATION**

I hereby certify that on this 12th day of March, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record:

Craig M. Scott, Esquire
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Michael H. Feldhuhn
Michael H. Feldhuhn