UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC. d/b/a/ GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | C.A. NO. 06-401S |

**PLAINTIFF'S OBJECTION TO DEFENDANT MERCHSAFARI, LLC'S MOTION TO DISMISS AND REQUEST FOR ENLARGEMENT OF TIME TO RESPOND AND FOR JURISDICTIONAL DISCOVERY**

Plaintiff Emissive Energy Corporation ("Emissive") hereby objects to Defendant Merchsafari, LLC's ("Merchsafari") Motion to Dismiss for Lack of Personal Jurisdiction. Merchsafari's Motion to Dismiss is premature in that Emissive has not yet been permitted discovery relative to Merchsafari's contacts to this forum. Accordingly, Emissive respectfully requests an enlargement of time to respond to Merchsafari's Motion to Dismiss and permission to conduct limited jurisdictional discovery as to the business activities of Merchsafari and its agents in Rhode Island. Emissive requests that the time for response be enlarged sixty (60) days, to May 29, 2007. Emissive conferred with counsel for Merchsafari in an attempt to resolve this issue through stipulation, but was unable to reach an agreement.

In support of this Objection, Emissive relies on the accompanying Memorandum.

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its attorneys,

/s/ Craig M. Scott

Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: March 29, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within *Plaintiff's Objection to Motion to Dismiss* was filed through the ECF system on the 29th day of March, 2007, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

***Via Electronic Filing***
Michael H. Feldhuhn, Esq.
56 Pine Street, Suite 200
Providence, RI 02903

Howard Charles Miskin
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

Gloria Tsui-Yip, Esq.
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

Thomas C. Chase, P.A.
1404 Dean Street, Suite 200
P.O. Box 1508
Fort Myers, FL 33902

Harrison Bros. Inc. d/b/a
Good Buy Guys
c/o William Regan Burton
132 Willow Way
Chapel Hill, NC 27516-9305

Mary Sedivy d/b/a
Aspen Country Store.com
4267 E. Easter Place
Centennial, CO 80122

Merchandise for You
100 Plum
Healdton, OK 73438

Northern Mountain Supply
c/o Mark Caristrom
125 West Fifth Street
Eureka, CA 95501

Philip Franken d/b/a
Auctionatic Store
Online Corp.
335 Bismark Road
Jackson NJ

/s/ Craig M. Scott

H:\Clients\Emissive Energy\Innovage - RI\Pleadings\Obj to Merchsafari Mot to Dismiss.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC. d/b/a/ GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | : | C.A. NO. 06-401S |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT MERCHSAFARI, LLC'S MOTION TO DISMISS AND REQUEST FOR ENLARGEMENT OF TIME TO RESPOND AND FOR JURISDICTIONAL DISCOVERY**

## I. INTRODUCTION

Plaintiff Emissive Energy Corporation ("Emissive"), a Rhode Island-based manufacturer of LED flashlights branded with its registered trademark INOVA®, filed this infringement action (the "Rhode Island Action") against Innovage, Inc. ("Innovage"), Walgreen Co. d/b/a Walgreens ("Walgreens") and several Internet resellers, including Merchsafari, LLC ("Merchsafari"). Defendants are selling LED lighting products branded with the trademark INNOVAGE (the "Accused Mark"), which is confusingly similar to Emissive's INOVA® trademark. Merchsafari offers several LED lighting products bearing the Accused Mark for sale on its website, which is accessible to Rhode Island residents. Emissive, therefore, initiated this action against Merchsafari for federal trademark

infringement, federal unfair competition and false designation of origin and common law unfair competition.

Prior to filing the Rhode Island Action, Emissive wrote to Innovage requesting that it cease its infringement of Emissive's INOVA® mark. Innovage ignored the letter. Emissive then contacted Walgreens, the Rhode Island reseller of Innovage products, and requested that it stop selling Innovage's products that infringe Emissive's INOVA® mark. Walgreens replied that it would investigate the claim and respond. Walgreens never responded. Nearly two months after Emissive sent its cease and desist letter to Innovage, Innovage contacted Emissive and denied infringement, but offered to resolve the dispute. Emissive and Innovage engaged in settlement discussions for approximately a month and a half; however, no agreement could be reached.

Two days prior to responding to Emissive's cease and desist letter, Innovage filed a declaratory judgment action in the Central District of California (the "California Action"). Emissive moved to dismiss the California Action because it was a classic anticipatory suit filed by an accused trademark infringer who was extended an opportunity to resolve amicably the parties' dispute and took advantage of that opportunity by racing to the courthouse and secretly filing a declaratory judgment action, thereby seizing the choice of forum from the true plaintiff. While Emissive's Motion to Dismiss the California Action was pending, Innovage and Walgreens moved to transfer or stay the Rhode Island Action on the ground that the California Action was first-filed. On January 31, 2007, the Central District of California dismissed the anticipatory California Action. On February 16, 2007, this Court denied as moot Innovage's and Walgreen's Motion to Transfer or Stay the Rhode Island Action.

On March 12, 2007, Merchsafari moved to dismiss Emissive's First Amended Complaint for lack of personal jurisdiction and improper venue. Merchsafari relies solely on the self-serving Declaration of its owner, Herbert Bowman. Emissive requested that Merchsafari stipulate to an extension of time for Emissive to respond to the Motion to Dismiss to allow Emissive to inquire into Merchsafari's activities in Rhode Island. Merchsafari refused this reasonable request. Without jurisdictional discovery, Emissive cannot fairly meet the testimony contained in the Declaration of Herbert Bowman.

The Federal Rules of Civil Procedure do not operate to permit an out-of-district party to defeat jurisdiction in this manner. Rather, Emissive should be permitted to undertake jurisdictional discovery prior to responding to Merchsafari's Motion to Dismiss. This procedure promotes efficiency and ensures that Merchsafari's factual allegations purporting to defeat jurisdiction are properly tested. Accordingly, Emissive objects to Merchsafari's Motion to Dismiss on the basis that it is premature and requests that it be allowed to conduct limited jurisdictional discovery as to the business activities of Merchsafari and its agents and customers in Rhode Island.

## II. FACTS

The INOVA® brand encompasses the Microlight, the 24/7®, the X1®, the X5®, the XO™ and the XO3™ family of lighting products. (First Amended Complaint, ¶ 19.) Emissive first used the INOVA® brand in commerce on July 31, 2000 in connection with LED flashlights. (*Id.*, ¶ 22.) It owns a federal trademark registration from the United States Patent and Trademark Office (the "PTO") for its INOVA® brand. (Reg. No. 2575157, granted June 4, 2002.) (*Id.* ¶ 25.) The INOVA® trademark registration is valid and subsisting. (*Id.*) Emissive distinguishes the INOVA® brand in the marketplace by offering flashlights with superior

design, performance, functionality and durability as well as industry-leading customer service. (*Id.* ¶ 20, 21.)

Innovage is selling LED flashlights at Walgreens retail drug stores in Rhode Island and on Internet web sites accessible in Rhode Island. (*Id.*, ¶¶ 2, 30, 41.) The Innovage flashlight is branded with the trademark INNOVAGE (the "Accused Mark"), which is confusingly similar to Emissive's federally registered INOVA® trademark. (*Id.*, ¶ 2.) Innovage also filed trademark applications with the PTO to register the mark, INNOVAGE, in connection with the sale of lighting products. (*Id.*, ¶ 31.) Accordingly, Emissive initiated this action for federal trademark infringement, federal unfair competition and false designation of origin and common law unfair competition against both Innovage and Walgreens.

After filing the Complaint, Emissive learned that additional companies are selling infringing products on the Internet denominated with the Accused Mark. Accordingly, on December 11, 2006 Emissive filed its First Amended Complaint to add, as party defendants, Overstock.com, Inc., Harrison Brothers, Inc. d/b/a Good Buy Guys, Denrig, Inc., Mary Sedivy d/b/a Aspen Country Store, Merchandise For You, Northern Mountain Supply, Philip Franken d/b/a Auctionatic Store, and MerchSafari. (*Id.*)

On March 12, 2007, Merchsafari moved to dismiss for lack of personal jurisdiction and improper venue. Merchsafari's principal contention is that this Court cannot exercise jurisdiction over it because its website is not directed toward Rhode Island residents; it does not advertise its website in Rhode Island; it has not sold products to Rhode Island residents; it has no other contacts with Rhode Island; and it does not target Rhode Island residents. (*See* Merchsafari's Motion to Dismiss ("Motion to Dismiss"), p. 6.) In support of thereof, Merchsafari presents the Declaration of its owner, Herbert Bowman. The Declaration is

sparse and self-serving, and no documentary evidence is presented. Merchsafari acknowledges, however, that it makes sales through its website, and its website is accessible to Rhode Island residents. (*See* Bowman Decl. ¶¶ 3, 9.). Moreover, according to its website, Merchsafari imports products and resells them as a wholesaler. Thus, end users of Merchsafari's products may be located in Rhode Island.

Without further exploration of Merchsafari's sales, marketing and business activities relative to Rhode Island through jurisdictional discovery, Emissive cannot investigate Merchsafari's assertions. Merchsafari rebuffed Emissive's attempt to obtain this information without Court intervention.

## III. ARGUMENT

### A. Permitting Emissive to Undertake Jurisdictional Discovery Prior to Responding to Merchsafari's Motion to Dismiss Promotes Efficiency and Ensures that Merchsafari's Factual Allegations Purporting to Defeat Jurisdiction are Properly Tested.

Merchsafari's Motion to Dismiss is prematurely asserted. A diligent plaintiff who sues an out-of-state corporation and makes out a colorable case for personal jurisdiction may be entitled to jurisdictional discovery. *See Sunview Condominium Assoc. v. Flexel International Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997); *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-256 (1st Cir. 1966). Jurisdictional discovery facilitates the resolution of issues as to *in personam* jurisdiction before the Court addresses the substantive merits of the claim. *See Cytotherapeutics, Inc. v. Neurospheres Ltd.*, 1997 WL 33547301, *3 (D.R.I. March 13, 1997).

Emissive added Merchsafari to this action because it discovered that Merchsafari is advertising products for sale on its website that infringe Emissive's INOVA® trademark. Merchsafari argues that it does not have sufficient minimum contacts with Rhode Island to

subject it to general or specific personal jurisdiction, but it acknowledges that it makes sales through its website, which is accessible to Rhode Island residents. (*See* Bowman Decl. ¶¶ 3, 9.) This Court recognizes that Internet-based contacts offer "compelling grounds for the assertion of personal jurisdiction over a non-resident defendant" under certain circumstances, including the operation of an interactive website. *Brian Jackson & Co. v. Eximias Pharmaceutical Corp.*, 248 F. Supp.2d 31, 37 (D.R.I. 2003) (citing, *inter alia*, *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 511 (D.C.Cir. 2002)). Accordingly, Emissive should be permitted to test Merchsafari's contentions so that jurisdiction cannot be defeated with a simple denial of contact with a particular forum. Through jurisdictional discovery, Emissive can establish that Merchsafari is subject to personal jurisdiction in Rhode Island. Merchsafari's Motion to Dismiss should be dismissed as unripe or alternatively, the time to respond enlarged to permit jurisdictional discovery.

## IV. <u>CONCLUSION</u>

Emissive respectfully requests that the Court deny Merchsafari's Motion to Dismiss. Alternatively, Emissive requests an enlargement of time to respond to Merchsafari's Motion to Dismiss and permission to conduct limited jurisdictional discovery as to the business activities of Merchsafari and its agents in Rhode Island. Emissive requests that the time for response be enlarged sixty (60) days, to May 29, 2007.

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its attorneys,

/s/ Craig M. Scott

Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: March 29, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within *Memorandum in Support of Plaintiff's Objection to Motion to Dismiss* was filed through the ECF system on the 29th day of March, 2007, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

***Via Electronic Filing***
Michael H. Feldhuhn, Esq.
56 Pine Street, Suite 200
Providence, RI 02903

Howard Charles Miskin
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

Gloria Tsui-Yip, Esq.
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

Thomas C. Chase, P.A.
1404 Dean Street, Suite 200
P.O. Box 1508
Fort Myers, FL 33902

Harrison Bros. Inc. d/b/a
Good Buy Guys
c/o William Regan Burton
132 Willow Way
Chapel Hill, NC 27516-9305

Mary Sedivy d/b/a
Aspen Country Store.com
4267 E. Easter Place
Centennial, CO 80122

Merchandise for You
100 Plum
Healdton, OK 73438

Northern Mountain Supply
c/o Mark Caristrom
125 West Fifth Street
Eureka, CA 95501

Philip Franken d/b/a
Auctionatic Store
Online Corp.
335 Bismark Road
Jackson NJ

/s/ Craig M. Scott

H:\Clients\Emissive Energy\Innovage - RI\Pleadings\Memo Supp Obj to Mot to Dismiss.doc