**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC., d/b/a GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | Civil Action No.: 06-CV-401-S (LDA) |

**DEFENDANT MERCHSAFARI, LLC'S REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTION TO MERCHSAFARI'S MOTION TO DISMISS**

Pursuant to Local Rule 7(b)(2), defendant MerchSafari, LLC ("MerchSafari") hereby submits this reply memorandum in response to Plaintiff Emissive Energy Corp.'s ("Emissive") Objection to Defendant MerchSafari's Motion to Dismiss and Request for Enlargement of Time to Respond and for Jurisdictional Discovery ("Emissive's Objection").

Emissive's Objection does not contain a scintilla of the required "colorable case for personal jurisdiction" to support its request for jurisdictional discovery. Emissive failed to submit any admissible factual evidence to support its case for personal jurisdiction nor its Rule 11 obligation when it chose to add MerchSafari to the country-wide collection of nine other defendants it selected to sue in Rhode Island. The only arguable basis is the summary allegation of jurisdiction based on the accessibility of MerchSafari's website in Rhode Island. It is well

settled law that mere availability of a website on the worldwide web does not subject the website operator to the jurisdiction of where the website may be accessed.

Accordingly, MerchSafari's Motion to Dismiss should be granted, and Emissive's request for enlargement of time to respond and for jurisdictional discovery should be denied.

## I. STANDARD OF REVIEW

Under First Circuit law, "a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for existence of in personam jurisdiction may be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." See, Negron-Torres v. Verizon Communications., Inc., 478 F.3d 19, 27 (1st Cir. 2007); See Also, Fed. R. Civ. P. 12(b)(2). Once the basic level of facts is reached, it is within the trial court's discretion whether or not to grant plaintiff's motion for jurisdictional discovery. See, U.S. v. Swiss Am. Bank, Ltd., 274 F.3d 610, 625 (1st Cir. 2001) (explaining the district court's broad discretion).

The Plaintiff's motion must: (1) be "timely and properly supported;" (2) must proffer a "colorable claim" for jurisdiction; and (3) must "present facts to the court to show why jurisdiction would be found if discovery were permitted." Id. at 625, 626. "Plaintiffs must specify the type of evidence they think they will find and provide detailed descriptions of any additional pertinent avenues of inquiry that they hope to pursue." Nordica USA Corp. v. Sorensen, 2007 U.S. Dist. LEXIS 13500 at 13 (D.N.H. 2007), citing U.S. v. Swiss Am. Bank, Ltd. at 626 (internal quotations omitted). "Failure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that request." Id, citing U.S. v. Swiss Am. Bank, Ltd. at 626, and Crocker v. Hilton Int'l Barbados, Ltd., 976 F.2d 797, 801 (1st Cir. 1992).

It has been held that in certain cases even when a plaintiff has been diligent and has properly supported a colorable claim for jurisdiction, the district court may still conclude that discovery is not required and be within its discretion in denying the request. See, U.S. v. Swiss Am. Bank, Ltd. at 625-626.

## II. EMISSIVE HAS NOT MADE A COLORABLE CASE FOR IN PERSONAM JURISIDICTION OVER MERCHSAFARI

"Whether or not plaintiffs have presented a 'colorable claim' of personal jurisdiction over defendants involves a two-step inquiry, looking first at [the state's] long-arm statute, and second at the limits of the due process clause." Nordica USA Corp. v. Sorensen, 2007 U.S. Dist. LEXIS 13500, n3, citing Trintec Indus. v. Pedre Promotional Prods., 395 F.3d 1275 (Fed. Cir. 2005).

First, the district court must determine whether the defendant is amenable to process, which usually depends on whether the defendant "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district is located." Fed. R. Civ. P. 4(k)(1)(A); Also See, Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998).

Second, the district court must ensure that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' that are embodied in the Due Process Clause." See, Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., at 1358, citing International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945).

It is the plaintiff's burden to demonstrate the existence of every fact required to satisfy both of the steps required for determination of a "colorable claim" of personal jurisdiction over defendant. See, Negron-Torres v. Verizon Communications., Inc., 478 F.3d at 24. Only after making out a colorable case for personal jurisdiction, a diligent plaintiff who sues an out-of-state

corporation may be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense. See, Sunview Condo. Association v. Flexel International, 116 F.3d 962, 964 (1st Cir. 1997). Emissive has failed to submit any admissible factual evidence to meet the "colorable claim" requirement.

Even assuming, without conceding that Emissive can make out the minimum colorable case to satisfy personal jurisdiction, Plaintiff must satisfy the due process requirement, which is a pivotal issue in the second step in determining whether a colorable case of personal jurisdiction has been made. Emissive must prove the existence of either general or specific jurisdiction. See, Negron-Torres v. Verizon Communications., Inc., 478 F.3d at 24. Emissive has failed to submit any admissible factual evidence to meet the due process requirements.

It is contrary to the intent and spirit and rulings of Federal law and the Federal Rules of Civil Procedure for an out of state party to be named as a party in a lawsuit, with no factual basis or claim of jurisdiction of the court in which the case was filed. .Belatedly, recognizing its deficiency, Emissive now asserts that jurisdictional discovery is needed so that "… Emissive can establish that MerchSafari is subject to personal jurisdiction in Rhode Island." See Emissive's Objection, p. 6. Emissive's understanding of the requirements for obtaining jurisdictional discovery is erroneous. Emissive woefully failed to do any jurisdictional checking prior to bringing suit, apparently because it was so eager to add as many party defendants that it could. Jurisdictional discovery is not a fishing expedition for Plaintiff to evaluate whether personal jurisdiction exists. Emissive must demonstrate the existence of a colorable claim for personal jurisdiction prior to obtaining jurisdictional discovery, which it has failed to show.

Emissive has relied only on the existence of MerchSafari's website to argue that it is entitled to jurisdictional discovery. As discussed in MerchSafari's Motion to Dismiss, "it is well

settled that the mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible." See, Subsalve USA Corp. v. Watson Manufacturing, Inc., 392 F. Supp. 2d 221, 223 (D.R.I. 2005). "Furthermore, given the omnipresence of internet websites today, allowing personal jurisdiction to be premised on such a contact alone would 'eviscerate' the limits on a state's jurisdiction over out-of-state or foreign defendants." Id. Emissive is mistaken in assuming that the mere existence of MerchSafari's website, and nothing more, entitles Emissive to jurisdictional discovery. If Emissive's assertion was correct, then all website operators would be subject to personal jurisdiction in all states and all districts. Such situation would simply be absurd, and contrary to the principles of due process.

## III. EMISSIVE HAS NOT PRESENTED ANY ADMISSIBLE FACTS TO THE COURT, TO SHOW WHY JURISDICTION WOULD BE FOUND IF DISCOVERY WERE PERMITTED.

"Failure to allege specifics contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that request." Nordica USA Corp. v. Sorensen, at 13, citing U.S. v. Swiss Am. Bank, Ltd. at 626. Emissive has failed to indicate any specific contact by MerchSafari with the forum state. Emissive is now belatedly seeking jurisdictional discovery, in the hopes of finding any information which may support its position. Such broad search expeditions are not allowed, unless Emissive can point to specific contacts relevant to establishing personal jurisdiction.

Emissive has not referenced any specific contacts by MerchSafari in its Objection. Further, Emissive has not submitted its own evidence that tends to counter the facts set forth in MerchSafari's declaration. In fact, Emissive clearly states that it is seeking a jurisdictional discovery to merely "test" MerchSafari's contention that it has no contacts with the forum state.

See Emissive's Objection, p. 6. ("Emissive should be permitted to test MerchSafari's contentions… ."). Emissive has the sequence backwards. It should have done its searching earlier, before it hauled a small Illinois company into this Court.

Accordingly, the Court should not allow Emissive to launch a fishing expedition in the hopes of finding evidence in support of personal jurisdiction over a small company that has no contacts with Rhode Island. Emissive has failed to show the specific contacts it proffers would support its request to obtain jurisdictional discovery.

## IV. CONCLUSION

MerchSafari respectfully requests that the Court grant MerchSafari's Motion to Dismiss, and deny Emissive's request for an enlargement of time to respond to MerchSafari's Motion to Dismiss and permission to conduct jurisdictional discovery.

Dated: April 12, 2007

Defendant,
MerchSafari, LLC,
By Its Attorneys,

/s/ Michael H. Feldhuhn

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, RI 02903
Tel. (401) 331-6600
FAX (401) 274-2780
LOCAL COUNSEL

Howard C. Miskin, pro hac vice
Gloria Tsui-Yip, pro hac vice
STOLL, MISKIN & BADIE
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118
Tel. (212) 268-0900
FAX (212) 268-0904

**CERTIFICATION**

I hereby certify that on this 12th day of April, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record:

Craig M. Scott, Esquire
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Michael H. Feldhuhn
Michael H. Feldhuhn