UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION | : | |
| | : | |
| v. | : | C.A. No. 06-401S |
| | : | |
| INNOVAGE, INC., et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before this Court is Merchsafari, LLC's ("Defendant" or "Merchsafari") Motion to Dismiss (Document No. 30) pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction) and 12(b)(3) (improper venue). Plaintiff Emissive Energy Corporation ("Plaintiff") filed an Objection to Defendant's Motion to Dismiss. (Document No. 34). In its Objection, Plaintiff requests an enlargement of time to respond and the opportunity to conduct jurisdictional discovery. Plaintiff alleges various federal and state claims for trademark infringement and unfair competition.

This matter has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). A hearing was held on April 25, 2007. For the reasons discussed below, this Court recommends that Plaintiff's request for jurisdictional discovery (Document No. 34) be DENIED and Defendant's Motion to Dismiss (Document No. 30) be GRANTED pursuant to Fed. R. Civ. P. 12(b)(2).

**Facts and Travel**

Plaintiff is a Delaware corporation with its principal place of business in North Kingstown, Rhode Island. Document No. 8, ¶ 1. It manufacturers and sells flashlights and other handheld lighting equipment under the INOVA brand name. Id. ¶¶ 1, 8. Plaintiff claims trademark rights in

the INOVA brand. Id. On September 7, 2006, Plaintiff filed its complaint against Innovage and Walgreens. See Document No. 1. On December 11, 2006, Plaintiff filed an Amended Complaint adding additional Defendants including Merchsafari. Plaintiff claims that Innovage, which sells flashlights under the INNOVAGE brand name, is infringing on its trademark. Document No. 8, ¶¶ 27-30. Apparently, Innovage sells flashlights and other goods to retailers and wholesalers, including Walgreens, Overstock and Merchsafari. Id. ¶ 29.

Merchsafari is a limited liability company with its sole place of business in Elkgrove Village, Illinois. Document No. 32; Declaration of Herman Bowman, ¶ 1. Merchsafari is owned by Herman Bowman, the Company's only employee. Id., ¶ 2. Merchsafari's only source of sales is through its interactive website. Id., ¶ 3. It has no offices or operations in Rhode Island. Id., ¶¶ 4, 6-8. It is not authorized or registered to conduct business in Rhode Island. Id., ¶ 6. Merchsafari has not sold or shipped any merchandise to Rhode Island, including products bearing the Accused Mark. Id., ¶ 5. Although available to Rhode Island residents on the web, its website does not target Rhode Island residents. Id., ¶ 9.

## Discussion

### A. Jurisdictional Discovery

A plaintiff who sues an out-of-state corporation and who makes out a "colorable case" for the existence of personal jurisdiction may be entitled to conduct jurisdictional discovery if the defendant asserts a jurisdictional defense. Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962, 964 (1st Cir. 1997). The district court has broad discretion to determine whether or not such discovery is warranted. See, e.g., Nordica USA Corp. v. Ole Sorensen, 475 F. Supp. 2d 128 (D.N.H. 2007). When a defendant challenges personal jurisdiction, the court may defer pretrial discovery

if the record indicates that discovery is unnecessary (or "unlikely to be useful") in regard to establishing the essential jurisdictional facts. Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 39 (1st Cir. 2000). Here, Plaintiff claims Defendant is selling Innovage products through its website and claims these products violate Plaintiff's trademark. The record contains a declaration from Mr. Herman Bowman, the Owner and sole employee of Merchsafari. (Document No. 32). According to Bowman's sworn declaration, Merchsafari has no contacts with Rhode Island except that its website is accessible to Rhode Island residents. Generally, personal jurisdiction must be based on more than this limited cyber-contact. See, e.g., Subsalve USA Corp. v. Watson Mfg., Inc., 392 F. Supp. 2d 221, 223 (D.R.I. 2005).

In addition, Bowman represents under penalty of perjury that Defendant has never sold or shipped any item from its website to Rhode Island. Although Plaintiff argues that jurisdictional discovery may reveal a basis for personal jurisdiction, its argument is unconvincing. At the hearing, Plaintiff's counsel did not controvert or attempt to controvert any of the assertions in Bowman's declaration. Rather, he speculated that discovery of Defendant's wholesale customers could reveal that one or more is "perhaps [ ] a Massachusetts company, that's on the border perhaps" and may have resold to a Rhode Island resident. Plaintiff offered no facts in support of this scenario.[1] In addition, even assuming it had supporting facts, Plaintiff has not identified any case law supporting the assertion of personal jurisdiction based solely on such downstream retail resales by an out-of-state wholesale customer.

---

[1] Plaintiff's counsel indicated that it is "not unreasonable to believe that Defendant is selling to other internet retailers who then are selling those products, placing them into the stream of commerce and then coming into Rhode Island." However, he recognized later that Defendant would likely not know who such downstream retailers are selling to.

It is Plaintiff's obligation to present facts to the court to show why jurisdiction would be found if jurisdictional discovery were permitted. U.S. v. Swiss Am. Bank, Ltd., 274 F.3d 610, 626 (1st Cir. 2001). Plaintiff has failed to do so here and has failed to proffer any facts to support a "colorable claim" of personal jurisdiction. Id. ("[f]ailure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that request."). Therefore, Plaintiff's request for jurisdictional discovery is DENIED.

**B. Personal Jurisdiction**

Plaintiff sets forth the following jurisdictional facts in its Amended Complaint:

> This Court has jurisdiction over...Merchsafari and venue is properly laid in this Court under 28 U.S.C. § 1391(b) and (c) inasmuch as...Merchsafari offer[s] products for sale on [its] interactive web site[], including those bearing the Accused Mark, that are directed to consumers and retailers in this judicial district and are readily accessible to Internet users in this judicial district.

Plaintiff argues that these facts provide a sufficient basis for the Court to exercise specific jurisdiction. The Court disagrees with Plaintiff's assessment of the facts and the relevant law.

To establish specific jurisdiction over the Defendant, Plaintiff is required to adduce facts which show a "demonstrable nexus between...a plaintiff's claims and a defendant's forum based activities." Swiss Am. Bank, Ltd., 274 F.3d at 618 (quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)). The First Circuit has developed a three-prong test for analyzing the due process considerations for the existence of specific personal jurisdiction:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts

> foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992). In order for a court to exercise specific personal jurisdiction, all three factors – relatedness, purposefulness and reasonableness – must be satisfied.

As to the first element, it is clear that Defendant has not engaged in any activities in Rhode Island and has not sold any of the disputed product into Rhode Island. Thus, the litigation cannot be said to arise from Merchsafari's forum-state activities, and the 'relatedness' factor is not satisfied.

Turning to the purposefulness factor, the jurisdictional issue presented here is identical to that considered by Magistrate Judge Lovegreen of this Court in Swarovski Optik N.A. Ltd. v. Euro Optics, Inc., No. 03-90ML, 2003 WL 22014581 (D.R.I. Aug. 25, 2003) (Report and Recommendation of Dismissal under Fed. R. Civ. P. 12(b)(2) – accepted over objection by District Judge Lisi on April 27, 2004). In Swarovski, the out-of-state defendant had "no connections with Rhode Island except a website that can be accessed by Rhode Island residents, and through which Rhode Islanders 'could' purchase products." Id. at *1. Thus, Judge Lovegreen determined that the "precise question raised [was] whether the operation of a commercially interactive website accessible in the forum state is sufficient alone to support specific personal jurisdiction." Id. at *3. He answered that question in the negative and held that "additional evidence" of purposeful availment is necessary. Id. Ultimately, after a thorough analysis of the facts and case law, Judge Lovegreen concluded that the out-of-state defendant had not "purposefully availed itself of the privilege of conducting business in [Rhode Island]" solely based on the operation of an interactive website which is available to Rhode Islanders and "could" be used by a Rhode Islander to make a

purchase. Id. at *9. Thus, he recommended that the out-of-state defendant's Fed. R. Civ. P. 12(b)(2) motion to dismiss be granted and District Judge Lisi accepted that recommendation. Since the operative facts presented in this case are identical to those considered by Judge Lovegreen in Swarovski and there has been no intervening change in the applicable law, this Court adopts his reasoning and concludes that the availability of Defendant's interactive website to Rhode Island residents is not sufficient by itself to support a finding of purposeful availment.

More recently, in Subsalve, District Judge Smith cited favorably to Judge Lovegreen's Swarovski decision and found a lack of personal jurisdiction under similar facts. Judge Smith also found support in the First Circuit's recent decision in McBee v. Delica Co., Ltd., 417 F.3d 107, 124 (1st Cir. 2005) (addressing analogous issue of extraterritorial jurisdiction under the Lanham Act). In McBee, the Court of Appeals noted the principle that the "mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum." Id. (citations omitted). "[G]iven the omnipresence of Internet web sites today, allowing personal jurisdiction to be premised on such a contact alone would 'eviscerate' the limits on a state's jurisdiction over out-of-state or foreign defendants." Id. (citation omitted). Because the Court finds that Plaintiff has failed to establish the first two elements of its claim for specific jurisdiction, it need not go further with its discussion. Accordingly, based on the foregoing analysis, this Court recommends that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 30) be GRANTED.

## Conclusion

For the reasons discussed above, this Court recommends that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction (Document No. 30) be GRANTED and Plaintiff's Request for Jurisdictional Discovery (Document No. 34) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 7, 2007