UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC. d/b/a/ GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | C.A. NO. 06-401S |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ALMOND**

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 72(b), Plaintiff Emissive Energy Corporation ("Emissive") objects to the May 7, 2007 Report and Recommendation of Magistrate Judge Almond (the "Report"). The Report recommends denying Emissive's Motion to Conduct Jurisdictional Discovery and granting Defendant Merchsafari, LLC's ("Merchsafari") Motion to Dismiss for Lack of Jurisdiction. In the Report, Magistrate Judge Almond committed the following two errors, each of which deprives Emissive of a fair opportunity to meet the bald factual assertions of Merchsafari that this Court lacks jurisdiction over it:

(1) The Magistrate Judge applied the wrong legal standard in denying Emissive's Motion to Conduct Jurisdictional Discovery and wrongly limited Emissive to

publicly-available information about Merchsafari's contacts with the State of Rhode Island; and

(2) The Magistrate Judge disregarded facts that are sufficient to deny Merchsafari's Motion to Dismiss or, at a minimum, to defer ruling to allow Emissive to conduct jurisdictional discovery.

## II. FACTS

Emissive's federally-registered INOVA® brand encompasses the Microlight, the 24/7®, the X1®, the X5®, the XO™ and the XO3™ family of lighting products. (First Amended Complaint, ¶ 19.) Emissive distinguishes the INOVA® brand in the marketplace by offering flashlights with superior design, performance, functionality and durability as well as industry-leading customer service. (*Id.* ¶ 20, 21.)

Innovage is selling LED flashlights branded with the trademark INNOVAGE (the "Accused Mark"), which is confusingly similar to Emissive's federally registered INOVA® trademark, at Walgreens retail drug stores in Rhode Island and on Internet web sites accessible in Rhode Island. (*Id.*, ¶¶ 2, 30, 41.) Accordingly, Emissive initiated this action for federal trademark infringement, federal unfair competition and false designation of origin and common law unfair competition against both Innovage and Walgreens. After filing the Complaint, Emissive learned that additional companies, including Merchsafari, are selling infringing products on the Internet denominated with the Accused Mark and, thus, filed its First Amended Complaint to add them as party defendants. (*Id.*)

On March 12, 2007, Merchsafari filed a motion to dismiss for lack of personal jurisdiction and improper venue. Merchsafari's principal contention is that this Court cannot exercise jurisdiction over it because its web site is not directed toward Rhode Island residents; it

does not advertise its web site in Rhode Island; it has not sold products to Rhode Island residents; it has no other contacts with Rhode Island; and it does not target Rhode Island residents. (*See* Merchsafari's Motion to Dismiss ("Motion to Dismiss"), p. 6.) In support thereof, Merchsafari offered the Declaration of its owner, Herbert Bowman. The Declaration is sparse, self-serving, in conflict with publicly-available information concerning Merchsafari's business and is not supported by documentary evidence. It does, however, acknowledge that Merchsafari makes sales through its web site, and its web site is accessible to Rhode Island residents. (*See* Bowman Decl. ¶¶ 3, 9.).

On March 29, 2007, Emissive moved to enlarge the time to respond to Merchsafari's Motion to Dismiss and sought to conduct limited jurisdictional discovery as to the business activities of Merchsafari and its agents in Rhode Island. Without such further exploration of Merchsafari's sales, marketing and business activities relative to Rhode Island through jurisdictional discovery, Emissive was unable to investigate Merchsafari's assertions, and Merchsafari had rebuffed Emissive's attempts to obtain this information without Court intervention.

After a hearing on the motions, Magistrate Judge Almond issued the Report. He held that Emissive did not set forth a colorable basis for the existence of personal jurisdiction. This finding is factually and legally erroneous. Moreover, Magistrate Judge Almond's finding that Emissive did not set forth sufficient facts for the Court to exercise specific jurisdiction is both premature and incorrect. Notwithstanding that Emissive was deprived of the opportunity to obtain discovery and test the assertions of Merchsafari's Declaration, on the facts before the Court, the motion to dismiss should be denied.

## III. ARGUMENT

### A. Standard of Review

Where an objection to a Report and Recommendation of a Magistrate Judge is filed, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1). This Court may accept, reject, or modify Magistrate Judge Almond's findings and recommended disposition and may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See id.*

### B. Magistrate Judge Almond Erred in Denying Emissive the Right to Conduct Jurisdictional Discovery.

#### 1. Emissive Satisfied the Standard for Jurisdictional Discovery.

Jurisdictional discovery is common in this district. *See, e.g., Astro-Med v. Plant*, No. 06-533ML-DLM (D.R.I. April 3, 2007). This is because, as a general rule, discovery is permitted to ascertain facts bearing on issues ancillary to merits of the case, such as jurisdiction, class action certification and venue. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389 (1978). In accord with this principle, a diligent plaintiff suing an out-of-state corporation is entitled to jurisdictional discovery if it makes out a colorable case for personal jurisdiction. *See Sunview Condominium Assoc. v. Flexel International Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997); *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-256 (1st Cir. 1966).

Emissive has made out a colorable case for personal jurisdiction. As discussed more fully below, Emissive has satisfied the three-prong inquiry for determining personal jurisdiction over a party. Moreover, Emissive has been diligent. Emissive added Merchsafari to this action when it discovered that Merchsafari is advertising products for sale on its web site that infringe

Emissive's INOVA® trademark.[1] When Merchsafari moved to dismiss for lack of personal jurisdiction, Emissive sought to conduct jurisdictional discovery. Its informal request was rebuffed by Merchsafari. (*See* Plaintiff's Objection to Merchsafari's Motion to Dismiss, pp. 3, 5.) Thereafter, Emissive sought relief with this Court. Accordingly, Emissive has been reasonably attentive in this matter and pursued all its rights under the law.

2. <u>Magistrate Judge Almond Sanctioned A Constitutionally Infirm Procedure For Deciding Motions for Jurisdictional Discovery</u>.

The Report appears to adopt wholesale the unsupported assertions of the Bowman Declaration—evidence that Emissive had no *opportunity* to meet at the hearing.[2] (*See* Report at 3.) Magistrate Judge Almond ultimately holds that jurisdiction is lacking on the basis of the "facts" asserted in the Declaration: "According to Bowman's sworn declaration, Merchsafari has no contacts with Rhode Island except that its website is accessible to Rhode Island residents. Generally, personal jurisdiction must be based on more than this limited cyber-contact." *Id.* To force a party to oppose a motion to dismiss for lack of jurisdiction on affidavits alone without discovery, however, has been soundly rejected by the First Circuit:

[1] The availability of Merchsafari's web site to Rhode Island residents increases the likelihood that said resident, searching for Emissive's products, is being redirected to Merchsafari's web site, thereby depriving Emissive of sales. *See McBee v. Delica Co., Ltd.*, 417 F.3d 107, 125 (1st Cir. 2005) (finding that reputational harm and confusion can be inferred from consumers' exposure to an infringing mark on a publicly-available web site).

[2] With specific reference to the assertion that Merchsafari has never sold or shipped any item from its website to Rhode Island, Magistrate Judge Almond goes so far as to chide Emissive for not meeting the assertions in the Declaration: "At the hearing, Plaintiff's counsel did not controvert or attempt to controvert any of the assertions in Bowman's declaration." (Report at p. 3.) Without discovery or, at the least, the opportunity to cross-examine Mr. Bowman, Emissive simply did not have information at its disposal to controvert this averment. This will generally be true, however, for any non-public company because sales information is not readily available to the general public. Under Magistrate Judge Almond's standard, Internet-based companies like Merchsafari can always defeat jurisdiction by filing a Declaration denying sales into the jurisdiction.

> A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery. If the court did not choose to hear witnesses, this may well have been within its province, but in such event plaintiff was certainly entitled to file such further interrogatories as were reasonably necessary and, if he wished, to take depositions. The condemnation of plaintiff's proposed further activities as a 'fishing expedition' was unwarranted. When the fish is identified, and the question is whether it is in the pond, we know no reason to deny a plaintiff the customary license.

*Surpitski*, 362 F.2d at 255-56. Here, there can be no question that Merchsafari is the right fish—it sells products bearing the Accused Mark over the Internet on a web site available to Rhode Island residents and is one of the largest importers of general merchandise in the country. The only question remains whether Merchsafari is in the Rhode Island pond.

Moreover, Magistrate Judge Almond erred in reflexively crediting the Bowman Declaration. On its face, the Bowman Declaration is suspect. Mr. Bowman claims that Merchsafari is "a small company," but Merchsafari states on its web site that it is "one of the nations (sic) largest direct importers of general merchandise and premiums." (*Cf. Exhibit A* to Bowman Decl. ¶ 2). It also ignores its channels of distribution[3] that place products bearing the Accused Mark into the stream of commerce, which is relevant to the foreseeability of Merchsafari's contacts in this jurisdiction. To state that Merchsafari has made no sales in Rhode Island is disingenuous. Although no direct sales may have been made, if Merchsafari placed products bearing the Accused Mark into the stream of commerce, this Court may still exercise jurisdiction. *See, e.g., World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). In light of the foregoing, Merchsafari's self-serving Declaration purporting to defeat jurisdiction does not ameliorate the need for jurisdictional discovery.

---

[3] According to Merchsafari's web site, it sells to retailers and promotional companies.

**B. Magistrate Judge Almond Erred in Finding That This Court Lacks Personal Jurisdiction Over Merchsafari.**

Even absent the discrete jurisdictional discovery sought by Emissive, this Court's exercise of personal jurisdiction over Merchsafari is proper. Questions of personal jurisdiction are resolved on a case-by-case basis under the strictures of "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 485-86 (1985); *see also Kulko v. California Superior Court*, 436 U.S. 84, 92 (1978). Accordingly, the jurisdictional inquiry is not a mechanical exercise, but rather concepts of reasonableness must inform a properly performed minimum contacts analysis. *See, e.g.*, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *Burger King*, 471 U.S. at 485 (rejecting the use of jurisdictional formulas); *see also Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 468, n.7 (1st Cir. 1994) ("Determining personal jurisdiction has always been more an art than a science"). Under this rubric, Rhode Island courts will exercise personal jurisdiction over a non-resident defendant where the mandates of Rhode Island's long-arm statute are satisfied and hailing the defendant into court in Rhode Island complies with the due process clause of the Fourteenth Amendment to the United States Constitution. *Levinger v. Matthew Stuart & Co.,* 676 F. Supp. 437, 439 (D.R.I. 1988). Due process requirements are satisfied[4] when *in personam* jurisdiction is asserted over a non-resident corporation that has certain minimum contacts with the forum state, such that maintenance of the suit does not violate traditional notions of fair play and substantial justice. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984).

[4] Since Rhode Island's long-arm statute reaches to the full extent allowable under the Fourteenth Amendment, it is only necessary to look to the due process requirements. *Conn v. ITT Aetna Finance Co.*, 105 R.I. 397, 402, 252 A.2d 184, 186 (1969).

This Court utilizes a three-prong test to determine whether sufficient contacts exist to allow this Court to exercise specific personal jurisdiction. *See Northeastern Land Servs., Ltd. v. Schulke*, 988 F. Supp. 54, 57 (D.R.I. 1997). "First, the claim underlying the litigation must directly arise out of, or relate to, defendant's forum-state activities. Second, the defendant's forum-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's court foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable." *Northeastern Land Servs, Ltd.*, 988 F. Supp. at 57, citing, *Nowak* 94 F.3d at 712-13 (citations omitted); *see also Brian Jackson & Co. v. Eximias Pharmaceutical Corp.*, 248 F. Supp.2d 31, 35 (D.R.I. 2003).

Emissive satisfies all three prongs of the test. First, Emissive's claims of trademark infringement and unfair competition directly arise out of, or relate to, Merchsafari's Rhode Island activities. Indeed, in the case of trademark infringement, this Court has established a *per se* rule that "trademark infringement via a continuously available Internet web site satisfies the relatedness requirement." *Subsalve USA Corp. v. Watson Mfg., Inc.*, 392 F. Supp. 2d 221, 222 (D.R.I. 2005) (citing *Swarovski Optik N. Am. Ltd. v. Euro Optics, Inc.*, No. 03-090ML, 2003 WL 22014581, at *5 (D.R.I. Aug. 25, 2003)). Magistrate Judge Almond ignores this precedent. Instead, he holds, without authority, that there is no "relatedness" because "Defendant has not engaged in any activities in Rhode Island and has not sold any of the disputed product into Rhode Island." (Report, p. 5). This finding is factually and legally incorrect. Here, Merchsafari engaged, at a minimum, in trademark infringement via a continuously available interactive web

site that promotes products bearing the Accused Mark.[5] Under the settled case law, this meets the relatedness requirement.

The second prong is also satisfied by Merchsafari's tortious conduct. This Court has held that "the purposeful availment doctrine does not apply to tort claims." *McAleer v. Smith*, 715 F. Supp. 1153, 1157 (D.R.I. 1989) (reasoning that "[t]ortfeasors are at odds with the privileges, benefits, and protections of local laws"); *see also Northeastern Land Servs.*, 988 F. Supp. at 59 ("This district has previously recognized the limited relevance of the conventional availment inquiry in tort actions"); *Thompson Trading, Ltd. v. Allied Lyons PLC*, 123 F.R.D. 417, 426 (D.R.I. 1989) ("one committing a tort in a forum does not purposefully avail himself of the benefits and protections of its laws, since such laws are not supporting and protecting his illegal activities"). Instead, "jurisdictional determinations in tort cases focus on the causal link between the forum contact and the allegedly tortious act." *McAleer*, 715 F. Supp. at1157; *see also Anderson v. Century Prods. Co.*, 943 F. Supp. 137, 143 (D.N.H. 1996) ("the general rule is if defendant, through out-of-state conduct, intentionally causes a tortious injury in the forum, jurisdiction will lie for claims arising from that injury") (citing *Hugel v. McNell*, 886 F.2d 1, 4 (1st Cir. 1989)); *Rivera v. Bank One*, 145 F.R.D. 614 (D.P.R. 1993) (finding sufficient contacts where act of defendant outside the state caused a tortious injury within the state). As established

[5] In addition, Magistrate Judge Almond casually dismisses the fact that sales of products by Merchsafari, a distributor, bearing the Accused Mark are placed into the stream of commerce that, through retailers, reach Rhode Island consumers. Specifically, the Magistrate Judge states, "Defendant would likely not know who such downstream retailers are selling to." (Report at 3, n. 1.). Knowing who retailers resell their products to has no bearing on the test for jurisdiction. Rather, jurisdiction must be based upon reasonableness and foreseeability. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). If, for instance, Merchsafari distributes to Walgreens, it is reasonable and foreseeable that Walgreens would resell products bearing the Accused Mark in Rhode Island. The notion that jurisdiction can only be based upon Merchsafari's knowledge of who, in particular, the downstream retailers are selling to imposes a threshold not required by any case law.

above, Merchsafari is intentionally and tortiously advertising products bearing the Accused Mark for sale on its web site, which is available to residents in this jurisdiction.[6]

Finally, Emissive satisfies the Gestalt factors. When a defendant seeks to defeat jurisdiction, it must present compelling evidence that some other considerations would render jurisdiction unreasonable. *Burger King*, 471 U.S. at 477, 105 S. Ct. at 2184-2185. These considerations include: (1) the burden on the defendant; (2) the interests of the forum state; (3) plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* Merchsafari has failed to carry its burden.

First, the burden on Merchsafari is minimal. Merchsafari claims only one employee, Mr. Bowman, and he is based in Illinois. With modern travel and communication, it is much less burdensome for a party to defend itself in another forum. *See Id.*, 471 U.S. at 474, 105 S. Ct. at 2183. Moreover, if Merchsafari is willing to market and sell its products over the Internet and infringe the trademarks of a Rhode Island corporation, it can certainly appear here to answer for its tortious actions harming Emissive in Rhode Island.

In any event, any potential travel burden on Merchsafari is outweighed by the remaining considerations. Rhode Island has an obvious interest in providing a forum to litigate encroachments upon the trademarks and perpetration of unfair competition against Rhode Island companies, such as North Kingstown-based Emissive. *See Northeastern Land Servs.*, 988 F. Supp. at 59. Rhode Island offers the most efficient forum for resolving all of the issues in this

[6] It is unclear from the opinion in *Subsalve*, 392 F. Supp. 2d 221, whether the Court was asked to consider that the purposeful availment prong does not apply in tort cases. In any event, *Subsalve* is distinguishable from the case at bar in that *Subsalve* concerned the lawfulness of the use of certain domain names under various theories, not trademark infringement through the sale of consumer goods by an infringing distributor.

case because the substantially related claims against Innovage, Inc., Walgreen Co. and seven other defendants selling products bearing the accused mark on the Internet are pending here. The fifth factor—the shared public policy consideration—does not appear to sway the analysis either way because there are no fundamental social policies that would be offended through exercise of jurisdiction in Rhode Island.

For all of these reasons, specific personal jurisdiction is properly exercised over Merchsafari. Alternatively, at a minimum, the Court has before it sufficient facts to defer ruling to allow Emissive to conduct jurisdictional discovery.

## IV. CONCLUSION

Emissive respectfully requests that the Court reject the Report and grant Emissive's Motion to Conduct Jurisdictional Discovery as to the business activities of Merchsafari and its agents in Rhode Island.

Respectfully submitted,
EMISSIVE ENERGY CORPORATION
By its attorneys,

/s/ Craig M. Scott

Craig M. Scott, Esq. (# 4237)
Byron L. McMasters, Esq. (#7754)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: May 21, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within *Plaintiff's Objection to Report and Recommendation* was filed through the ECF system on the 21st day of May, 2007, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

***Via Electronic Filing***
Michael H. Feldhuhn, Esq.
56 Pine Street, Suite 200
Providence, RI 02903

Howard Charles Miskin
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

Gloria Tsui-Yip, Esq.
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

Thomas C. Chase, P.A.
1404 Dean Street, Suite 200
P.O. Box 1508
Fort Myers, FL 33902

Harrison Bros. Inc. d/b/a
Good Buy Guys
c/o William Regan Burton
132 Willow Way
Chapel Hill, NC 27516-9305

Mary Sedivy d/b/a
Aspen Country Store.com
4267 E. Easter Place
Centennial, CO 80122

Merchandise for You
100 Plum
Healdton, OK 73438

Northern Mountain Supply
c/o Mark Caristrom
125 West Fifth Street
Eureka, CA 95501

Philip Franken d/b/a
Auctionatic Store
Online Corp.
335 Bismark Road
Jackson NJ

/s/ Craig M. Scott

*H:\Clients\Emissive Energy\Innovage - RI\Pleadings\Mem Supp Obj to R & R 05-16-07.doc*