**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC., d/b/a GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | Civil Action No.:<br>06-CV-401-S (LDA) |

**DEFENDANT MERCHSAFARI, LLC'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ALMOND**

Pursuant to Local Rule 72(d)(3), defendant MerchSafari, LLC ("MerchSafari") hereby responds to Plaintiff Emissive Energy Corp.'s ("Emissive") Objection to the Report and Recommendation of Magistrate Judge Almond dated May 7, 2007.

MerchSafari filed a Motion to Dismiss for lack of jurisdiction and improper venue, on or about March 12, 2007. Docket Nos. 30-32. This Court referred the motion to Magistrate Judge Almond. Emissive filed an opposition that contains a one page argument to the motion and requested jurisdictional discovery. Docket No. 34. After full briefing and hearing oral arguments, Magistrate Judge Almond issued a detailed and reasoned Report and Recommendation on May 7, 2007, granting MerchSafari's Motion to Dismiss and denying

Plaintiff's request for jurisdictional discovery. Docket No. 40. Emissive filed an objection to the Report and Recommendation on May 21, 2007 ("Emissive's Objection").

The Court should reject Emissive's Objection and should accept Magistrate Judge Almond's comprehensive Report and Recommendation in its entirety. Emissive's Objection contains new arguments which were not seasonably raised before Magistrate Judge Almond, which should be rejected summarily. Further, Emissive repeats its failed arguments in support of this Court's personal jurisdiction over MerchSafari, when the facts and precedent clearly dictate that personal jurisdiction may not be found merely on the basis of a website accessible by a forum state's residents. Emissive has not presented any admissible evidence or supportable argument to warrant rejection or modification of the Report and Recommendation of Magistrate Judge Almond.

## I. ARGUMENT

### A. STANDARD OF REVIEW

Federal Rules of Civil Procedure Rule 72 governs the standard of review of a Magistrate Judge's decision of a dispositive motion, stating in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Federal Rules of Civil Procedure Rule 72(b).

"The standard for reversing a district court's decision to disallow jurisdictional discovery is high." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 626 (1st Cir. 2001). The trial court has broad discretion in determining whether to grant jurisdictional discovery.

See, Id. "[A] ruling will be overturned only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party." Id, citing, Crocker v. Hilton Int'l Barbados, Ltd., 976 F.2d 797, 801 (1st Cir. 1992) and Noonan v. Winston Co., 135 F.3d 85, 94 (1st Cir. 1998).

B. EMISSIVE MAY NOT PRESENT NEW ARGUMENTS

If the issue is not raised and argued within the original motion papers or during the oral argument before the Magistrate Judge, the issue is considered conceded and may not be argued in an Objection to a Magistrate Judge's Report and Recommendation. Review is limited to the issues actually raised before the Magistrate.

In Chrabaszcz v. Johnston School Committee, 2006 WL 858097 (D.R.I. 2006), this court wrote:

> De novo review, however, is circumscribed in one important respect. As unequivocally stated by the First Circuit, this Court's review of a Magistrate's R & R does not contemplate consideration of arguments never seasonably raised before the Magistrate. See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir.1988) (litigants may not "feint and weave at the initial hearing, and save [the] knockout punch for the second round"); Borden v. Sec'y of Health & Human Services, 836 F.2d 4, 6 (1st Cir.1987) ("Parties must take before the magistrate not only their best shot but all of their shots.") (internal citation and quotation marks omitted).

Chrabaszcz, 2006 WL 858097.

In this case, Emissive submitted a one page Argument in its Opposition to MerchSafari's Motion to Dismiss. Docket No. 34. Only after receiving an unfavorable Report and Recommendation did Emissive decide to file an Objection that expanded its arguments to include new issues.

Emissive has raised a new issue concerning MerchSafari's allegedly "tortious conduct." See, Emissive's Objection Memorandum, p. 9 (Docket No. 43). In support of its argument, Emissive lists a number of cases where intentional causation of tortious injury within a state resulted in a finding of personal jurisdiction. First, Emissive's reliance on those cases is misplaced because MerchSafari has not "intentionally" caused tortious injury. In fact, the unchallenged evidence shows that MerchSafari did no business in Rhode Island and hence, it is difficult to see how MerchSafari could commit tortious injury. Second, Emissive did not raise this argument in its Opposition to MerchSafari's Motion to Dismiss or during the oral arguments before Magistrate Judge Almond. Therefore, Emissive is foreclosed from asserting this new argument during this "second round." See, Chrabaszcz v. Johnston School Committee, 2006 WL 858097 (D.R.I. 2006).

Even assuming this new argument is considered by the Court, it is without merit. See, §I(G), supra.

C. EMISSIVE IS NOT A DILIGENT PLAINITFF AND SHOULD NOT BE REWARDED AND PERMITTED TO OBTAIN JURISDICTIONAL DISCOVERY

"A diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for existence of in personam jurisdiction may be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." See, Negron-Torres v. Verizon Communications., Inc., 478 F.3d 19, 27 (1st Cir. 2007) (emphasis added).

Emissive wrongly asserts that it has been "diligent." See, Emissive's Objection Memorandum, p. 4. In discussing its "diligence," Emissive points to the fact that it "added MerchSafari to this action when it discovered that MerchSafari is advertising products for sale on its web site that infringe Emissive's INOVA trademark." See, Id. Emissive misinterprets the meaning of "diligent" as required under the established precedence. In Surpitski v.

Hughes-Keenan Corp., 362 F.2d 254 (1st Cir. 1966), the Court refers to the plaintiff's diligence by noting that "plaintiff had at least made good headway, and shown his position not to be frivolous." Here, Emissive's actions in asserting jurisdiction are frivolous because it chose to add MerchSafari to its long list of defendants without even seeking to determine whether a colorable basis of jurisdiction existed. It is clear that Emissive did not investigate whether there is personal jurisdiction over MerchSafari prior to amending its Complaint and adding MerchSafari to the list of Defendants.[1] Emissive did not, and could not, support and has not supported a colorable basis of jurisdiction to warrant the grant of jurisdictional discovery. The Magistrate Judge's decision carefully reviewed the limited evidence on this matter, to hold that there was no basis of jurisdiction here.

"It is well settled that the mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible." See, Subsalve USA Corp. v. Watson Manufacturing, Inc., 392 F. Supp. 2d 221, 223 (D.R.I. 2005). "Furthermore, given the omnipresence of internet websites today, allowing personal jurisdiction to be premised on such a contact alone would 'eviscerate' the limits on a state's jurisdiction over out-of-state or foreign defendants." Id. Emissive should have realized upon even a cursory review of the current case law, that MerchSafari's website does not create the requisite minimum contact to result in personal jurisdiction. As the Subsalve case (supra) noted, if such was the case, anyone with a website would be subject to personal jurisdiction in all states and all forums. Such result is at odds with the concepts of fair play and substantial justice under the due process clause and case law interpreting it.

[1] See, Plaintiff's Objection Memorandum, p. 2. ("After filing the Complaint, Emissive learned that additional companies, including MerchSafari, are selling infringing products on the Internet denominated with the Accused Mark and, thus, filed its First Amended Complaint to add them as party defendants.")

A "diligent plaintiff" is a plaintiff that conducts a diligent investigation prior to filing an action against a defendant, not a plaintiff that runs to the courthouse upon identification of a possible defendant. "[A] plaintiff must be diligent in preserving his rights to be entitled to jurisdictional discovery." Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962, 964 (1st Cir. 1997). "This includes the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted." Also, see, Compagnie De Bauxites De Guinee v. L'Union Atlantique S.A., 723 F.2d 357, 362 (3d Cir. 1983) (indicating that discovery may be disallowed if the assertion of jurisdiction appears frivolous).

Emissive does not present any fact to show why this Court will have personal jurisdiction if discovery were permitted. Emissive only asserts hypothetical situations that jurisdiction may be found after it conducts jurisdictional discovery.[2] This is a fatal flaw in Emissive's argument, and Emissive should not be allowed to conduct jurisdictional discovery in a frivolously filed action against MerchSafari, hoping for the possibility of finding evidence which may support jurisdiction.

D. EMISSIVE FAILS TO PROVE MERCHSAFARI'S PURPOSEFUL AVAILMENT IN THE FORUM STATE

In Asahi Metal Industry v. Superior Court of California, 480 U.S. 102, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987), Justice O'Connor concluded that the mere placement of a product into the stream of commerce with an awareness that may end up in a specific state is not enough to

[2] During the Oral Argument, Emissive's counsel, Mr. McMasters stated "…retailers may sell the product into Rhode Island, you know, perhaps a Massachusetts company that's on the border, perhaps, you know, other retailers." See, Transcript p. 11. Mr. McMaster further noted that if it is found that if discovery leads to the facts similar to those of Bowman's Affidavit, Emissive "may conclude that jurisdiction is not founded under currently existing law." See, Transcript p. 13. Emission Objection Memo, p. 9, fn. 5, stated that: "If, for instance, Merchsafari distributes to Walgreens, it is reasonable and foreseeable that Walgreens would resell products bearing the Accused Mark in Rhode Island." (emphasis added). The fact is that Merchsafari did NOT sell the allegedly infringing products to Walgreens.

establish minimum contacts, and some "additional conduct" is needed to establish purposeful availment. See, Asahi Metal Industry v. Superior Court of California, at 112.

In Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997), Sunview argued, as Emissive does here, that the defendant purposefully availed itself of the privilege of doing business in the forum state, and therefore subjected itself to suits arising out of its forum state-directed activities. The Appeals Court agreed with District Court Judge, and rejected Plaintiff's argument, holding, that Sunview had pointed to "insufficient contacts to establish … purposeful availment." Sunview Condo. Ass'n v. Aztech Int'l, Ltd., at 965.

Emissive has pointed to no "additional conduct" by MerchSafari, as required by Supreme Court precedents, which would show "purposeful availment" and therefore subject MerchSafari to personal jurisdiction. An example of such additional conduct which illustrates purposeful availment is if a defendant marketed a product through a distributor who has agreed to serve as the sales agent in the forum state. See, Asahi Metal Industry v. Superior Court of California, at 112. Contrary to Emissive's assertions, the mere existence of a website, without any other contacts with the forum state, does not support a finding of purposeful availment to warrant asserting personal jurisdiction.

### E. EMISSIVE FAILS TO PROVIDE DETAILED INFORMATION ON THE EVIDENCE THEY HOPE TO FIND

"Plaintiffs must specify the type of evidence they think they will find and provide detailed descriptions of any additional pertinent avenues of inquiry that they hope to pursue." Nordica USA Corp. v. Sorensen, 2007 U.S. Dist. LEXIS 13500 at 13 (D.N.H. 2007), citing, U.S. v. Swiss Am. Bank, Ltd. at 626 (internal quotations omitted). "Failure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can

be fatal to that request." Id, citing, U.S. v. Swiss Am. Bank, Ltd. at 626, and Crocker v. Hilton Int'l Barbados, Ltd., 976 F.2d 797, 801 (1st Cir. 1992).

During oral argument, the Court inquired about specific information on the type and scope of jurisdictional discovery that Emissive is seeking. See, Transcript pp.10-11. Emissive was unable to provide a reasonable response to the Court's question. Id. p.11. Emissive's counsel attempted to rationalize Emissive's request for jurisdictional discovery by stating that "[s]imply because a retailer may not be based out of Rhode Island, that retailer may sell the product into Rhode Island, you know, perhaps a Massachusetts company that's on the border, perhaps, you know, other retailers." Id. However, Emissive's counsel also admitted that he has no basis to believe this hypothetical could even be met. Id. ("Now I haven't found any of the retailers who have bought from MerchSafari….").

Later, Emissive's counsel stated that they "need to focus specifically on who [MerchSafari's] sales are to" and then "the inquiry would shift to retailers." Id. p.17. Emissive's unreasonable expectation to start a string of inquiries and service of subpoenas on MerchSafari's customers, even though they are not located in Rhode Island, goes beyond the scope of what is permitted in jurisdictional discovery.

Emissive's request for a very broad jurisdictional discovery, including obtaining records from MerchSafari's customers, points to the fact that Emissive is seeking to conduct a literal "fishing expedition," based on mere speculation, not even on suspicion. Emissive's failure to reasonably describe the detailed information it hopes to find through jurisdictional discovery, should result in denial of Emissive's Objection to Magistrate Judge Almond's Report and Recommendation.

F. EMISSIVE'S RELIANCE ON THE GESTALT FACTORS IS MISPLACED

It is well settled that the Gestalt factors should not be considered unless minimum contacts have been established. See, Northeastern Land Services v. Schulke, 988 F. Supp. 54, 59 (D.R.I. 1997).

Emissive summarily asserts that it "satisfies the Gestalt factors." See, Emissive's Objection Memorandum, p.10. However, Emissive's interpretation of the law is erroneous. The Gestalt factors are to be considered by the Court only after minimum contacts have been proved, and the strictures of the Due Process Clause are examined to ensure that exercising personal jurisdiction would not offend "'traditional notions of fair play and substantial justice." See, Asahi Metal Industry v. Superior Court of California, at 113, citing, International Shoe Co. v. Washington, 326 U.S. 310, at 316. Also, see, Burger King Corp. v. Rudzewicz,, 471 U.S. 462, 476 (1985) ("Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'")

Emissive can rely on the Gestalt factors only after it has established minimum contacts between MerchSafari and the forum state. As discussed above, Emissive has not, and cannot, prove minimum contacts. Therefore, Emissive may not rely on the Gestalt factors and its discussion of the Gestalt factors is irrelevant.

Even assuming the Gestalt factors are to be considered by this Court, Emissive has not shown that Merchsafari had any Rhode Island activities to satisfy the first prong. As to the second and third prongs of the Gestalt factors, Emissive similarly cannot meet them. See, §I(G) & (H), infra. Emissive's entire argument is based on wishful thinking and speculative

hopes to find acts sufficient to claim jurisdiction. Emissive started with neither any facts nor evidence and still has none. MerchSafari started with facts and evidence to show no jurisdictional contacts with Rhode Island, which supports the Court's opinion.

G. EMISSIVE'S RELIANCE ON TORT CASES IS MISGUIDED

Emissive asserts that "the purposeful availment doctrine does not apply to tort claims." See, Emissive's Objection Memorandum, p. 9. However, Emissive's Amended Complaint does not include any tort claim. Emissive's allegations in the Amended Complaint are based on three legal theories: Federal Trademark Infringement (Count I), Federal Unfair Competition and False Designation of Origin (Count II), and Common Law Unfair Competition (Count III). In spite of this, Emissive cites tort and personal injury cases to buttress its belated argument in its Objection to Magistrate Judge Almond's Report & Recommendation.

First, all of the tort cases cited by Emissive are irrelevant to and distinguishable from this action[3], because Emissive's Amended Complaint is not based on any alleged tortious conduct. Second, the general rule is that "where a defendant's out-of-forum actions intentionally cause tortious injury in the forum, jurisdiction will obtain from claims arising from that injury." See, Northeastern Land Services v. Schulke, 988 F. Supp. 54, 59 (D.R.I. 1997). MerchSafari's alleged sale of product that allegedly infringes on Emissive's trademark

[3] McAleer v. Smith, 715 F. Supp. 1153 (D.R.I. 1989) (Complaint based on Death on the High Seas Act, general maritime law of unseaworthiness and negligence for personal injuries, conscious pain and suffering, and death of decedents); Northeastern Land Services v. Schulke, 988 F. Supp. 54 (D.R.I. 1997) (Complaint based on misappropriations of trade secrets, tortious interference with advantageous business relations, breach of fiduciary duty, intentional interference with contractual relations, usurpation of corporate opportunity and violation of Rhode Island's Uniform Trade Secret's Act); Thomspson Trading Ltd. v. Allied Lyons, 123 F.R.D. 417 (D.R.I. 1989) (Complaint based on tortious interference with a business relationship and improper conspiratorial conduct); Anderson v. Century Products Co., 943 F. Supp. 137 (D.N.H. 1996) (Complaint based on breach of contract and unjust enrichment, fraud, breach of fiduciary duty and misappropriation of confidential information, conversion, violation of New Hampshire's Uniform Trade Secret Act and violation of New Hampshire's Consumer Protection Laws).

outside of the forum state does not qualify as an activity intentionally causing tortious injury to Emissive in the forum state. Therefore, Emissive's reliance on the cases on purposeful availment and tortious injury is misplaced and irrelevant.

## H. PUBLIC POLICY CONSIDERATIONS

Public policy and basic notions of fair play and substantial justice will be offended if this Court allows an out of state party to be subject to a lawsuit with no factual basis or claim of jurisdiction when the case was filed. Emissive argues that MerchSafari's presence on the worldwide web may possibly lead to sales in the forum state, and therefore the Court should grant Emissive's request for jurisdictional discovery. Since anything is "possible," following Emissive's reasoning, it can be deduced that Emissive is advocating subjecting all website owners and internet retailers to personal jurisdiction in all forums throughout the United States, or at the very least, subjecting them to jurisdictional discovery. Emissive's argument does not comply with traditional notions of fair play and substantial justice, and is contrary to rational public policy.

## II. CONCLUSION

MerchSafari respectfully requests that the Court adopt Magistrate Judge Almond's Report and Recommendation of May 7, 2007, in its entirety and grant MerchSafari's Motion to Dismiss, and deny Emissive's request for an enlargement of time to respond to MerchSafari's Motion to Dismiss and permission to conduct jurisdictional discovery.

Dated: June 5, 2007

Defendant,
MerchSafari, LLC
By Its Attorneys,

/s/ Michael H. Feldhuhn

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, RI 02903
Tel. (401) 331-6600
FAX (401) 274-2780
LOCAL COUNSEL

Howard C. Miskin, pro hac vice
Gloria Tsui-Yip, pro hac vice
STOLL, MISKIN & BADIE
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118
Tel. (212) 268-0900
FAX (212) 268-0904

**CERTIFICATION**

I hereby certify that on this 5th day of June, 2007, this document was filed electronically and is available for reviewing and downloading to the following ECF registered counsel of record:

Craig M. Scott, Esquire
Bryon Lee McMasters, Esquire
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Michael H. Feldhuhn
Michael H. Feldhuhn