UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC. d/b/a/ GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | : | C.A. NO. 06-401S |

**PLAINTIFF'S REPLY TO DEFENDANT MERCHSAFARI, LLC'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ALMOND**

## I. INTRODUCTION

Defendant Merchsafari, LLC's ("Merchsafari") Response to Plaintiff's Objection (the "Objection") to the May 7, 2007 Report and Recommendation of Magistrate Judge Almond (the "Report") ignores First Circuit precedent that rejects the result it continues to advance:

> A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery. If the court did not choose to hear witnesses, this may well have been within its province, but in such event plaintiff was certainly entitled to file such further interrogatories as were reasonably necessary and, if he wished, to take depositions. The condemnation of plaintiff's proposed further activities as a 'fishing expedition' was unwarranted. When the fish is identified, and the question is whether it is in the pond, we know no reason to deny a plaintiff the customary license.

*Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-56 (1st Cir. 1966). The Report's principal error is that it failed to provide Emissive the opportunity to conduct reasonable discovery on the issue of personal jurisdiction. Merchsafari's response fails to address this component of the *Surpitski* decision.

The Response is misguided in a number of respects:

(1) it misapplies the *de novo* standard of review;

(2) it incorrectly alleges that Emissive has not been diligent in pursuing jurisdictional discovery;

(3) it baldly asserts that public policy does not favor the exercise of jurisdiction by this Court;

(4) it erroneously contends that Emissive presents new arguments in its Objection; and

(5) it wrongly argues that Emissive's causes of action against Merchsafari do not sound in tort.

## II. <u>ARGUMENT</u>

### A. <u>This Court Should Review *de novo* the Issues Disposed of in the Report</u>.

Merchsafari challenges the applicable and well-settled standard of review of a Magistrate Judge's Report and Recommendation. Although it recites a *de novo* standard of review, Merchsafari argues that this Court must scrutinize the Report applying a heightened "manifest injustice" standard of review:

> [A] ruling will be overturned only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party.

(*See* Response, at 3) (quoting *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 626 (1st Cir. 2001). This is the standard of review the First Circuit would apply to this Court's decision. It is not the standard of review applicable to a trial court's *de novo* review a Report and Recommendation of a Magistrate Judge.

Indeed, "manifest injustice" does not enter into the equation. Where an objection to a Report and Recommendation of a Magistrate Judge is filed, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1). This Court may accept, reject, or modify Magistrate Judge Almond's findings and recommended disposition and may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See id.* This Court has broad discretion to grant jurisdictional discovery and routinely does so, *see, e.g., Astro-Med v. Plant*, No. 06-533ML-DLM (D.R.I. April 3, 2007). Emissive has established a colorable basis for jurisdictional discovery. The Court should reject Magistrate Judge Almond's Report and grant Emissive's motion for jurisdictional discovery based upon a *de novo* standard of review.

**B. Emissive Has Been Diligent.**

Merchsafari argues that Emissive has not diligently pursued jurisdictional discovery. Merchsafari cites *Surpitski* to suggest that diligence will be found where the "plaintiff had at least made good headway, and shown his position not to be frivolous," which Merchsafari contends Emissive has not done. (*See* Response at 5.) In *Surpitski*, plaintiff "made good headway" ***with the benefit of discovery***. *See Surpitski*, 362 F.2d at 255 (Plaintiff "filed interrogatories...addressed to jurisdictional issues, and filed a request for admission of facts...[to

which defendant] filed answers and objections…[and] answered the interrogatories"). In contrast to *Surpitski*, Merchsafari resists jurisdictional discovery.

Moreover, "diligence" in the context of a motion for jurisdictional discovery requires the plaintiff to be "reasonably attentive to the preservation of its rights." *Sunview Condominium Assoc. v. Flexel International Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997). In other words, a plaintiff must seek discovery at the first opportunity and exhaust all avenues of review of adverse rulings. *See id.* (refusing appellate review of a magistrate judge's report and recommendation to deny jurisdictional discovery where no objection to the report and recommendation was filed with the district court). Here, as set forth in its Objection, Emissive has been diligent. (*See* Objection at 3.)

## C. Public Policy Does Not Favor Merchsafari.

The concerns raised by Merchsafari's public policy analysis are misleading and counterbalanced by the unfairness of Merchsafari defeating jurisdiction by filing a terse, self-serving declaration and refusing to cooperate in discovery. Merchsafari contends that "basic notions of fair play and substantial justice will be offended if this Court allows an out of state party to be subject to a lawsuit with no factual basis or claim of jurisdiction when the case was filed." (*See* Response at 11.) First, it is not correct that there is "no factual basis or claim of jurisdiction when the case was filed." To the contrary, Merchsafari is an Internet wholesaler of products that infringe Emissive's trademarks and operates an interactive website available to residents of Rhode Island. (*See* First Amended Complaint ¶ 11.)

Second, the deprivation of Emissive's right to maintain an action in its chosen forum against an alleged infringer solely on the basis of an untested declaration substantially outweighs any inconvenience to Merchsafari to respond to jurisdictional discovery. Emissive should be

permitted to meet the evidence put forth by Merchsafari. For instance, Mr. Bowman contends that "Merchsafari does not and has never targeted Rhode Island residents." (*See* Bowman Decl. ¶ 9.) This is not the end of the analysis, as Merchsafari, which describes itself elsewhere as one of the nation's largest direct importers of general merchandise and premiums (*see* Objection at 6), could be subject to the jurisdiction of the Court by placing infringing products into the stream of commerce. Indirect sales, through retailers, are sufficient to subject it to jurisdiction in Rhode Island.[1] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Magistrate Judge Almond's ruling that Emissive is not entitled to discovery on this issue because it cannot preview for the court what the discovery would elicit is clear error. (*See* Report, at 3.)

**D. <u>Emissive Has Not Introduced New Arguments in Its Objection</u>.**

Merchsafari contends that the Objection raises a new issue concerning Merchsafari's tortious conduct as it relates to purposeful availment. (*See* Response at 4). This is inaccurate. Emissive raised the issue of purposeful availment arising from Merchsafari's tortious conduct at the April 24, 2007 hearing:

> MR. McMASTERS: [W]hen you look at the factors related to jurisdiction, you're talking about whether the plaintiff's claim arises—relates to the defendant's forum state activities…And then the second tact (sic) then is whether plaintiff (sic) purposely availed itself of conducting activities in the forum state.
>
> THE COURT: Let me – I mean, you're getting to the merits of the dispute. My reading of your papers is that you asked for more time to respond to the merits of the jurisdictional claim because you wanted to conduct discovery…

(Hearing Tr. 9-10). After Magistrate Judge Almond foreclosed Emissive's argument on this point, Emissive was not given the opportunity to elaborate further on purposeful availment.

[1] Notably, two Consent Permanent Injunctions have been filed in this case against Internet resellers located in Florida and North Carolina, both of which acknowledge the jurisdiction of this Court.

Personal jurisdiction and purposeful availment have been at issue since Merchsafari filed its motion to dismiss. Emissive has not raised any new issues.

**E. Merchsafari Engaged in Tortious Conduct.**

Merchsafari claims that trademark infringement and unfair competition do not constitute tort causes of action. This is wrong; trademark infringement and unfair competition are torts. *See* Restatement (Second) Torts §§ 712-756; *see also PFIP, LLC v. Planet Fitness Enterprises, Inc.*, 2004 WL 2538489, *5 (D.N.H. 2004) (holding that infringement and unfair competition claims are analyzed as tort claims for jurisdiction purposes) (citing *Hard Rock Café Licensing Corp. v. Concession Serv., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992). In the tort context, tortious activity need not take place in the forum state to establish jurisdiction. Where a non-resident directs its tortious actions at a resident of the forum, it can "be fairly inferred that they intended the brunt of the injury" to be felt in the forum state. *See Hugel v. McNell*, 886 F.2d 1, 5 (1st Cir. 1989). Thus, "the general rule is if the defendant, through out-of-state conduct, intentionally causes a tortious injury in the forum, jurisdiction will lie for claims arising from the injury." *Anderson v. Century Prods. Co.*, 943 F. Supp. 137, 143 (D.N.H. 1996) (citing *Hugel,* 886 F.2d at 4 (1st Cir. 1989)); *see also, Rivera v. Bank One,* 145 F.R.D. 614 (D.P.R. 1993) (finding sufficient contacts where act of defendant outside of state caused a tortious injury within the state). In short, to be "constitutionally significant, forum-state contacts need not involve physical presence." *Phillips Exeter Academy v. Howard Phillips Fund.*, 196 F.3d 284, 290 (1st Cir. 1999) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 476).

## III. CONCLUSION

Emissive respectfully requests that the Court reject the Report and grant Emissive's Motion to Conduct Jurisdictional Discovery as to the business activities of Merchsafari and its agents in Rhode Island.

Respectfully submitted,
EMISSIVE ENERGY CORPORATION
By its attorneys,

/s/ Craig M. Scott

Craig M. Scott, Esq. (# 4237)
Byron L. McMasters, Esq. (#7754)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: June 15, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within *Plaintiff's Reply to Merchsafari's Response to Plaintiff's Objection to Report and Recommendation* was filed through the ECF system on the 15th day of June, 2007, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

***Via Electronic Filing***
Michael H. Feldhuhn, Esq.
56 Pine Street, Suite 200
Providence, RI 02903

Howard Charles Miskin
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

Gloria Tsui-Yip, Esq.
Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, NY 10118

and was served, via First Class Mail, to the counsel named below who is not a registered ECF participant:

Thomas C. Chase, P.A.
1404 Dean Street, Suite 200
P.O. Box 1508
Fort Myers, FL 33902

Harrison Bros. Inc. d/b/a
Good Buy Guys
c/o William Regan Burton
132 Willow Way
Chapel Hill, NC 27516-9305

Mary Sedivy d/b/a
Aspen Country Store.com
4267 E. Easter Place
Centennial, CO 80122

Merchandise for You
100 Plum
Healdton, OK 73438

Northern Mountain Supply
c/o Mark Caristrom
125 West Fifth Street
Eureka, CA 95501

Philip Franken d/b/a
Auctionatic Store
Online Corp.
335 Bismark Road
Jackson NJ

/s/ Craig M. Scott

*H:\Clients\Emissive Energy\Innovage - RI\Pleadings\Reply Mem Supp Obj to R & R 06-13-07.doc*