**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC., d/b/a GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | Civil Action No.: 06-CV-401-S (LDA) |

**DEFENDANT INNOVAGE, INC.'S (NOW INNOVAGE, LLC'S)**
**RULE 16 PRETRIAL CONFERENCE STATEMENT**

On March 9, 2007, Defendant and Counterclaimant, Innovage, Inc. (now Innovage, LLC) ("Innovage") filed three Counterclaims against Plaintiff Emissive Energy Corporation. In accordance with the Notice of March 7, 2008, sent by Deputy Clerk, Doreen L. Baldinelli, Innovage hereby sets out the elements necessary to prove each of the Counterclaims it asserted.

## FACTS

Innovage is in the business of importing, selling and distributing various items for household use within the United States. Innovage adopted the mark "INNOVAGE" and has continuously used its mark and corporate name on various items, since at least July 2001. Prior to adopting such mark, Innovage conducted a full trademark search on the availability of the word mark "INNOVAGE" for its use. This search included examining federally registered,

pending and abandoned United States Trademarks, State Registrations, common law marks, Internet search, business name search etc. Many marks were found with the prefix of “INO” or “INNO” in the field. After reviewing the search results, Innovage adopted the mark.

Plaintiff’s registrations were among the various “INOVA,” “INOVO” marks that the search uncovered. Innovage, filed two trademark applications with the U.S. Patent and Trademark Office for INNOVAGE under applications Serial Nos. 78/596,872 and 78/596,801. Application Serial Number 78/596,801 was filed on March 29, 2005, based on intent to use, and contained flashlights in its list of goods. The U.S. Patent and Trademark Office (USPTO) after examining the various federally pending applications and registered marks, allowed the case and published it for Opposition on September 18, 2007, which went unopposed. Plaintiff’s asserted trademark “INOVA” was registered and live in the USPTO at the time the PTO allowed Defendant’s application to proceed to Publication without citing Plaintiff’s INOVA mark or even mentioning it as possible likelihood of confusion. Many other registrations and applications were cited, but not Plaintiff’s.

Emissive is the registrant of trademark Registration No. 2,575,157 for the mark INOVA which is limited to “LED illuminated flashlights” with a registration date of June 4, 2002.

The mark “INOVA” was not cited in the prosecution of U.S. trademark application Serial Number 78/596,801 for INNOVAGE nor by any third party including Plaintiff, during the opposition period of the registration process by the USPTO. Innovage was unaware of Emissive, its products, and its use of the mark INOVA in conjunction with its sale of flashlights until Emissive brought it to Innovage’s attention. None of Defendant’s management heard of Plaintiff and was not aware of Plaintiff’s existence until Plaintiff contacted Defendant.

**COUNT I : DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

The central inquiry in a trademark infringement suit is establishing whether a likelihood of confusion exists between the brands. 15 U.S.C. §1114(1) (prohibiting the use of a mark that is "likely to cause confusion, or to cause mistake, or to deceive"). The following are the elements necessary for Plaintiff to prove trademark infringement; therefore Defendant needs to prove that one or many of these factors do not exist. No one factor is conclusive as to likelihood of confusion, and the district court must consider each. Keds Corp. v. Renee International Trading Corp., 888 F.2d 215, 222 (1st Cir. 1989).

1) Similarity of Marks;

2) Similarity of Goods;

3) Channels of Trade;

4) Advertising;

5) Class of Prospective Purchasers;

6) Evidence of Actual Confusion;

7) Defendant's Intent in Adopting the Mark; and

8) Strength of the Mark, which includes the strength of the mark within the applicable market when compared with others.

Keds, 888 F.2d at 222; Volkswagenwerk Aktiengesellschaft v. Wheeler, 814 F.2d 812, 818 (1st Cir. 1987); Pignons S.A. v. Poloroid Corp., 756 F.2d 482, 489 (1st Cir. 1981). See also Polaroid Corp. v. Polarad Elects. Corp., 287 F.2d 492 (2d Cir. 1961); Boston Athletic Ass'n v. Sullivan, 867 F.2d 22,30-32 (1st Cir. 1989); The Stop & Shop Supermarket Co. et al. v. Big Y Foods, Inc., 943 F.Supp. 120, 124 (1st Cir. 1996).

The number of INO/INNA prefixes in the market on related goods is evidence of a weak mark.

**COUNT II: DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY**

A trademark is invalid where it is descriptive and has no secondary meaning, or where it is a generic word for a product. Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 116 (1st Cir. 2006); Tyco Healthcare Corp LP v. Kimberly-Clark Corp., 463 F.Supp.2d 127, 132 (D.Mass. 2006). Further, a trademark can be found invalid based on prior use by third-parties on similar or confusingly similar goods or fraud on the Untied States Patent and Trademark Office based on unclean hands regarding the obtaining, maintaining, enforcing or using the mark. 15 U.S.C. §1064; 15 U.S.C. §1119.

**COUNT III: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS**

The Supreme Court of Rhode Island has listed the elements necessary to prove intentional interference with prospective or actual contractual relations as:

(1) the existence of a business relationship or expectancy,

(2) knowledge by the interferer of the relationship or expectancy,

(3) an intentional act of interference,

(4) proof that the interference caused the harm sustained, and

(5) damages to the plaintiff.

Edward Avilia Jr. v. Newport Grand Jai Alai LLC et al, 935 A.2d 91, 98 (R.I. 2007); L.A. Ray Realty v. Town Council of Cumberland, 698 A.2d 202, 207 (R.I. 1997) (quoting Mesolella v.

City of Providence, 508 A.2d 661,669 (R.I. 1986); Roy v. Woonsocket Institution for Savings, 525 A.2d 915 (R.I. 1987)).

Dated: May 6, 2008

Defendant,
INNOVAGE, INC.
By Its Attorneys,

/s/ Michael H. Feldhuhn

Michael H. Feldhuhn (#3344)
56 Pine Street, Suite 200
Providence, RI 02903
Tel. (401) 331-6600
FAX (401) 274-2780
LOCAL COUNSEL

Howard C. Miskin, pro hac vice
Gloria Tsui-Yip, pro hac vice
MISKIN & TSUI-YIP LLP
1350 Broadway, Suite 802
New York, NY 10018
Tel. (212) 268-0900
FAX (212) 268-0904

**CERTIFICATION**

I hereby certify that on this 6th day of May, 2008, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record:

Craig M. Scott, Esquire
Byron L. McMasters, Esquire
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Michael H. Feldhuhn
Michael H. Feldhuhn