UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE , INC., INNOVAGE, LLC, WALGREEN CO., OVERSTOCK.COM, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, and PHILIP FRANKEN d/b/a AUCTIONATIC STORE,<br><br>Defendants. | : | C.A. NO. 06-401S<br><br>**DEFENDANT INNOVAGE LLC'S ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT INNOVAGE LLC'S ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT**

Defendant, Innovage LLC ("Innovage LLC" or "Defendant") as a successor in interest to Innovage, Inc. hereby answers Plaintiff Emissive Energy Corporation's ("Emissive" or "Plaintiff") Second Amended Complaint as follows:

**PARTIES**

1. Answering paragraph 1 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

2. Answering paragraph 2 of the Second Amended Complaint, Innovage LLC admits that Innovage, Inc. was a California corporation and has been dissolved and that the dissolution took place during the pendency of this litigation, and that it had distributed, sold and had manufactured for it lighting products bearing the Accused Mark and that its products have been sold in Rhode Island and throughout the United States and

that its products have been sold through retailers, distributors, and over the internet, and that Innovage LLC is without sufficient knowledge as to the remaining allegations contained therein and denies them.

3. Answering paragraph 3 of the Second Amended Complaint, Innovage LLC admits that Innovage LLC is a Delaware limited liability company and that it has assumed all debts and liabilities of Innovage, Inc. and has obtained assets of Innovage, Inc., including Innovage, Inc.'s inventory, if any, of lighting products bearing the Accused Mark. Innovage LLC admits it has sold and continues to sell its products, including those bearing the Accused Mark in the United States to distributors. Innovage LLC denies the remaining allegations contained therein.

4. Answering paragraph 4 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

5. Answering paragraph 5 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

6. Answering paragraph 6 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## JURISDICTION AND VENUE

7. Answering paragraph 7 of the Second Amended Complaint, Innovage LLC admits the allegations contained therein.

8. Answering paragraph 8 of the Second Amended Complaint, Innovage LLC admits that it distributes its and sells products, including those bearing its name and the Accused Mark, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

9. Answering paragraph 9 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

10. Answering paragraph 10 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

11. Answering paragraph 11of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## FACTS

### Emissive, Its Products and Trademark

12. Answering paragraph 12 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

13. Answering paragraph 13 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

14. Answering paragraph 14 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

15. Answering paragraph 15 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

16. Answering paragraph 16 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

17. Answering paragraph 17 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

18. Answering paragraph 18 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

19. Answering paragraph 19 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

20. Answering paragraph 20 of the Second Amended Complaint, Innovage LLC admits that Exhibit A appears to be a copy of U.S. Trademark Registration No. 2,575,157 and is without information sufficient to form a belief as to the truth of the remaining allegations contained therein.

21. Answering paragraph 21 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**Innovage's Business**

22. Answering paragraph 22 of the Second Amended Complaint, Innovage LLC admits that it imports and sells various consumer goods, including electronics, children's items, and household goods, and denies the remaining allegations contained therein.

23. Answering paragraph 23 of the Second Amended Complaint, Innovage LLC denies the allegations contained therein.

24. Answering paragraph 24 of the Second Amended Complaint, Innovage LLC admits that Innovage LLC does not sell items directly to consumers and that Innovage LLC sells them to distributors and that Walgreen, Overstock, and Franken have purchased fungible goods supplied by Innovage LLC, and denies the remaining allegations contained therein.

25. Answering paragraph 25 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

26. Answering Paragraph 26 of the Second Amended Complaint, Innovage LLC admits that Innovage, Inc. filed applications with the PTO to register the Accused Mark in connection with a variety of goods, including flashlights, and Innovage, Inc. has assigned all rights in the applications and/or registrations of the Accused Mark to Innovage LLC. Innovage LLC is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained therein and therefore denies them.

27. Answering paragraph 27 of the Second Amended Complaint, Innovage LLC admits receiving a letter from Plaintiff dated May 24, 2006, demanding that Innovage immediately cease and desist its use of the Accused Mark in connection with flashlights and file an express abandonment of its trademark applications and further that it continues its use of the Accused Mark in connection with flashlights, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

28. Answering paragraph 28 of the Second Amended Complaint, Innovage LLC denies the allegations contained therein.

29. Answering paragraph 29 of the Second Amended Complaint, Innovage LLC denies the allegations contained therein.

30. Answering paragraph 30 of the Second Amended Complaint, Innovage LLC denies the allegations contained therein.

31. Answering paragraph 31 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

32. Answering paragraph 32 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

33. Answering paragraph 33 of the Second Amended Complaint, Innovage LLC denies the allegations contained therein.

34. Answering paragraph 34 of the Second Amended Complaint, Innovage denies the allegations contained therein.

35. Answering paragraph 35 of the Second Amended Complaint, Innovage LLC denies the allegations contained therein.

**Innovage Sales on the Internet**

36. Answering paragraph 36 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

37. Answering paragraph 37 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

38. Answering paragraph 38 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

39. Answering paragraph 39 of the Second Amended Complaint, Innovage LLC denies the allegations contained therein.

40. Answering paragraph 40 of the Second Amended Complaint, Innovage LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**COUNT I**
**Federal Trademark Infringement – All Defendants**
**(Violation of 15 U.S.C. § 1114)**

41. Answering paragraph 41 of the Second Amended Complaint, Innovage LLC incorporates by reference its answers to each of the paragraphs 1 through 40, as if fully set forth herein.

42. Answering paragraph 42 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

43. Answering paragraph 43 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

44. Answering paragraph 44 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

45. Answering paragraph 45 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

46. Answering paragraph 46 of the Second Amended Complaint, Innovage LLC denies the allegations contained therein.

**COUNT II**
**Federal Unfair Competition and False Designation of Origin – All Defendants**
**(Violation of 15 U.S.C. § 1125(a))**

47. Answering paragraph 47 of the Second Amended Complaint, Innovage LLC incorporates by reference its answers to each of the paragraphs 1 through 46, as if fully set forth herein.

48. Answering paragraph 48 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

49. Answering paragraph 49 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

50. Answering paragraph 50 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

51. Answering paragraph 51 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

52. Answering paragraph 52 of the Second Amended Complaint, Innovage LLC denies the allegations contained therein.

**COUNT III**
**Common Law Unfair Competition – All Defendants**

53. Answering paragraph 53 of the Second Amended Complaint, Innovage LLC incorporates by reference its answers to each of the paragraphs 1 through 52, as if fully set forth herein.

54. Answering paragraph 54 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

55. Answering paragraph 55 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

56. Answering paragraph 56 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

57. Answering paragraph 57 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

58. Answering paragraph 58 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

59. Answering paragraph 59 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

60. Answering paragraph 60 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

61. Answering paragraph 61 of the Second Amended Complaint, Innovage LLC denies the allegations with respect to Innovage, and is without knowledge or information to form a belief as to the truth of the allegations with respect to the other Defendants contained within said paragraph.

62. Answering paragraph 62 of the Second Amended Complaint, Innovage LLC denies the allegations contained therein.

63. Innovage LLC denies each and every allegation contained in the Second Amended Complaint not specifically admitted herein.

64. Innovage LLC denies that Plaintiff is entitled to any of the relief sought in the Second Amended complaint including injunctive relief, damages or attorneys fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

65. Plaintiff's Second Amended Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

66. The trademark INNOVAGE does not infringe upon Plaintiff's mark.

**THIRD AFFIRMATIVE DEFENSE**

67. Plaintiff's INOVA mark is a weak mark.

**FOURTH AFFIRMATIVE DEFENSE**

68. Plaintiff's INOVA mark is not capable of trademark protection under the laws of the United States and/or the common law.

**FIFTH AFFIRMATIVE DEFENSE**

69. Plaintiff's INOVA mark is not inherently distinctive.

**SIXTH AFFIRMATIVE DEFENSE**

70. Defendant Innovage LLC did not unfairly compete with Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

71. Plaintiff's INOVA mark does not immediately identify the source of the product as Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

72. The Second Amended Complaint is barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

73. The Second Amended Complaint is barred by the doctrines of estoppel and waiver.

**TENTH AFFIRMATIVE DEFENSE**

74. The enforceability of Plaintiff's INOVA mark, if enforceable at all, and any recovery by Emissive, if any recovery at all, is limited to LED flashlights.

**ELEVENTH AFFIRMATIVE DEFENSE**

75. The enforceability of Plaintiff's INOVA mark, if enforceable at all, and any recovery by Emissive, if any recovery at all, is limited by Emissive's statements in its prosecution of the mark.

## **TWELFTH AFFIRMATIVE DEFENSE**

76. INOVA's hands are unclean based at least on Emissive's failure to use the INOVA mark on all classes and goods claimed in its trademark application.

## **COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 13, Defendant and Counterclaimant Innovage, LLC. ("Innovage" or "Counterclaimant") alleges the following as its counterclaims against Plaintiff and Counterdefendant Emissive Energy Corporation ("Emissive" or "Counterdefendant"):

## **INTRODUCTION**

77. Counterclaimant INNOVAGE is in the business of importing, selling and distributing within the United States, various items for household use bearing its trademark and tradename INNOVAGE, including flashlights ("Innovage's Product" or "Counterclaimant's Product").

78. Upon information and belief, Emissive is the registrant of a trademark Registration No. 2,575,157 for the mark INOVA ("trademark in suit" or "INOVA mark") for "flashlights, namely LED illuminated flashlights" with a registration date of June 4, 2002.

79. Counterclaimant's INNOVAGE mark is sufficiently distinct in sound and appearance from the INOVA mark, and therefore use of INNOVAGE on products of Counterclaimant does not constitute infringement of the INOVA mark.

**JURISDICTION AND VENUE**

80. Jurisdiction is proper in this Court because this litigation arises under federal law, namely the Lanham Act, 17 U.S.C. § 1051 et seq. The Court has jurisdiction over this action under 28 U.S.C. §1331 and 28 U.S.C. §1338(a). This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. §1367(a).

81. Venue is proper in this Court because Counterdefendant instituted the instant action in this Court. Venue is also proper in this Court pursuant to 28 U.S.C. §1391.

82. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights and other legal relationships of the parties and may order such other relief as may be necessary.

**THE PARTIES**

83. Innovage LLC is a Delaware limited liability company having its principal place of business at 19511 Pauling, Foothill Ranch, California 92610.

84. Upon information and belief, Emissive is a corporation organized under the laws of the state of Delaware, having its principal place of business at 135 Circuit Drive, North Kingstown, Rhode Island 02852.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

85. On information and belief, since at least as early as July 2001, Counterclaimant Innovage LLC, through its predecessor(s) in interest, have offered and

continue to offer for sale a flashlight product bearing its tradename house mark INNOVAGE. Innovage LLC is well known in the industry by way of its high quality products throughout North America.

86. On information and belief, Counterclaimant, through its predecessor(s) in interest, have been continuously using the trademark INNOVAGE on a wide variety of products, including flashlights, since at least as early as July 1, 2001. Through its predecessor(s) in interest, the INNOVAGE mark was coined independently, and applications for trademark registration for the mark were filed on or about March 29, 2005, with the U.S. Patent and Trademark Office under applications Serial Nos. 78/596,872 and 78/596,801.

87. Emissive filed this action against Innovage, Inc. and others alleging infringement by Innovage, Inc. and others of Emissive's INOVA mark and since then a Second Amended Complaint alleging infringement of the INOVA mark by Innovage LLC, which is currently pending.

88. Innovage, Inc. has since dissolved and assigned all its rights to the INNOVAGE mark to its successor in interest, Innovage LLC.

89. By way of its Answer to the Second Amended Complaint, Innovage LLC denied infringement.

90. An actual controversy exists between Innovage LLC and Emissive.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

91. Counterplaintiff hereby repeats and realleges the allegations set forth in paragraphs 76 through 90 above as if fully set forth herein.

92. This is a claim for declaratory relief arising under Title 28, United States Code, Sections 2201 and 2202 for a declaration that Counterclaimant did not and does not infringe Counterdefendant Emissive's trademark in suit.

93. At most, Counterdefendant's mark is a weak mark of limited protection in view of the wide and common use of terms INOVA and INNOVO, and variations, standing alone or as a prefix of various marks.

94. Counterclaimant desires a judicial determination of its rights and duties and a declaration that none of Counterclaimant's products accused by Emissive infringe Counterdefendant Emissive's trademark in suit.

95. Emissive's conduct warrants a finding that this case is exceptional and an award to Innovage LLC of attorney's fees.

**INNOVAGE'S PRAYER**

WHEREFORE, Defendant and Counterclaimant Innovage LLC prays and seeks judgment as follows:

A. That Emissive be awarded no relief at law or equity;

B. For the Second Amended Complaint be dismissed in its entirety with prejudice;

C. For a declaration that the products accused by Emissive of trademark infringement in this action do not infringe Emissive's mark;

D. For the cost of the suit incurred herein;

E. For reasonable attorney's fees under 15 U.S.C. § 1117 and as otherwise permitted by law; and

F. Granting Innovage LLC such other and further relief as this Court may deem just and equitable.

**DEMAND FOR A JURY TRIAL**

Defendant/Counterclaimant Innovage LLC demands a trial by jury.

Respectfully submitted,

/S/ Michael H. Feldhuhn

Michael H. Feldhuhn, Esq. (#3344)
56 Pine Street, Suite 200
Providence, RI 02903
Tel: (401) 331-6600
Fax: (401) 274-2780
Email: Michael@feldhuhn.com

/S/ Craig McLaughlin

Craig McLaughlin, Esq.
THE ECLIPSE GROUP LLP
O'CONNOR CHRISTENSEN & MCLAUGHLIN
TRIAL DIVISION
1920 Main Street, Suite 150
Irvine, CA 92614
Tel: (949) 851-5000
Fax: (949) 851-5051
Email: cml@eclipsegrp.com

Attorneys for Defendants
Innovage LLC, Walgreen Co., Overstock.com, Inc., and Philip Franken

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2008, this document was filed electronically and is available for viewing and downloading to the following ECF registered counsel of record:

Craig M. Scott, Esq.
Byron L. McMasters, Esq.
Duffy Sweeney & Scott, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 455-0700
Fax: (401) 455-0701

Julie Tran