UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC. d/b/a/ GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | : | C.A. NO. 06-401S |

**PLAINTIFF EMISSIVE ENERGY CORPORATION'S**
**<u>OBJECTION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME</u>**

Plaintiff Emissive Energy Corporation ("Emissive") hereby objects to Defendants' Motion for Extension of Time to respond to Emissive's Motion for Entry of a Protective Order. On June 24, 2008, Emissive first circulated a form of protective order that is routinely entered by this Court. Rather than provide substantive discovery responses, Defendants challenged the form of order and now, two months later, claim that they are actively drafting a response to Emissive's motion, that this extension will not operate to the prejudice of Emissive and that any prejudice is minimal. This is not true. Defendants have already delayed matters to Emissive's prejudice, and this extension would continue the trend.

Emissive first transmitted a proposed stipulated protective order to Defendants nearly two months ago and prior to the deadline for Defendants to respond to the discovery that Emissive propounded on May 28, 2008, shortly after the Rule 16 conference. Emissive

anticipated and intended that the parties would negotiate the terms of the protective order and it would enter prior to the deadline for Defendants to respond to discovery on July 14, 2008. This would ensure a *complete* exchange of discovery, including confidential and highly confidential information. To further encourage a timely exchange of discovery, Emissive represented to Defendants that it would respect all of Defendants' confidentiality designations pending entry of a protective order. Defendants declined to do so and also declined to negotiate the terms of the protective order, instead presenting to Emissive their own "California" form of protective order that improperly requires the parties to identify potential testifying and non-testifying experts and contemplates an unwieldy process before a non-testifying consultant can review confidential documents produced in discovery.[1] Accordingly, on July 31, 2008, Emissive was forced to file its motion for the entry of a protective order in a form typically entered in this jurisdiction.

Now, Defendants seek to delay further the exchange of the *initial* round of discovery. Fact discovery closes November 10, 2008, and Emissive has yet to receive substantive responses to most of its requests and has received *no* documents. Allowing for any follow up discovery, motions practice and depositions, the remaining discovery period will be tight even if Defendants' motion is denied. Thus, the contention that Defendants' conduct has not prejudiced Emissive and will not prejudice Emissive further is simply untenable.

Moreover, the Court may recall that the possibility of early settlement was discussed at the Rule 16 conference, and Emissive indicated that it wanted to obtain some discovery, particularly as to Defendants' sales volumes, prior to mediation. Accordingly, the Court ordered mediation to take place on September 22, 2008, four months after commencement of discovery, and a confidential mediation statement is due on September 15, 2008. If

---

[1] *See* Memorandum of Law in Support of Plaintiff's Motion for Protective Order, p. 4 [Dkt. No. 84].

Defendants' Motion to Extend is granted, Emissive's reply in support of its Motion for Entry of a Protective Order would be due September 9, 2008, with a hearing likely to follow shortly thereafter. This schedule would make it nearly impossible to exchange and review any documents to prepare for and participate meaningfully in the mediation process.

Accordingly, given the time remaining before the close of fact discovery and the delay already caused by Defendants in this action, an additional two weeks is not warranted. Defendants' motion should be denied.

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its attorneys,

/s/ Craig M. Scott

Craig M. Scott (# 4237)
Byron L. McMasters (#7554)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: August 22, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within *Plaintiff's Objection To Defendants' Motion For Extension Of Time To Respond To Plaintiff's Motion For Protective Order* was filed through the ECF system on the 22nd day of August, 2008, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

Craig McLaughlin, Esq.
Becky V. Christensen, Esq.
Edward F. O'Connor, Esq.
O'Connor Christensen & McLaughlin
Trial Division of the Eclipse Group, LLP
1920 Main Street, Suite 150
Irvine, CA 92614

Robert D. Fine, Esq.
Douglas J. Emanuel, Esq.
CHACE, RUTTENBERG & FREEDMAN, LLP
One Park Row – Suite 300
Providence, RI 02903

/s/ Craig M. Scott

H:\Clients\Emissive Energy\Innovage - RI\Pleadings (06-401)\Obj to Def Motion for Extension of Time.doc