UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, | : | |
| | : | C.A. NO. 06-401S |
| Plaintiff, | : | |
| | : | |
| vs. | : | **DEFENDANTS' OBJECTION TO** |
| | : | **PLAINTIFF'S MOTION FOR ENTRY** |
| INNOVAGE , INC., INNOVAGE, LLC, | : | **OF PROTECTIVE ORDER** |
| WALGREEN CO., | : | |
| OVERSTOCK.COM, INC., and PHILIP | : | |
| FRANKEN d/b/a AUCTIONATIC | : | |
| STORE, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**DEFENDANTS' OBJECTION TO**
**PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendants Innovage LLC[1], Walgreen Co., Overstock.com, Inc. and Philip Franken (collectively "Defendants") hereby object to Plaintiff Emissive Energy Corporation's ("Emissive" or "Plaintiff") Motion for Entry of Protective Order. The grounds for this objection are set forth in the accompanying Memorandum of Law.

Respectfully submitted,
Defendants Innovage LLC, Walgreen Co.,
Overstock.com, Inc., and Philip Franken
By their Attorneys,

/s/ Jeffrey K. Techentin
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel.: (401) 274-7200
Fax: (401) 751-0604
Dated: August 29, 2008

[1] Defendant Innovage, Inc. has been dissolved.

/s/ Craig McLaughlin________
Craig McLaughlin, Esq.
cml@eclipsegrp.com
THE ECLIPSE GROUP LLP
O'CONNOR CHRISTENSEN & MCLAUGHLIN
TRIAL DIVISION
1920 Main Street, Suite 150
Irvine, CA 92614
Tel: (949) 851-5000
Fax: (949) 851-5051
Dated: August 29, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION, | : | |
| | : | C.A. NO. 06-401S |
| Plaintiff, | : | |
| | : | |
| vs. | : | **DEFENDANTS' MEMORANDUM OF** |
| | : | **LAW IN SUPPORT OF OBJECTION** |
| INNOVAGE , INC., INNOVAGE, LLC, | : | **TO PLAINTIFF'S MOTION FOR** |
| WALGREEN CO., | : | **ENTRY OF PROTECTIVE ORDER** |
| OVERSTOCK.COM, INC., and PHILIP | : | |
| FRANKEN d/b/a AUCTIONATIC | : | |
| STORE, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**OBJECTION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendants Innovage LLC[2], Walgreen Co., Overstock.com, Inc. and Philip Franken (collectively "Defendants") hereby respond to Plaintiff Emissive Energy Corporation's ("Emissive" or "Plaintiff") Motion for Entry of Protective Order as follows:

Like Plaintiff, Defendants acknowledge the need for a protective order to protect sensitive confidential information and documents containing it. Plaintiff, however, offers no guidance in the instant motion or in its proposed order as to what kinds of documents would deserve the Court's protection. Defendants' proposed order, on the other hand, sets forth explicit categories of sensitive documents under both levels of confidentiality which, also unlike Plaintiff's proposed order[3], should satisfy the good cause requirement for protection under Rule 26(c). *See* Plaintiff's Mem. at Exh.. C [Docket No. 84-5] ¶¶ 1, 6. It is these categories of

[2] Defendant Innovage, Inc. has been dissolved.

[3] A further defect of Plaintiff's proposed order is that it does not even mention that documents responsive to discovery requests are among those that have been requested by the parties.

documents that Defendants contend could cause them harm if showed to persons who might be in a position to use them outside of the instant litigation.

Plaintiff seeks entry of its version of a proposed protective order, the substance of which has been previously entered in this District in the case of *Bowling v. Hasbro*, C.A. No. 05-229-S. As the Court is aware, the substance of the order in *Bowling v. Hasbro* was stipulated to by the parties and was not subject to any challenge. The particular form of the *Bowling v.Hasbro* protective order was not endorsed by the Court as a "form" nor did either party to that order seek any guidance from the Court with respect to its terms prior to its entry. Plaintiff makes what is tantamount to a vague collateral estoppel or waiver argument, but fails to even assert, let alone make any showing, that Defendants were involved in the prior orders at all. None of them were.[4]

Defendants oppose the instant motion seeking entry of Plaintiff's proposed protective order but agree that a form of protective order should be entered. Defendants therefore request that Defendants' version be entered.

**1. <u>Plaintiff's Objection to Disclosing Proposed Undertaking Is Unfounded.</u>**

Plaintiff does not object to a good number of the protections offered in Defendants' proposed order[5] that do not exist in Plaintiff's proposed order. Plaintiff's protest seems to be primarily in connection with only one issue, requiring disclosure of the identity of testifying and non-testifying experts *who Plaintiff desires to view Defendants' confidential material*.[6] Plaintiff protests too much.

---

[4] Local counsel for Defendants drafted the order in *Bowling v. Hasbro*, but were not counsel to Defendants at that time.

[5] For example, Plaintiff does not object to the existence of Defendants' process for challenging the confidentiality designation of a document.

[6] Of course, Defendants' proposed order is bilateral, and the same restrictions would apply to Defendants sharing Plaintiff's confidential information with independent experts.

First, Plaintiff cannot contend that the Federal Rules do not require disclosure of the identity of testifying experts, including background, during the litigation. Secondly, Plaintiff offers no authority that prohibits the disclosure of non-testifying experts to whom confidential material is to be shown. Although the First Circuit has yet to address the question of whether the identities of non-testifying experts may be had in the ordinary course of discovery, many federal district courts have found persuasive the case of *Baki v. B.F. Diamond Constr. Co.*, 71 F.R.D. 179, 182 (D. Md. 1976), which

> conclude[d] that the names and addresses, and other identifying information, of experts, who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as witnesses at trial, may be obtained through properly framed interrogatories without any special showing of exceptional circumstances in the absence of some indication that such information by reason of facts peculiar to the case at issue, is irrelevant, privileged, or for some other reason should not be disclosed.

Defendants' proposed order is consistent with *Baki*. Moreover, Plaintiff has made no special showing or even a marginal case for withholding the disclosure of the identity of its experts whether they are intended to testify or not. *Infra*. There is simply no threat of a chilling effect or danger of disclosure of trial strategy here by way of Defendants' proposed protective order. Indeed, the balance here strongly favors maintaining protection of the parties' confidential information from disclosure to those who have no need to know. *See also Eisai Co. v. Teva Pharm. USA, Inc.*, 247 F.R.D. 440, 442 (D.N.J. 2007) ("Disclosing the name of the expert who provided information contained within the Notice Letter does not risk the future candidness of that expert's opinions nor does it appear to provide any sort of a 'chilling effect' on the future use of experts."). Once confidential information has been disclosed it cannot be recaptured.

To be sure, the Court can fashion any order it sees fit, limiting how the information may be used, who may see it, etc. Fed. R. Civ. Pro. Rule 26(c)(7). Accordingly, the rule authorizes

the court to fashion an order that would limit a party's confidential information to those it deems have a need to know.

It is disclosure of the relationships of the expert to the parties that is important to determining whether irreparable harm may be inflicted upon the disclosing party should confidential material be shared with the expert. It is not germane whether the expert will testify or merely consult. It is the lack of independence and threat of damage that is important.

> It is irrelevant, of course, whether plaintiffs chose to label Luther as a "testifying expert" or as a "consulting expert." What matters is that plaintiffs disclosed defendants' software and related materials to a person who, instead of being independent, was in fact subject to being influenced by plaintiffs because of his long, profitable, and ongoing business relationship with them.

*Beam Sys. v. Checkpoint Sys*., 1997 WL 364081, at *5 (C.D. Cal. Feb. 5, 1997). (consulting expert disqualified for lack of independence in violation of protective order) The *Beam Sys.* court observed that recipients of highly confidential information are obliged to safeguard the information and in the event of an inappropriate disclosure, should inform the producing party of the details of the disclosure. *Id.* at n.3. The independence of experts is not determined merely by whether the expert seeking to view confidential material of the opposing party is or has been an employee of the party that hired him. *Id.*

Here, under Plaintiff's proposed order, Plaintiff seeks to hide all information about its consultants by keeping its undertakings of them from Defendants as well as any information that might connect the consultant to Plaintiff. Plaintiff seeks to have Defendants' confidential information shared with whomever it wishes yet seeks to deny Defendants the opportunity to know just who may view them. Adopting Plaintiff's approach, there would not be any opportunity to determine just who is actually viewing Defendants' confidential information.

Under such an order, Defendants would be completely and unfairly kept in the dark. Without disclosure of any identity and relationships to Plaintiff, Defendants are unable to determine whether their confidential information should be made available for viewing.

### 2. Plaintiff Makes No Showing That Any Trial Strategy Is In Danger of Being Revealed.

Defendants' proposed protective order does not require Plaintiff to disclose a non-testifying expert if the opposing party's confidential information is not needed to be shown to him or her. Plaintiff offers no authority for its position and wholly fails to make a case for its alleged concerns, namely, that disclosing the identity of a consulting expert and his or her relationship to Plaintiff, if he or she is intended to see Defendants' confidential documents, works any hardship on Plaintiff or would provide any "road map" of witness or case preparation as Plaintiff contends.

Plaintiff's counsel also fails to explain why it would need to disclose Defendants' confidential material to a non-testifying expert used merely for consultation purposes. Under Defendants' proposed order, Plaintiff's counsel is free to contact and consult with as many consultants as it wishes without breathing a word of such consultation to Defendants as long as Defendants' confidential material is not disclosed. If entered, Defendants' proposed order would continue to protect the confidential nature of the information from unnecessary disclosure while not hindering Plaintiff's counsel from discussing trial preparation strategies with such consultants. Moreover, there would be no impact on the protections that are already in place under the Rules to prevent discovery of counsel's trial preparation thoughts or strategies. Such a balancing approach has been approved by other U.S. District Courts. A true and correct copy of

the protective order entered, after apparent careful review by Magistrate Judge Arthur Nakazato, in a case on July 13, 2007, in the Central District of California is attached hereto as **Exhibit 1**.

### 3. <u>In This Case, Plaintiff's Experts Do Not Require Any of Defendants' Confidential Information.</u>

It is ironic that Plaintiff has chosen to disclose in the motion itself that "the anticipated experts in this case are survey experts opining on likelihood of confusion." Plaintiff's Mem. [Docket No. 84-2] at n.3. Plaintiff fails, however, to explain how such survey experts, whether retained or not, would require any of Defendants' confidential information in order to offer such an opinion which would be about how purchasers would perceive the marks at issue - the very marks that have already been made available to the public. Indeed, Plaintiff contends that it discovered an LED flashlight set bearing the accused mark in Walgreen's and elsewhere spawning this action. *Id.* at 2.

Plaintiff cites to *Beacon Mut. Ins. Co. v. OneBeacon Ins. Group*, 376 F.3d 8, 14 (1st Cir. 2004) for the proposition that the "crucial issue requiring expert testimony is likelihood of confusion." Plaintiff's Mem. at n.3. But the *Beacon Mutual* case is also instructive for its treatment of whom to survey. "Actual and potential customers of the trademark owner are the most obvious relevant persons" to the determination as to whether evidence of actual confusion threatens the commercial interests of the owner of the mark. *Beacon Mut.*, 376 F.3d at 16 (where the question on summary judgment was whether 249 instances of actual confusion without proof of lost sales could be relevant to a determination that the commercial interests of the trademark holder were threatened).

Plaintiff here has failed to meet its burden to show why its proposed survey experts or any other experts for that matter would need to see Defendants' confidential information.[7] Indeed, given that there is no need to view Defendants' confidential information, an undertaking by such experts does not appear to be needed. As a result, there can be no legitimate concern over revealing trial strategy through disclosure of an undertaking that does not exist.

#### 4. <u>Defendants' Mechanisms Are Not Unwieldy</u>.

Plaintiff also labels as unwieldy Defendants' offered process to object to disclosure of confidential information to the opposing party's experts. However, as Defendants' proposed order provides, if an objection to disclosure of confidential information to a proposed expert is timely made it would still remain the producing party's burden to timely seek an order prohibiting disclosure. *See* Plaintiff's Mem. at Exh.. C [Docket No. 84-5] at ¶9. This mechanism offers Plaintiff protection in the event Defendants' objection is unwarranted and does not overly burden Plaintiff. To the contrary, it provides a mechanism to settle disputes in short order without need for court intervention.

Similarly, Defendants' proposed protective order also provides a mechanism to challenge the confidential designation of the document without court intervention. *Id.* at ¶ 14. Plaintiff's proposed order provides no standards for settling differences.

---

[7] Here, there is not one scintilla of evidence of actual confusion. When asked by Defendant Innovage in requests for admission and interrogatories whether there is any evidence of actual confusion between Emissive's "INOVA" mark and the accused mark "INNOVAGE", Emissive has not cited to any whatsoever. Dubiously, it alleged none either. This should not be a surprise to Emissive since Emissive markets its LED flashlights as high reliability aerospace-grade with military specified finish for police and paramilitary use and at a substantial price premium while Innovage's LED flashlights have been sold at neighborhood drug stores for home use and are packaged entirely differently including clearly depicting the Innovage name, never INOVA, on each panel of Innovage's packaging. Emissive has not produced any documents and has also failed to produce sufficient answers to Innovage's interrogatories seeking to know under just which theories it seeks recovery and just what recovery it is seeking in this case. Such answers are long overdue and will likely soon be the subject of a motion to compel.

As for Plaintiff's clean up objections (the last full paragraph on page 6 of its Memorandum), none is substantial. Under Defendants' proposed protective order, counsel and all signatories would be bound to abide by it subject to contempt for violation and there is no need to recite that counsel will take reasonable efforts to ensure compliance. There is no reason that designation of deposition testimony cannot be handled at depositions as contemplated by Defendants' proposed order whereas under Plaintiff's proposal, designations may only occur several weeks after a deposition has been taken and even after the filing deadlines for motion papers that contemplate using the material. Finally, there is no need to have an express mechanism to address inadvertent disclosure of privileged material because such matters have been addressed by Fed. R. Civ. P. Rule 26(b)(5)(B) since 2006.

For all the above reasons, absent the stipulation language in the first full paragraph of page 2 thereof, Defendants' proposed order should be adopted and entered.

Respectfully submitted,

Defendants Innovage LLC, Walgreen Co.,
Overstock.com, Inc., and Philip Franken
By their Attorneys,

/s/ Jeffrey K. Techentin
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel.: (401) 274-7200
Fax: (401) 751-0604
Dated: August 29, 2008

/s/ Craig McLaughlin
Craig McLaughlin, Esq.
cml@eclipsegrp.com
THE ECLIPSE GROUP LLP
O'CONNOR CHRISTENSEN & MCLAUGHLIN
TRIAL DIVISION
1920 Main Street, Suite 150
Irvine, CA 92614
Tel: (949) 851-5000
Fax: (949) 851-5051
Dated: August 29, 2008

**CERTIFICATION**

TO:

Craig M. Scott
cscott@duffysweeney.com
Byron L. McMasters
bmcmasters@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place
Suite 1200
Providence, RI 02903

Craig McLaughlin
cmclaughlin@eclipsegrp.com
Becky V. Christensen
Edward F. O'Connor
The Eclipse Group, LLC
O'Connor Christensen & McLaughlin
1920 Main Street
Suite 150
Irvine, CA 92614

I hereby certify that I filed the within Defendants' Objection to Plaintiff's Motion for Entry of Protective Order and the Memorandum of Law in support thereof through the ECF system on the 29th day of August, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 06-401-S.

/s/ Jeffrey K. Techentin_________

*466289_2*