Edward F. O'Connor, State Bar No. 123398
Becky V. Christensen, State Bar No. 147013
Craig McLaughlin, State Bar No. 182876
O'CONNOR CHRISTENSEN & McLAUGHLIN
Trial Division of The Eclipse Group LLP
1920 Main Street, Suite 150
Irvine, California 92614
Telephone: (949) 851-5000
Fax: (949) 851-5051
efo@eclipsegrp.com
bvc@eclipsegrp.com
cml@eclipsegrp.com
Attorneys for Plaintiff/Counterclaim Defendant
Ahmad Alkayali dba Five Continent Enterprise

ORIGINAL
SEND

FILED
CLERK, U.S. DISTRICT COURT
JUL 16 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

LODGED
2007 JUL 12 PM
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY:

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD ALKAYALI, an individual, dba FIVE CONTINENT ENTERPRISE,<br><br>Plaintiff,<br><br>vs.<br><br>GENI, INC. - Good Earth Nutritional Ingredients, Inc. dba Geni Herbs, an Indiana corporation; AJAY PATEL, an individual; VERDURE SCIENCES, INC. dba Geni Herbs, a Delaware corporation; SOFT GEL TECHNOLOGIES, INC. a California corporation,<br><br>Defendants.<br><br>And Related Counterclaims | Case No.: SA CV 06-1002 DOC (ANx)<br><br>Honorable Arthur Nakazato<br><br>~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER as modified by the Court (see page 8)<br><br>Courtroom 6B<br><br>Discovery Cutoff: June 13, 2008<br>Pretrial Conf.: Sept. 15, 2008<br>Trial Date: Oct. 14, 2008 |

DOCKETED ON CM
JUL 16 2007
BY 157

43

FACTS SUPPORTING GOOD CAUSE FOR ORDER

All but one of the five parties in this action, in the course of conducting discovery, have requested an opposing party to produce documents that contain sensitive business information or other information that is relevant to a party's claim or defense and which qualify for protection under Rule 26(c). Specifically, Plaintiff/Counterclaim Defendant Ahmad Alkayali dba Five Continent Enterprise (hereinafter "Plaintiff") has propounded discovery requests under Rule 34 which, Defendants/Counterclaim Plaintiffs Geni, Inc., Verdure Sciences, Inc, and Ajay Patel (the "Geni Defendants") and Defendant/Counterclaim Plaintiff Soft Gel Technologies, Inc. ("Soft Gel") (collectively "All Defendants") assert, calls for All Defendants to produce documents and things that have not been made public, such as financial information, and which, if publicly disclosed, may cause harm to their competitive positions. Likewise, the Geni Defendants have propounded discovery requests under Rule 34 which call for Plaintiff to produce documents and things that have not been made public such as trade secret and financial information and, which, Plaintiff asserts, if publicly disclosed, may cause harm to the competitive position of Plaintiff. It is anticipated that Soft Gel will also be propounding discovery that will seek competitively sensitive information. Therefore, all the parties hereto believe that good cause exists for issuance of the stipulated proposed protective order under Rule 26.

Accordingly, subject to the approval of this Court, Plaintiff and All Defendants hereby stipulate to the following Protective Order in this action:

The Court, having determined that it is appropriate to enter a Protective Order to protect confidential information during discovery and trial, hereby ORDERS as follows:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or information derived there from, as "Confidential" under the terms of this Stipulated Protective Order

(hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, limited liability company, or other organization, the disclosure of which information (a) may cause harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained, or (b) would violate an obligation of confidentiality to a third party, including a court.

2. Documents which qualify as Confidential shall contain confidential information as defined in paragraph 1 above and shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" on each page of the document, preferably in the lower right-hand corner of the page, or as close thereto as feasible. Only those pages of the document which qualify under said definition shall be so stamped.

3. Material designated as "Confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "Confidential" shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. Without limiting the foregoing, material designated as "CONFIDENTIAL" under this Order shall not be used by any receiving party in connection with amending any pending patent application, filing any continuation, continuation in part or divisional patent application, or any new patent application. The persons subject to this Order receiving such "Confidential" information are ENJOINED from disclosing it to any other person except in conformance with this Order.

4. Confidential information produced pursuant to this Order may be disclosed or made available only to the Court, to outside litigation counsel currently of record for a party (including the paralegal, clerical, secretarial, and other staff

employed by such counsel and specifically involved in the litigation of this action), and to the "qualified persons" designated below:

(a) a party, or an officer, director, in-house counsel, or employee of a party, deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this action;

(b) independent experts or consultants (together with their clerical staff) retained by such outside counsel to assist in the prosecution, defense, or settlement of this action, provided that the conditions set forth in Paragraph 9 below have been satisfied and further provided that such experts are not retained or otherwise engaged for the purposes of patent prosecution;

(c) court reporters employed by any party in this action;

(d) judges, law clerks, court reporters, and other clerical personnel of the Court before which this action is pending; and

(e) any other person as agreed by the parties in writing.

Prior to receiving any Confidential information, each "qualified person" defined in subparagraphs (a), (b), and (e) above shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form of Attachment A, a signed copy of which shall be provided forthwith to counsel for each party.

5. Depositions that involve Confidential information as defined above shall be taken only in the presence of qualified persons, as defined in Paragraph 4 above, except as further limited by Paragraph 6 below.

6. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" in the manner described in Paragraphs 2-3 and Paragraph 7, and the provisions of those paragraphs apply equally to Confidential information and Confidential - Attorneys' Eyes Only information. Confidential - Attorneys' Eyes Only information, shall be disclosed only to the Court, to outside litigation counsel currently of record for the parties, and to the "qualified persons"

listed in subparagraphs 4(b), 4(c), and 4(d), above, but shall not be disclosed to any other person unless otherwise agreed in writing or ordered by the Court. If disclosure of Confidential – Attorneys' Eyes Only information is made pursuant to this Paragraph, all other provisions in this Order with respect to its confidentiality shall also apply. Documents and things containing information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be limited to highly sensitive confidential business information that the designating party believes should not be revealed to the principals and employees of the non-designating party due to the competitive relationship between the parties. Designation of information "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be limited to sensitive business information relating to inventory, sales, non-public financial records, customer information, costs and suppliers, confidential product designs, trade secrets, research and development, unpublished patent applications, competitive analyses, business plans, market studies and forecasts, meeting minutes, licensing agreements, internal memoranda and customer correspondence. The categories listed above shall not preclude the parties from agreeing that information not specifically listed above should be maintained "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

7. If a producing party elects to produce documents and things for inspection at its premises rather than producing documents through its counsel, unless agreed to in writing by the parties or by virtue of a court order, such inspection shall not be limited by the producing party, but that party need not label the documents and things in advance of that inspection. For purposes of the inspection, all documents within the produced files will be considered as having been produced under the "CONFIDENTIAL — ATTORNEYS' EYES ONLY" strictures. During the inspection at the producing party's premises, the inspecting party may select specific documents or things or groups of documents or things for production by the producing party. The producing party shall have fifteen (15) calendar days from the

date of the scheduled date of production to mark selected documents or things as "Confidential" or "Confidential – Attorneys' Eyes Only", as appropriate, to the inspecting party. All documents selected for production by the inspecting party must be produced by the producing party within the fifteen-day period, or must be otherwise identified on an accompanying privilege log.

8. Testimony taken at a deposition, conference, hearing, or trial may be designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind the pages of the deposition transcript containing information designated "Confidential" or "Confidential – Attorneys' Eyes Only," and to label the separately bound pages appropriately.

9. "Confidential – Attorneys' Eyes Only" information may be disclosed to an independent expert or consultant pursuant to subparagraph 4(b) above, only under the following conditions:

(a) Prior to disclosing any "Confidential" information or "Confidential - Attorneys' Eyes Only" information to any expert or consultant, the party proposing the disclosure shall provide opposing counsel with an executed Nondisclosure Agreement in the form of Attachment A, together with the expert's or consultant's resume or curriculum vitae, including the name, address, and current employment (if any) of such expert or consultant, and a written statement as to whether the independent expert or consultant has presently or has had in the past a consulting relationship, or any other kind of contractual or employment relationship, with either (i) the party receiving the "Confidential" information or the Confidential-Attorneys' Eyes Only" information, or (ii) any company that manufactures and/or sells pomegranate extract product or has been involved in any commercial or proprietary process to extract material from pomegranates. Such notice shall be provided at least ten (10) calendar days prior to the first proposed disclosure to

each independent expert or consultant, unless otherwise agreed by the parties in writing.

(b) Opposing counsel agree that they will not depose or interview such expert or consultant until and unless the expert is designated as a testifying expert by the party proposing the disclosure.

(c) In the event that the producing party objects in writing to the proposed disclosure during the above-stated ten-day period, and the parties are unable to agree on the disclosure that may be made, the objecting party shall have fifteen (15) days to move the Court for an order preventing disclosure of the Confidential information or Confidential – Attorneys' Eyes Only information. No Confidential information or Confidential – Attorneys' Eyes Only information shall be disclosed to an independent expert or consultant until any objections to the disclosure of the information have been resolved by the parties or the Court.

10. Nothing herein shall impose any restrictions on the use or disclosure by a party of information legally and properly obtained by such party independent of discovery in this action, whether or not such information is also obtained through discovery in this action, or from disclosing its own Confidential or Confidential – Attorneys' Eyes Only information as it deems appropriate. Further, nothing herein shall preclude a party from having Confidential or Confidential - Attorneys' Eyes Only information copied, reproduced, or adapted by an outside professional copying, reproduction, or demonstrative exhibit preparation service, provided that the party using such a service takes all steps reasonably available to protect the confidentiality of such information.

11. If Confidential or Confidential - Attorneys' Eyes Only information, including any portion of a deposition transcript designated as Confidential or Confidential - Attorneys' Eyes Only information, is included in any papers to be filed with the Court, such papers shall be labeled "CONFIDENTIAL — FILED UNDER

SEAL PURSUANT TO COURT ORDER" and filed under seal (in a manner in accordance with the Court's Local Rules) until further order of the Court.

12. In the event that any Confidential or Confidential – Attorneys' Eyes Only information is used in any open court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all steps reasonably available to protect its confidentiality during such use. Information designated as Confidential or Confidential - Attorneys' Eyes Only shall be maintained at that designation during trial and appeal, unless the parties shall first otherwise agree in writing or the Court rules otherwise. The failure of a party to designate its information as Confidential or Confidential - Attorneys' Eyes Only shall operate as a waiver.

13. Designation of documents or other specified information as Confidential or Confidential – Attorneys' Eyes Only by a party, or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such. A party shall not be obligated to challenge the propriety of a designation of information as protected at the time made. Subject to Paragraph 14 below, this Order shall be without prejudice to the right of the parties (a) to bring before the Court ~~at any time~~ (AN) the question of whether any particular document or information is or is not confidential or whether its use should or should not be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

14. If any party to the action disagrees at any stage of the proceedings with a confidentiality designation, the parties shall first attempt to resolve any such dispute in good faith on an informal basis:

(a) The party challenging the designation shall provide to the producing party written notice of the disagreement, specifically identifying the Confidential or

Confidential – Attorneys' Eyes Only information in dispute and articulating the challenging party's basis for its challenge of the confidentiality designation.

(b) The producing party shall respond in writing to the challenging party's notice within ten (10) calendar days, articulating the basis for the producing party's designation with sufficient particularity to enable the challenging party to move the Court for an order to otherwise designate the information.

(c) If the dispute cannot be resolved between the parties without intervention by the Court, the party challenging the confidentiality designation may move the Court requesting appropriate relief.

15. No information shall be disclosed to a person not authorized to receive it until the parties shall have first so agreed in writing, or the Court has so ruled. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. The parties may seek leave to have the Court amend or modify this Order by stipulation or by regularly noticed motion.

16. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission by either party, or of altering the confidentiality or non-confidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof.

17. Non-party witnesses may invoke all of the provisions of this Order that are available to the parties. This provision does not abridge a non-party's right to seek to quash any subpoena served on it, or to seek to protect information sought by a party, either on the non-party's own motion or on a motion brought on its behalf by an objecting party. The party seeking information from a non-party witness who may possess Confidential or Confidential - Attorneys' Eyes Only information of the other party in the litigation shall provide a copy of this Order to that non-party

witness prior to any production from that witness. The party seeking production shall inform that third party witness of its rights under this Order and its ability to designate any material it produces as Confidential or Confidential – Attorneys' Eyes Only.

18. This order shall be without prejudice to the right of the parties to request additional protection under Fed. R. Civ. P. 26(c) for discovery requests made hereafter by any party.

19. This Order may survive the final termination of this action and extend through any appeal, to the extent that the information contained in Confidential or Confidential - Attorneys' Eyes Only information is not or does not become known to the public, and the Court may retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within sixty (60) days after termination of this case, counsel for the parties (including the paralegal, clerical, secretarial, and other staff employed by such counsel) shall assemble and return to each other all documents, material, and deposition transcripts designated as Confidential or Confidential – Attorneys' Eyes Only, and all copies of same, or, upon permission of the other party, shall certify the destruction thereof. However, outside counsel for each party may retain for archival purposes only one (1) set of all Court filings, discovery requests, discovery responses, deposition transcripts and exhibits thereto, trial exhibits, a copy of the record on appeal, and attorney correspondence, which may contain the other party's Confidential and Confidential – Attorneys' Eyes Only information.

20. The undersigned have actual authority to respectively act for, and contractually bind, each of the parties to the terms of this Order.

SO STIPULATED:

Dated: July ___, 2007

_______________________________
Craig McLaughlin, State Bar No. 182876
O'Connor Christensen & McLaughlin
Trial Division of The Eclipse Group LLP
1920 Main Street, Suite 150
Irvine, California 92614
Telephone: (949) 851-5000
Attorneys for Plaintiff/Counterclaim Defendant
Ahmad Alkayali dba Five Continent Enterprise

Dated: July 9, 2007

LACKENBACH SIEGAL LLP

By: ______________________________
Robert Golden, Esq.
Cathy E. Shore-Sirotin, Esq.
Attorneys for Defendants/Counterclaim Plaintiffs
Geni, Inc. Ajay Patel, Verdure Sciences, Inc., and
Soft Gel Technologies, Inc.

**ORDER**

For good cause shown, IT IS HEREBY ORDERED THAT the Stipulated Protective Order, set forth herein, be entered on the date set forth below.

Dated:________________________ By:______________________________
UNITED STATES MAGISTRATE JUDGE

Dated: July 12, 2007

Craig McLaughlin, State Bar No. 182876
O'Connor Christensen & McLaughlin
Trial Division of The Eclipse Group LLP
1920 Main Street, Suite 150
Irvine, California 92614
Telephone: (949) 851-5000
Attorneys for Plaintiff/Counterclaim Defendant
Ahmad Alkayali dba Five Continent Enterprise

Dated: July ___, 2007

LACKENBACH SIEGAL LLP

By:________________________________

Robert Golden, Esq.
Cathy E. Shore-Sirotin, Esq.
Attorneys for Defendants/Counterclaim Plaintiffs
Geni, Inc. Ajay Patel, Verdure Sciences, Inc., and
Soft Gel Technologies, Inc.

**ORDER**

For good cause shown, IT IS HEREBY ORDERED THAT the Stipulated Protective Order, set forth herein, be entered on the date set forth below.

Dated: July 13, 2007 By:________________________________
UNITED STATES MAGISTRATE JUDGE

**Attachment A**

**NONDISCLOSURE AGREEMENT**

I, ______________________________________, do solemnly swear and agree that I am fully familiar with the terms of the Protective Order entered in the case of *Ahmad Alkayali dba Five Continent Enterprise vs. Geni, Inc., Verdure Sciences, Inc, Ajay Patel, and Soft Gel Technologies, Inc.*, United States District Court for the Central District of California, Case No.: SACV 06-1002 DOC (ANx), a copy of which has been provided to me, and hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further Order of this Court. Further, to the extent I receive Confidential or Confidential – Attorneys' Eyes Only information in connection with this litigation, I agree that I will hold that information in confidence in accordance with the terms of the Order. I understand that I am to retain all copies of the information that I receive that have been designated as Confidential or Confidential – Attorneys' Eyes Only in a container, cabinet, drawer, room, or other safe place in a matter consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all documents and things marked Confidential or Confidential - Attorneys' Eyes Only that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Signed: ______________________

Dated: ______________________

## PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of Orange, State of California. I am employed in the office of O'CONNOR CHRISTENSEN & MCLAUGHLIN, TRIAL DIVISION OF THE ECLIPSE GROUP LLP, members of the Bar of the above entitled Court, and I made the service referred to below at their direction. My business address is 1920 Main Street, Suite 150, Irvine, California 92614.

On July 12, 2007, I served true copies of the following document:

as follows:

[PROPOSED] STIPULATED PROTECTIVE ORDER

**VIA FACSIMILE**. I sent such document from facsimile machine (949) 851-5051. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (949) 851-5051 which confirms said transmission and receipt.

X **VIA U.S. MAIL**. I placed a true copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California, addressed as set forth below. I am readily familiar with the firm's practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

**VIA FEDERAL EXPRESS** I caused such envelope to be delivered by overnight courier to the offices of the addressee(s).

☐ **VIA PERSONAL SERVICE**. I personally delivered a true copy of the document(s) listed above to an attorney service for same day delivery to the person(s) at the address(es) set forth below.

Jeffrey S. Kravitz, Esq.
Jeffrey W. Mayes, Esq.
Silver & Freedman
2029 Century Park East, 9thFloor
Los Angeles, CA 90067-3055
Tel: 310.282.9400
Fax: 310.282.2500

Robert Golden, Esq.
Lackenbach Siegel LLP
One Chase Road
Scarsdale, NY 10583
Tel: 914.723.4300
Fax: 914.723.4301

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on July 12, 2007, at Orange County, California.

Rebecca Meegan

Rebecca Meegan