UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVAGE, INC., WALGREEN CO., OVERSTOCK.COM, INC., HARRISON BROS., INC. d/b/a/ GOOD BUY GUYS, DENRIG, INC., MARY SEDIVY d/b/a ASPEN COUNTRY STORE, MERCHANDISE FOR YOU, NORTHERN MOUNTAIN SUPPLY, PHILIP FRANKEN d/b/a AUCTIONATIC STORE, and MERCHSAFARI, LLC,<br><br>Defendants. | : | C.A. NO. 06-401S |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendants object to the form of protective that has been used successfully in this and other District Courts for years. Unfortunately, the entry of a form of protective order that is routinely filed by stipulation in most cases remains unresolved, and the exchange of documents and information and the taking of depositions have been delayed for months. There is no legal justification to depart from the disclosure mandates of Fed. R. Civ. P. 26 and well-settled practice, and the facts of this case do not compel any special considerations. [1]

[1] Since the May 8, 2008 Rule 16 conference, defendants retained new lead counsel based in California. Thereafter, this dispute erupted, and two Rhode Island firms withdrew as local counsel for defendants during the pendency of this dispute.

In fact, in other cases pending before this Court, defendants' Rhode Island counsel stipulated to the exact structure, if not language, that it challenges here.[2] In an effort, therefore, to justify a departure from the well-settled practice of this Court, and the timing of expert disclosures mandated by Fed. R. Civ. P. 26, defendants make the several arguments, each of which is unavailing.

Defendants contend that the proposed Protective Order contains a "further defect" because "it does not even mention that documents responsive to discovery requests are among those that have been requested by the parties." (Defs. Memo., p.1, note 3.) This is wrong. The proposed Protective Order, at paragraph two, provides: "Any party or non-party may designate as 'Confidential' any document produced or disclosed in the action (whether pursuant to a formal discovery request or otherwise)…." (*See* Exh. A to Plaintiff's Memorandum of Law in Support of Motion for Entry of Protective Order ("Plaintiff's Memo.") at ¶ 2; *see also* ¶¶ 1 and 3.)

Defendants next contend that plaintiff has not made "even a marginal case for withholding the disclosure of the identity of its experts whether they are intended to testify or not." (Defs. Memo., p. 3.) This, too, is wrong. Fed. R. Civ. P. 26 dictates the timing of expert disclosures, and provides that the time to disclose the "identity" of any expert witness is "in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(A) and (C). Here, the parties agreed that that Rule 26(a)(2) disclosures shall be made by December 10, 2008, and at the Rule 16 conference, the Court adopted the parties' agreement and incorporated it in the Pretrial Order. [Docket No. 58, at ¶ 2.]

---

[2] In addition to the protective order entered in the *Bowling v. Hasbro* case, C. A. No. 05-229-S, defense counsel on June 13, 2008 submitted for entry by this Court a protective order in *Saccucci Lincoln-Murcury v. American Honda Motor Co.*, C.A. No. 08-121-S [Docket No. 25], that permits the disclosure of confidential information to experts and consultants without providing their identity to opposing counsel.

With respect to the disclosure of the identities of non-testifying consultants, Defendants rely on *Baki v. B.F. Diamond Constr. Co.,* 71 F.R.D. 179 (D. Md. 1976), which did not involve the pre-disclosure of experts in the context of a protective order, for the proposition that "many federal courts have found persuasive" the holding that "the identities of non-testifying experts may be had in the ordinary course of discovery…" (Defs. Mem., p. 3.) In fact, several federal courts reject the holding in *Baki,* and applying Rule 26(b)(4)(b), have held that the identity of non-testifying experts could only be compelled upon a showing of exceptional circumstances. *State Auto Ins. Cos. v. Briley*, 140 F.R.D. 394, 397 (E.D. Mo., 1992), *citing Kuster v. Harner*, 109 F.R.D. 372 (D. Minn. 1986) ("blatantly refused to follow the rationale expressed in *Baki"*); and *Agar v. Stormont Hosp. and Training Sch. for Nurses*, 622 F.2d 496 (10th Cir. 1980). Defendants do not suggest that any "exceptional circumstance" exists here.

Finally, and notwithstanding that even its preferred version of a protective order authorizes disclosure of confidential and highly confidential information and documents to outside experts and consultants, defendants contend that there is no need to show experts or consultants any confidential information. This is wrong. In a trademark case, there are generally two types of experts -- survey experts and damages experts. In fashioning and conducting a consumer survey, an expert defines the appropriate class to be surveyed based on a number of factors developed from documents that defendants routinely designate as confidential, such as customer lists, channels of trade, and product marketing and distribution information. Damages experts, in turn, rely on confidential financial information associated with the marketing and selling of the accused products to arrive at a damages opinion.

Accordingly, defendants have not demonstrated any exceptional circumstance to depart from the disclosure requirements of Fed. R. Civ. P. 26 to compel the identity of non-testifying

consultants and the Pretrial Order that dictates the timing of expert disclosures. Moreover, the practice of this District, and even defense counsel in other pending, active cases, endorse the form of protective order advanced here by plaintiff. The form of Protective Order attached as Exh. A to plaintiff's motion should be granted.

Respectfully submitted,

EMISSIVE ENERGY CORPORATION
By its attorneys,

/s/ Craig M. Scott

Craig M. Scott (# 4237)
cscott@duffysweeney.com
Byron L. McMasters (#7554)
bmcmasters@duffysweeney.com
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: September 3, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the within *Reply Memorandum of Law in Support of Plaintiff's Motion for Entry of Protective Order* was filed through the ECF system on the 3rd day of September, 2008, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

Craig McLaughlin, Esq.
Becky V. Christensen, Esq.
Edward F. O'Connor, Esq.
O'Connor Christensen & McLaughlin
Trial Division of the Eclipse Group, LLP
1920 Main Street, Suite 150
Irvine, CA 92614

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

/s/ Craig M. Scott

Emissive Energy\Innovage - RI\Pleadings (06-401)\Reply Memo re M Entry of PO 09-03-08