UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMISSIVE ENERGY CORP. | : | |
| | : | |
| v. | : | C.A. No. 06-401S |
| | : | |
| INNOVAGE, INC., et. al. | : | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Entry of Protective Order. (Document No. 84). Defendants object. (Document No. 93). A hearing was held on September 19, 2008.

Both parties agree that a protective order to allow the exchange of documents containing sensitive or confidential business information is warranted. These orders are routinely entered by the Court at the request of the parties and the details are almost always set by stipulation. Unfortunately, the parties could not agree in this case.

Plaintiff proposes a form of Order that its counsel states is standard and has been utilized without incident in other cases in this District. See Document No. 20 in C.A. No. 05-229S and Document No. 25 in C.A. No. 08-121S. Defendants propose a more restrictive form of Order that requires advance notice and certain disclosures prior to disclosure of either "Confidential" or "Confidential-Attorneys' Eyes Only" documents to an expert or consultant. See Ex. C to Document No. 84 at ¶ 9. Such a form of Order has also been utilized in this District but the notice and disclosure obligations generally run only to "Confidential-Attorneys' Eyes Only" documents and not also to "Confidential" documents. See Document No. 49 in C.A. No. 06-334ML and Document No. 31 in C.A. No. 06-159ML. As noted above, Defendants' proposed Protective Order does not distinguish between the two levels of confidentiality with respect to the notice and disclosure requirements.

Although both proposals appear reasonable on their face, the Court is forced to choose and finds that Plaintiff's proposed order sufficiently protects the interests of both parties in the discovery process. Defendants' proposed order seems overly restrictive, and they offer no explanation as to why it is necessary to extend the notice and disclosure obligations to both "Confidential" documents and the more sensitive category designated as "Attorneys' Eyes Only." The Court is also swayed by the fact that Plaintiff's proposed Order was utilized effectively in a hotly contested patent litigation (C.A. No. 05-229S) which was filed in 2005 and went to trial earlier this year.

SO ORDERED

ENTER:                                                                                    BY ORDER:


  /s/ Lincoln D. Almond                                                       /s/ Jeannine Noel
LINCOLN D. ALMOND                                                    Deputy Clerk
United States Magistrate Judge
September 19, 2008